James E. Berger (JB 6605)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
First Floor
New York, NY 10022
Tel: (212) 318-6000
Fax: (212) 319-4090
E-mail: jamesberger@paulhastings.com

Christopher F. Dugan (*Pro hac vice to be submitted)
Joseph R. Profaizer (*Pro hac vice to be submitted)
Adam J. van Alstyne (*Pro hac vice to be submitted)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street N.W.
Washington, DC 20005
Tel: (202) 551-1700
Fax: (202) 551-1705

*Attorneys for Defendant*
*Fondo Financiero para el Desarrollo de la*
*Cuenca del Plata ("FONPLATA")*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OSCAR DAVID CORTEZ UZEDA,<br><br>        Plaintiff,<br><br> - against -<br><br>FONDO FINANCIERO PARA EL DESARROLLO DE LA CUENCA DEL PLATA A/K/A FONPLATA,<br><br>        Defendant. | Case Number:<br><br><br>**NOTICE OF FILING IN COMPLIANCE WITH LOCAL CIVIL RULE 81.1(b)** |

Pursuant to the Local Rules for the United States District Courts for the Southern and

Eastern Districts Civil Rule 81.1(b), Defendant Fondo Financiero para el Desarrollo de la

Cuenca del Plata ("Fonplata"), in connection with its Notice of Removal in the above captioned

matter to the United States District Court for the Southern District of New York, attaches hereto

a copy of all records and proceedings of the above captioned matter which was assigned Index

No. 07/110974 in the Supreme Court for the State of New York, New York County.

Dated: New York, New York          PAUL, HASTINGS, JANOFSKY & WALKER LLP
September 11, 2007

By: _James E. Berger_

James E. Berger (JB 6605)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
First Floor
New York, NY 10022
Tel: (212) 318-6000
Fax: (212) 319-4090
E-mail: jamesberger@paulhastings.com

Christopher F. Dugan (*Pro hac vice to be submitted)
Joseph R. Profaizer (*Pro hac vice to be submitted)
Adam J. van Alstyne (*Pro hac vice to be submitted)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street N.W.
Washington, DC 20005
Tel: (202) 551-1700
Fax: (202) 551-1705
E-mail: christopherdugan@paulhastings.com
E-mail: joeprofaizer@paulhastings.com
E-mail: adamvanalstyne@paulhastings.com

*Attorneys for Defendant*
*Fondo Financiero para el Desarrollo de la Cuenca del*
*Plata ("FONPLATA")*

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has caused to be served via UPS overnight a true and correct copy of the foregoing Notice of Filing in Compliance with Local Civil Rule 81.1(b) this 11th day of September, 2007, on the following:

V. David Rivkin, Esq.
Eric Lindquist, Esq.
JooYun Kim, Esq.
FOX HORAN & CAMERINI LLP
825 Third Avenue, 12th Floor
New York, NY 10022
(212) 480-4800

LAWRENCE R. MEHRINGER

At the Ex-Parte Motion Office at the
Supreme Court of the State of New
York, held in and for the County of
New York, at the County Court
House, on the 20 day of
August 2007

Present:

SHERRY KLEIN HEITLER
Judge

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x
OSCAR DAVID CORTEZ UZEDA,

                            Plaintiff,

                 -against-

FONDO FINANCIERO PARA EL DESARROLLO
DE LA CUENCA DEL PLATA
A/K/A FONPLATA,

                          Defendant.
-----------------------------------------------------------x

Index No. 07/119074 (7)

ORDER OF
ATTACHMENT

FILED

AUG 24 2007

COUNTY CLERK'S OFFICE
NEW YORK

WHEREAS an application has been made to the undersigned by plaintiff Oscar David

Cortez Uzeda for an Order of Attachment against the property of defendant Fondo Financiero

Para el Desarrollo de la Cuenca del Plata a/k/a/ FONPLATA in an action in the Supreme Court,

NOW upon reading and filing the affidavit of the affirmation of V. David Rivkin, Esq.,

dated August 14, 2007, the affidavit of Oscar David Cortez Uzeda, sworn to July 17, 2007 and

exhibits thereto, and the accompanying memorandum of law, and it satisfactorily appearing to

the Court that one or more of the grounds for attachment set down in CPLR 6201 exists in favor

of plaintiff and against defendant to recover a sum of money in the amount of $360,288.00 $315,691.44 based

on a foreign judgment in Bolivia, it is therefore,

On motion of Fox Horan & Camerini LLP, attorneys for plaintiff,

ORDERED that an Order of Attachment be granted, and it is further

ORDERED that plaintiff's undertaking be and the same hereby is fixed in the sum of $36,028.00 of which amount the sum of $18,014.00 thereof is conditioned that plaintiff will pay to defendant all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment if defendant recovers judgment or it is finally determined that plaintiff was not entitled to an attachment of defendant's property, and the balance thereof is conditioned that plaintiff will pay to the Sheriff all of his or her allowable fees, and it further

ORDERED that the amount to be secured by this order of attachment, including any interest, costs, and sheriff's fees and expenses shall be $360,288.00, and it is further

ORDERED that the Sheriff of the City of New York or of any county in the State of New York, attach property of defendant, within his or her jurisdiction, at any time before final judgment by levy upon such properties, including, but not limited to, defendant's bank accounts at: (a) Banco do Brasil, 600 Fifth Avenue 3rd Floor – Rockefeller Center, New York, New York 10020; (b) Lloyd's America Inc., The Museum Office Building, 25 West 53rd Street 14th Floor, New York, New York 10019; (c) Dresdner Bank AG, 1301 Avenue of the Americas, New York, New York 10019; (d) UBS AG, 1285 Avenue of the Americas, New York, New York 10019; (e) Citigroup d/b/a Citibank, N.A., 399 Park Avenue, New York, New York 10043; and (f) Banco Santander Central Hispano S.A., 45 E. 53rd Street, New York, NY 10022, as will satisfy the aforesaid sum of $315,691.44. *$360,288.00* The Sheriff shall refrain from taking any property levied upon into his or her actually custody pending further order of this court, and it is further

ORDERED that the garnishees' statements required by CPLR 6219 be served, upon the Sheriff within 5 days after levy and that a copy of the garnishees' statements be served upon plaintiff, and it is further

ORDERED that the plaintiff shall move within ten days after levy on such notice as the Court shall direct to the defendant, garnishees, if any, and the Sheriff for an order confirming the order of attachment.

Enter Within Ten Days:

_____
J.S.C.

SHERRY KLEIN HEITLER

FILED

AUG 2 4 2007

COUNTY CLERK'S OFFICE
NEW YORK

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
OSCAR DAVID CORTEZ UZEDA,                            :
                                                    :
                                                    :
                          Plaintiff,                :        Index No._____
                                                    :
          -against-                                 :
                                                    :        **AFFIRMATION OF**
                                                    :        **V. DAVID RIVKIN**
                                                    :
FONDO FINANCIERO PARA EL DESARROLLO                 :
DE LA CUENCA DEL PLATA                              :
A/K/A FONPLATA,                                     :
                                                    :
                          Defendant.                :
-------------------------------------------------------------------x

07110974

V. DAVID RIVKIN, an attorney duly admitted to practice law in the courts of the State

of New York, affirms the following under penalty of perjury:

1.      I am a member of the law firm Fox Horan & Camerini LLP, with offices located

at 825 Third Avenue, New York, New York 10022, counsel to plaintiff Dr. Oscar David Cortez

Uzeda ("Dr. Cortez"). I am fully familiar with all of the facts and circumstances in connection

with this affirmation. I submit this affirmation in support of plaintiff's *ex parte* motion for an

order of attachment of the property of defendant Fondo Financiero Para el Desarrollo de la

Cuenca del Plata a/k/a/ FONPLATA ( "FONPLATA");

2.      I respectfully refer the Court to the affidavit of Dr. Cortez, sworn to on the 17th

day of July 2007 and submitted herewith in support of the within application for a statement of

the nature of the action and the grounds for the attachment.

3.      The property sought to be attached herein are bank accounts maintained by

FONPLATA at:

FILED
AUG 10 2007
NEW YORK
COUNTY CLERKS OFFICE

a.  Banco do Brasil
    600 Fifth Avenue 3rd Floor – Rockefeller Center
    New York, New York 10020

b.  Lloyd's America Inc.
    The Museum Office Building
    25 West 53rd Street 14th Floor
    New York, New York 10019

c.  Dresdner Bank AG
    1301 Avenue of the Americas
    New York, New York 10019

d.  UBS AG
    1285 Avenue of the Americas
    New York, New York 10019

e.  Citigroup d/b/a Citibank, N.A.
    399 Park Avenue
    New York, New York 10043

f.  Banco Santander Central Hispano S.A.
    45 E. 53rd Street
    New York, NY 10022

4.  On or about August 9, 2007, I spoke by phone with a representative of the

Secretary of State and learned that the defendant is neither a New York corporation nor qualified

to do business here.

5.  Authority for granting an order of attachment upon the aforementioned property is

demonstrated in the accompanying memorandum of law.

WHEREFORE, it is respectfully requested that this motion for an order of attachment be

granted, together with such other relief as the court deems proper.

Dated: New York, New York
       August 9, 2007

_____
V. DAVID RIVKIN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
OSCAR DAVID CORTEZ UZEDA,                        :
                                                 :
                                                 :
                          Plaintiff,             :        Index No._____
                                                 :
           -against-                             :
                                                 :
                                                 :
FONDO FINANCIERO PARA EL DESARROLLO :
DE LA CUENCA DEL PLATA                           :
A/K/A FONPLATA,                                  :
                                                 :
                          Defendant.             :
------------------------------------------------------------x

*07110974*

## AFFIDAVIT OF OSCAR DAVID CORTEZ UZEDA

OSCAR DAVID CORTEZ UZEDA, being duly sworn, deposes and says under penalty of

perjury of the laws of the United States of America and the State of New York:

      1.    I am the plaintiff in the above entitled action and reside at Jorori Street No. 2075

Santa Cruz - Bolivia.  I submit this affidavit in support of my motion for an order of attachment

of defendant's property, pursuant to CPLR 6201 and CPLR 6211(a).

      2.    An action has not yet been commenced to recover damages on account of the

claims set forth herein to date, but I intend to file a motion for summary judgment in lieu of a

complaint against defendant Fondo Financiero Para el Desarrollo de la Cuenca del Plata a/k/a

FONPLATA ("FONPLATA") in which I will seek to enforce a money judgment rendered by a

Bolivian court against defendant, and in my favor, in the amount of $315,691.44 with interest

from May 24, 2006, and the costs and disbursements of the action.  This amount exceeds all

counterclaims of which I have any knowledge.

3.      A copy of the affidavits and exhibits in support of my planned motion to enforce the Bolivian judgment is attached hereto as <u>Exhibit 1</u>.

4.      Defendant FONPLATA is a development fund created by the governments of Argentina, Bolivia, Brazil, Paraguay and Uruguay for the purpose of promoting development of the Plata Basin.  Defendant FONPLATA grants loans, bonds, and guarantees to private entities at the request of the member countries in order to finance development projects in the Plata Basin.

5.      At all times relevant to this action, FONPLATA maintained its administrative headquarters in Bolivia and according to the convention that created FONPLATA, defendant's administrative employees may avail themselves of all existing labor and social laws in the Republic of Bolivia.

6.      In July 1995, I entered into an employment contract with FONPLATA  pursuant to which FONPLATA hired me as its treasurer at FONPLATA's administrative headquarters in Bolivia.  According to the terms of the July 1995 contract, I was to serve as treasurer – an administrative position – through July 2002.

7.      Between July 1995 and July 2000, I received positive evaluations from FONPLATA.  For instance, in a April 27, 2000 memorandum, Vicente de Paulo Pereira de Carvalho, FONPLATA's President of Finance and Administration, complimented my experience, diligence, ability to work well under pressure, initiative, discipline and results.

8.      The above notwithstanding, in July 2000, FONPLATA fired me without cause and in breach of the July 1995 employment contract between myself and FONPLATA.

9.      Accordingly, on October 29, 2002, I brought an action for damages arising from said termination in the Second Trial Court on Labor Matters and Social Security in Santa Cruz de la Sierra, Bolivia ("Trial Court").

10.    Despite having been notified of such proceeding, FONPLATA did not appear in its own defense and on March 15, 2003, the Trial Court found FONPLATA in contempt.

11.    On August 16, 2003, the Trial Court found that I had proved my *prima facie* case against FONPLATA and that FONPLATA had been duly notified of the proceeding. Accordingly, the Trial Court entered a default judgment against FONPLATA and awarded me damages and attorneys' fees which, as of May 24, 2006 total $315,691.44.  The court also ordered FONPLATA to pay a Bs. 2,000 (the equivalent of $253.63 as of July 2, 2007) fee to the Bolivian College of Attorneys Bar Association.

12.    FONPLATA has not made any payments in satisfaction of the judgment against it.

13.    To the best of my knowledge, FONPLATA is not qualified to do business in New York.  While I was treasurer of FONPLATA, I became aware of its assets in New York.  Upon information and belief, FONPLATA maintains bank accounts at Banco Do Brasil, Lloyds America Inc., Dresdner Bank AG, UBS AG and Citibank, N.A., (f) Banco Santander Central Hispano S.A. (collectively, the "Garnishees").  FONPLATA's sole assets within the state appear to be the assets in said accounts.

14.    Based on these facts and the attached memorandum of law, the affirmation of V. David Rivkin, Esq. and all other evidence attached to these pleadings, it is probable that I will succeed on the merits of this action.

15.    No other provisional remedy has been sought in this action against FONPLATA.

16.    Based upon my experience as FONPLATA's treasurer, FONPLATA would not hesitate to dispose of its assets held by the Garnishees in order to evade the enforcement of any

award rendered against defendant in New York or otherwise subject such assets to a lien, with or without the State, taking priority over plaintiff's claim to such property.

17.    No previous application has been made for the relief requested.

WHEREFORE, it is respectfully requested that this motion for an order of attachment be granted, together with such other relief as the court deems proper.

Dated: _____, Bolivia
          July 17, 2007


_____
Oscar David Cortez Uzeda


Sworn and subscribed before me
          JUL 17 2007
this day _____of_____200___

Republic of Bolivia        }
Department of Santa Cruz}
City of Santa Cruz         }
Consular Agency            }
United States of America }


_____
Rhea Borda
U.S. Consular Agent
Santa Cruz - Bolivia


OMMISSION DOES
NOT EXPIRE

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
OSCAR DAVID CORTEZ UZEDA,                          :
                                                   :
                                                   :
                          Plaintiff,               :     Index No._____
                                                   :
            -against-                              :     **NOTICE OF MOTION FOR**
                                                   :     **SUMMARY JUDGMENT IN LIEU**
                                                   :     **OF A COMPLAINT**
FONDO FINANCIERO PARA EL DESARROLLO :
DE LA CUENCA DEL PLATA                             :
A/K/A FONPLATA,                                    :
                                                   :
                          Defendants.              :
------------------------------------------------------------------x

PLEASE TAKE NOTICE THAT upon affirmation by Eric Lindquist, and upon affidavits

of Oscar David Cortez Uzeda and Rodolfo Melgarejo del Castillo, and the exhibits attached

thereto, plaintiff will move this Court at the Submission Part, Room 130, of the Supreme Court

Courthouse, 60 Centre Street, New York, New York, on _____, 2007 at 9:30 am, or as

soon thereafter as counsel may be heard for an order pursuant to CPLR Article 53 (Recognition

of Foreign Country Money Judgments) and CPLR § 3213 granting summary judgment in lieu of

complaint in favor of plaintiff and against defendant in the amount of $315,959.04 plus interest

thereon calculated at the rate of nine percent (9%) per annum, pursuant to CPLR § 5004, from

May 24, 2006, upon the ground that this action is based on a foreign country judgment and that

there is no defense thereto, and any such other and further relief as to the court may seem just

and proper, together with the cost of this motion

The above entitled action is brought to recognize and enforce a prior judgment rendered

against defendant in the Republic of Bolivia, representing sums due plaintiff by order of the

Second Trial Court on Labor Matters and Social Security in Santa Cruz de la Sierra, Bolivia.

PLEASE TAKE FURTHER NOTICE that all answering papers shall be served on the

undersigned attorneys within thirty (30) days after you are served with the summons.

Dated: New York, New York
_____, 2007

FOX HORAN & CAMERINI LLP


By:_____
      Eric Lindquist
825 Third Avenue
New York, New York  10022
(212) 480-4800
*Attorneys for Plaintiff Dr. Oscar David Cortez Uzeda*

To:    Fondo Financiero Para el Desarrollo de la Cuenca del Plata
      Avenida Irala 573
      Santa Cruz de la Sierra, Bolivia

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
OSCAR DAVID CORTEZ UZEDA,            :
                                                  :

                    Plaintiff,        :     Index No._____

        -against-            :
                                                    :

FONDO FINANCIERO PARA EL DESARROLLO :
DE LA CUENCA DEL PLATA
A/K/A FONPLATA,                  :
                                                  :
                    Defendants.    :
------------------------------------------------------------x

## AFFIRMATION OF ERIC LINDQUIST

        Eric Lindquist, an attorney duly admitted to practice law in the court of the State of New York, affirms under penalties of perjury as follows:

        1.     I am a member of the law firm of Fox Horan & Camerini LLP, with offices located at 825 Third Avenue, New York, New York, 10022, counsel to plaintiff Dr. Oscar David Cortez Uzeda.

        2.     I submit this affirmation in suport of the plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR § 3213 and Article 53 of the CPLR upon the ground that this action is based on a final, conclusive and enforceable judgment against the defendant FONPLATA in the Republic of Bolivia for which there is no defense thereto.

        3.     In support of this motion, plaintiff also submits the affidavit of Attorney Rodolfo Melgarejo del Castillo, plaintiff's Bolivian counsel, in which Mr. Melgarejo sets forth the facts of how a judgment in the amount of $315,691.44 was obtained against the defendant. The Bolivian judgment and other pertinent documents are attached to Mr. Melgarejo's affidavit.

4.      Additionally, plaintiff submits an affidavit setting forth the factual basis for his claims against defendant.

5.      The Mr. Melgarejo's and plaintiff's affidavits also establish that jurisdiction over the defendant was proper, that the defendant was adequately served, and that the defendant had sufficient opportunity to respond to the claims against it. Nevertheless, the defendant chose not to appear or be heard in the Bolivian proceeding.

6.      There is no known defense to this action.

Date: New York, New York
       _____, 2007


                                              _____
                                                 ERIC LINDQUIST

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
OSCAR DAVID CORTEZ UZEDA,      :

                  :

           Plaintiff,     :     Index No._____

                  :

     -against-          :

                  :

FONDO FINANCIERO PARA EL DESARROLLO :
DE LA CUENCA DEL PLATA       :
A/K/A FONPLATA,          :

                  :

          Defendant.    :
-------------------------------------------------------------------x

## AFFIDAVIT OF OSCAR DAVID CORTEZ UZEDA

OSCAR DAVID CORTEZ UZEDA, being duly sworn, deposes and says under penalty of

perjury of the laws of the United Sates of America and the State of New York:

    1.    I am the plaintiff in the above entitled action and reside at Jorori Street No. 2075

Santa Cruz - Bolivia.  I submit this affidavit in support of my motion for summary judgment in

lieu of a complaint against defendant Fondo Financiero Para el Desarrollo de la Cuenca del Plata

a/k/a FONPLATA ("FONPLATA") in which I seek the enforcement in New York of a money

judgment rendered by a Bolivian court against defendant, and in my favor, in the amount of

$315,691.44 with interest from May 24, 2006, and the costs and disbursements of the action.

This amount exceeds all counterclaims of which I have any knowledge.

    2.    Defendant FONPLATA is a development fund created by the governments of

Argentina, Bolivia, Brazil, Paraguay and Uruguay for the purpose of promoting development of

the Plata Basin. Defendant FONPLATA grants loans, bonds, and guarantees to private entities at the request of the member countries in order to finance development projects in the Plata Basin.

3.      At all times relevant to this action, FONPLATA maintained its administrative headquarters in Bolivia and according to the convention that created FONPLATA, defendant's administrative employees may avail themselves of all existing labor and social laws in the Republic of Bolivia.

4.      In July 1995, I entered into an employment contract with FONPLATA pursuant to which FONPLATA hired me as its Treasurer at FONPLATA's administrative headquarters in Bolivia. According to the terms of the July 1995 contract, I was to serve as treasurer – an administrative position – through July 2002.

5.      Between July 1995 and July 2000, I received positive evaluations from FONPLATA. For instance, in a April 27, 2000 memorandum, Vicente de Paulo Pereira de Carvalho, FONPLATA's President of Finance and Administration, complimented my experience, diligence, ability to work well under pressure, initiative, discipline and results.

6.      The above notwithstanding, in July 2000, FONPLATA fired me without cause and in breach of the July 1995 employment contract between myself and FONPLATA.

7.      On October 29, 2002, I brought an action for damages arising from said termination in the Second Trial Court on Labor Matters and Social Security in Santa Cruz de la Sierra, Bolivia ("Trial Court").

8.      Despite having been notified of such proceeding, FONPLATA did not appear in its own defense and on March 15, 2003, the Trial Court found FONPLATA in contempt.

9.      On August 16, 2003, the Trial Court found that I had proved my *prima facie* case against FONPLATA and that FONPLATA had been duly notified of the proceeding.

2

Accordingly, the Trial Court entered a default judgment against FONPLATA and awarded me damages and attorneys' fees which, as of May 2, 2007 total $315,691.44.  The court also ordered FONPLATA to pay a Bs. 2,000 (the equivalent of $253.63 as of July 2, 2007) fee to the Bolivian College of Attorneys Bar Association.

10.    FONPLATA has not made any payments in satisfaction of the judgment against it.

11.    I respectfully request that this Court recognize and enforce the full judgment awarded to me and against defendant by the Bolivian Trial Court.

Dated: _____, Bolivia
        July 17, 2007

_____
Oscar David Cortez Uzeda

Republic of Bolivia                }
Department of Santa Cruz}
City of Santa Cruz             }
Consular Agency              }
United States of America  }

Rhea Borda
U.S. Consular Agent
Santa Cruz - Bolivia

Sworn and subscribed before me
JUL 1 7 2007
this day _____of_____ 200__

COMMISSION DOES
NOT EXPIRE

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
OSCAR DAVID CORTEZ UZEDA,                      :
                                               :
                                               :
                          Plaintiff,           :        Index No._____
                                               :
       -against-                               :
                                               :
                                               :
FONDO FINANCIERO PARA EL DESARROLLO :
DE LA CUENCA DEL PLATA                         :
A/K/A FONPLATA,                                :
                                               :
                          Defendant.           :
------------------------------------------------------------x

## AFFIDAVIT OF RODOLFO MELGAREJO DEL CASTILLO

**Rodolfo Melgarejo del Castillo**, being duly sworn, deposes and says under penalty of per-

jury of the laws of the United States of America and the State of New York:

    1.  I am an attorney admitted to practice in the courts of the Republic of Bolivia and am a

member of the Bolivian law firm, Melgarejo & Asociados, located at Avda Monseñor Rivero

No. 245 Edificio Monseño Rivero 3er Piso, Of. 3A, Santa Cruz, Bolivia.  Our firm is counsel to

plaintiff Oscar David Cortez Uzeda, and represented him in his civil action against defendant

FONPLATA that is the subject of this application.

    2.  I am fully aware of the facts set forth herein, and submit this affidavit in support of Dr.

Cortez's motion for summary judgment in lieu of complaint against defendant FONPLATA upon

the grounds that this action is based on a non-appealable Bolivian judgment and that there is no

defense thereto.

    3.  Dr. Cortez is a citizen of Bolivia.  Defendant FONPLATA is a legal entity, with capacity

to enter and perform obligations and contracts, organized pursuant to an organizational conven-

tion signed on June 12, 1974 by the governments of Argentina, Brazil, Bolivia, Uruguay, and Paraguay.

4. On October 24, 2002, plaintiff filed, through our firm, a claim against defendant in the Second Trial Court on Labor Matters and Social Security in Santa Cruz de la Sierra, Bolivia (the "Trial Court") for breach of contract (the "Claim"). A true copy of the Claim with English translation is annexed hereto as **Exhibit A**.

5. As set forth in the Claim, the basis for plaintiff's claim against defendant arises from a *Carta – Contrato* (the "Letter Agreement") entered into by the parties on July 15, 1995. A true copy of the Letter Agreement with English translation is annexed hereto as **Exhibit B**.

6. As explained in 6-8 of the Affidavit of Oscar David Cortez Uzeda, the Letter Agreement, which was renewed on two occasions, was to expire in July 2002. However, in July 2000, defendant unilaterally terminated plaintiff's employment in breach of the Letter Agreement.

7. On November 13, 2002, plaintiff duly notified defendant of his claim pursuant to a *Remisión de Exhorto* (a "Summons and Complaint") sent to defendant FONPLATA's Executive Secretary, Walter Villalba Saldivar, in the city of Santa Cruz, Bolivia by the *Ministerio de Relaciones Exteriores y Culto* (the "Bolivian Ministry of Exterior Relations and Culture"), in accordance to Bolivian law. A true copy of the Summons and Complaint with English translation is annexed hereto as **Exhibit C**.

8. Despite receiving proper notice, defendant did not appear in the Trial Court proceedings, and on March 15, 2003, the Trial Court found defendant FONPLATA in contempt. A true copy of the contempt Order is annexed hereto as **Exhibit D**.

2

9. On August 16, 2003, the Trial Court entered a default judgment (the "Judgment") against defendant FONPLATA and awarded plaintiff damages and attorneys' fees in the total amount of US $280,614.62. A true copy of the Judgment is annexed hereto as **Exhibit E**.

10. Subsequently, on May 24, 2006, the Clerk of the Second Court on Labor Matter and Social Security certified that as of May 24, 2006 the Judgment against FONPLATA totaled $US $315,691.44, plus Bs. 2,000, a fee to be paid by defendant to the Bolivian College of Attorneys Bar Association. A true copy of the clerk' certification is annexed hereto as **Exhibit E**.

11. Pursuant to Bolivian law, **"la Sentencia Ejecutoriada"** → **Enforced Sentence**, the Judgment is final, conclusive, and enforceable in Bolivia.

12. To the best of my knowledge, no part of the Judgment has been satisfied.

13. The Bolivian court system in which the Judgment was rendered provides impartial tribunals and procedures compatible with due process of law in the United States.

14. The Trial Court had jurisdiction over defendant pursuant to Art. 14 "Convenio de Sede" Headquarters Agreement and had subject matter jurisdiction over the underlying claim pursuant to Bolivian law and Art. 13, Art. 14 "Convenio de sede" → Agreement of sedates.

_____
Rodolfo Melgarejo del Castillo

Sworn to me this 17 day of July, 2007.

worn and subscribed before me
is day _____ JUL 1 7 2007 _____ 200___
of

Republic of Bolivia           }
Department of Santa Cruz}
City of Santa Cruz            }
Consular Agency               }
United States of America }

*Rhea Borda*
*Rhea Borda*
U.S. Consular Agent
Santa Cruz - Bolivia

COMMISSION DOES
NOT EXPIRE

3

YOUR HONOR ON DUTY FOR LABOR MATTERS AND SOCIAL SECURITY

CLAIM: PAYMENTS OF SOCIAL BENEFITS

PETITIONS:

OSCAR DAVID CORTEZ UZEDA, with Nat'l ID Card No. 77778 Cbba., of the age of majority, married, a resident of this city on calle [street] Jorori No. 205, before Your Honor I do respectfully petition:

That by means of the Contract dated July 14, 1995, the FONPLATA Executive Board of Directors, by means of RD No. 614/95 did make provisions to hire me to undertake the position of TREASURER (Sector Head) under the category of International Officer (pgs. 2) setting, by way of the provisions of the Entity's International Policy, the contract terms and probationary period of international employees assigned to FONPLATA, and subject to the following terms (pgs. 1):

a) The probationary period shall be one year.
b) Once the probationary period has been completed, in your case a contract will be signed for the duration of two years.
c) Once the two-year contract has expired, the contract could be extended by mutual agreement between FONPLATA and the employee, of two periods for two years each.

In this regard, the contract duration is for seven years, namely, one year probation, and three two-year periods. Now, according to the Letters Extending the Contract, dated April 18, 1997 (pgs. 4 to 5) and November 18, 1999 (pgs. 6 to 7), the FONPLATA Executive Board of Directors made provisions to extend my contract for the same position and under the same category, that is, for two (2) more periods, with another two-year period pending extension of the Contract.

However at the 98th Meeting of the Executive Board of Directors, and by virtue of having supposedly considered the Rotations of the positions for the Area Heads and others, amongst them Treasury, in point 7.21: the Executive Board of Directors…

... illegally decided not to extend my employment contract (see pgs. 17), basing erroneously its position on a supposed rotation of positions, when it conditioned, and I quote, "The beginning of the process for s public call and selection for the position of Treasurer shall be subject to the deliberations of the Executive Board of Directors with regards to the rotation of the positions," which was expressly rejected by the Ministry of Finance. The FONPLATA Governor for Bolivia (the maximum authority in the Organization), who set his position in the communiqués (See pgs. 18 to 23), his peers, the Minister-Governors for Brazil, Argentina, Uruguay, and Paraguay, moreover, instructing Director for Bolivia by means of a NOTE, expressed two points:

> FIRST: The Country's position of NOT accepting the rotation of positions, and SECOND: On the basis of an EXCELLENT performance appraisal of the compatriot Dr. Oscar D. Cortez Uzeda, gives way to expressly pronouncing that we maintain Dr. Cortez in his position as Treasurer.

In spite of the EXCELLENT appraisal of my work and performance in the financial years 1996, 1998, and 2000 made by the Area Head (See pgs. 9 to 16) and the express position of our Country to keep me in that position, the Executive Board of Directors did NOT allow the conclusion of the last two-year period of the contract, unilaterally breaking said contract by means of Memo SE-250/2000, (See pgs. 71) without any justifiable cause at all be it of an administrative, labor, legal, or any other order, consequently constituting this in a FORCEFUL REMOVAL, violating articles 156 and 157 of the Political Constitution of the State and Article 4 of the General Labor Law, in spite of the fact that the Master Agreement between the Republic of Bolivia and the *Fondo Financiero para el Desarrollo* de la Cuenca del Plata [Financial Fund for Developing the River Plate Basin] "FONPLATA" (See pgs. 119 to 128) in ARTICLE FOURTEEN establishes that in these cases it shall apply Bolivian law...

... and I quote:

> "The labor practices and social benefits applicable to the FUND's personnel can be established by [FONPLATA] in the sense that its provisions shall not be less advantageous than those in effect in Bolivia; **in any case, the administrative personnel hired by the FUND shall be protected by the applicable social and labor laws in the Republic of Bolivia."**

    In light of this illegal and arbitrary action, I had no other alternative than to file an Appeal for Constitutional Protection (See pgs. 73 to 75), petitioning that they respect the procedural norms, every time with this implicitly unconstitutional decision infringes upon constitutional guarantees provided for concretely in the Political Constitution of the State in its Articles 156 & 157 regarding the Social System which state, "EMPLOYMENT IS A DUTY AND A RIGHT, AND CONSITUTES THE BASIS OF [OUR] SOCIAL AND ECONOMIC ORDER, MOREOVER, IT ENJOYS PROTECTION BY THE STATE." The Constitutional Appeal that was processed and resolved on the first matter by the Social and Administrative Chamber of the Honorable Superior District Court declared it LAWFUL (See pgs. 79 to 80) providing "the invalidity of every action by the authority appealed, having to proceed in the manner as so corresponds." It should be mentioned, that in order to have me removed in this manner, they must present me with notice personally, subjecting themselves to the Statutes of the Administrative Tribunal, in accordance with what is provided for in Article 19 of the aforementioned Legal Body. This Constitutional Sentence was APPROVED by the Constitutional Tribunal by means of Sentence N° 1125/01-R, dated October 19, 2001 (See pgs 91 to 95). These documents merit credence as evidence for the express provisions of Article 1296 of the Civil Code.

    However, having proceeded with serving notice through the...

...Ministry of External affairs and Worship by means of a Letters Rogatory with the constitutional rulings, presented to the Executive Secretary at FONPLATA, Mr. WALTER VILLALBA SALDIVAR (See pgs. 104 to 110) who replace Pedro Luiz Pinheiro Da Costa in the position, as well as the constant complaints (See pgs. 111 to 118) and the professional performance appraisal for 2000, 1998, 1997, and 1996, on the basis of which the GOVERNOR FOR BOLIVIA expressly instructed the extension of the last contract period (See pgs. 22). The FONPLATA Executive insists and persists in a beseeching manner to keep me outside the institution without any just cause, infringing on the DUE PROCESS which by national provisions and International Agreements should be respected, violating my constitutional guarantees set forth in Articles 156 and 157 of the Social System in the Political Constitution of the State. Under no circumstances did they pay me in full my social benefits which ascend to the sum of US$ 285,777.51 (TWO HUNDRED EIGHTY FIVE THOUSAND SEVEN HUNDRED SEVENTY SEVEN 51/100 AMERICAN DOLLARS) as can be evidenced by the attached Severance Slip which expressly states, subject to review and approval by the Ministry of Labor and Social Security.

It being totally ostensible that the former and the current Executive Secretary at FONPLATA, denied compliance with the CONSITUTIONAL rulings, as well as have no knowledge of the reports made on my behalf by the GOVERNOR FOR BOLIVIA, Lic. Ronald Maclean Abaroa, in his capacity as Minister of Finance, before the Organization and other Governors, to unilaterally by means of Memo SE 250/2000 communicate the discontinuance of my labor relationship with the Organization (FONPLATA) without any defense, complying with FONPLATA's Administrative Tribunal Statutes, constituting this in a FORCEFUL REMOVAL, since in its...

... Article 19 it sets forth that the Executive Secretary should provide for my personal notice, so as to, comply with what is set forth in the aforementioned Article 19, and I quote, "The recourse for appealing before the Tribunal shall be filed, without the penalty of lapsing, within thirty (30) days commencing with and following the PERSONAL NOTIFICATION of the APPEALING PARTY." In rejecting my petition the also don't want to pay me the social benefits which by law correspond to me, in spite of the existence of a CONSTITUTIONAL SENTENCE, it being therefore a totally unconstitutional and illegal decision, to the extent of committing a violation of law of DISOBEDIENCE TO THE RESOLUTIONS IN AN HABEAS CORPUS PROCEEDING AND CONSTITUTIONAL DEFENSE as established in Article 179 Twice of the Penal Code, which in protecting my rights, I will apply whatever way deemed necessary.

For having failed to act on the obligation of the Constitutional Proceedings resolved by the Constitutional Tribunal, as well as the constant claims made not only through the Ministry of Foreign Affairs, but also directly through letters, and not obtaining a favorable response thereto, and with this petition holding to the provisions of Articles 117 to 120 of the Proceedings Code for Labor Matters, I am obliged to file suit for the Payment of Social Benefits for the sum of US$285,777.51 (TWO HUNDRED EIGHTY-FIVE THOUSAND SEVEN HUNDRED SEVENTY'SEVEN 51/00 AMERICAN DOLLARS) directing the legal action against the legal representative of the *Fondo Financiero para el Desarrollo de la Cuenca del Plata*, Mr. WALTER VILLALBA SALDIVAR, since the former [representative], Mr. Pedro Luiz Pinheiro Da Costa, was removed from his position, seeking protection in Articles 4, 6, 10, 12, 13, 44, 48, and 57 of the General Labor Law; and Articles 156 and 156 of the Political Constitution of the State; and Article FOURTEEN of the...

...Master Agreement between the Government of the Republic of Bolivia and the *Fondo Financiero para el Desarrollo de la Cuenca del Plata FONPLATA*, petitioning that Your Honor admit the matter and impart the formalities of Law until the status of pronouncing sentence thereon, declaring PROVEN my claim, and accordingly order the payment and settling the manner I have presented within the term of the third day, plus court costs and expenses.

1ST ADDITIONAL PETITION.  The *Fondo Financiero para el Desarrollo de la Cuenca del Plata*-FONPLATA and its legal representative, Mr. WALTER VILLALBA SALDIVAR, Executive Secretary for FONPLATA have their legal domicile in the FONPLATA offices located at Av. Irala 573 [Santa Cruz, Bolivia].

2ND ADDITIONAL PETITION.  Taking into consideration that the FONPLATA Executive Secretary, Mr. Walter Villalba Saldivar, is an employee that Bolivia had the courtesy to grant a Diplomatic rank, I request of Your Honor that the notice served to him be done via the Ministry of Foreign Affairs and it also be by Letters Rogatory, inserting the pertinent charges, especially the summons, with his legal domicile being Av. Irala N° 573.

3RD ADDITIONAL PETITION.  Since the defending party is an International Body, I petition of Your Honor that intervention be through the Office of the Attorney General (Ministry of the Public) and the Ministry of Foreign Affairs.

4TH ADDITIONAL PETITION.  I am attaching in the capacity as preconstituted documentary evidence the documentation on pgs 130.

5TH ADDITIONAL PETITION.  I request that Your Honor order that the [original] Master Agreement between the Government of Bolivia and the *Fondo Financiero para el Desarrollo de la Cuenca del Plata* FONPLATA, be removed from the court records and held, and in its place should remain duly legalized photocopies thereof....

...6TH ADDITIONAL PETITION. The professional fees shall be based on the contract signed by both parties.

7TH ADDITIONAL PETITION.   Domicile: Av. Monsenor Rivero No. 245, Third Floor, of 3-4.

Justice, etc... - Santa Cruz[, Bolivia], October 9, 2002.

Illegible Signature – Oscar David Cortez Uzeda – Plaintiff.

Illegible Signature – Rodolfo Melgarejo del Castillo – Attorney.

Presented at 11:40 on the

Twenty fourth day of October, 2002 for the record.

Attached documents to pgs. 121.

Illegible signature
Katherine Vacas Frias
Aide in the Social & Administrative Chamber
Santa Cruz, Bolivia

Lawsuit Lottery
Superior Court of Justice
Social & Administrative Chamber
Lottery Assigns the case to 1st Court on Labor Matters and Social Security

Illegible signature                          Illegible signature
Dr. Johnny Vaca Diez V.D                     Dr. Danny Camacho Pereyra
Member of the Court                          Chamber Secretary
Social and Administrative Chamber            Social and Administrative Chamber
Superior District Court                      Superior District Court

Received at 11:30 of the 25th day
Of October, 2002
For the record.

Illegible signature
Glessi Antelo Salas
AIDE
1st Trial Court on Labor Matters and Social
Superior District Court
Santa Cruz, Bolivia

# AFFIDAVIT OF TRANSLATOR

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF NEW YORK      )

I, FERNANDO PLANCHART, being duly sworn, depose and state:

    1. That I reside at 101 West 78th Street, New York, NY 10024;

    2. That I am proficient in translation of the Spanish language into the English language; and

    3. That I certify that, to the best of my knowledge, the attached translation is accurate.

                                         FERNANDO PLANCHART

Sworn to before me this 9th day
of August, 2007

NOTARY PUBLIC

KATERINA I. GRAJALES
Notary Public, State Of New York
No. 01GR5010801
Qualified in N.Y. County
Commission Expires 4/5/20 11



SANTA CRUZ - BOLIVIA

CONTROL DE EJERCICIO PROFE

'B' No 217542

23 de octubre

MELGAREJO DEL CASTILLO

MELGAREJO & ASOCIADOS

SEÑOR JUEZ DE TURNO DE TRABAJO Y SEGURIDAD SOCIAL

1.     DEMANDA     COBRO    DE     BENEFICIOS

2.     SOCIALES.—

3.     OTROSIES.—

4.     OSCAR   DAVID   CORTEZ   UZEDA con C.I. Nº 777178

5. Cbba., mayor de edad, casado, domiciliado en calle Jorori Nº

6. 2075 de esta ciudad, ante Vs. Rs. respetuosamente digo:

7.     Por el Contrato de fecha 14 de Julio de 1.995 el

8. Directorio Ejecutivo de FONPLATA por R.D. Nº 614/95. dispone mi

9. contratación para desempeñar el cargo de TESORERO (Jefe del

10. Sector) en la categoría Funcionario Internacional (Fs. 2),

11. fijando las disposiciones de Política Internacional de la

12. entidad los plazos de los contratos y periodos de prueba de los

13. funcionarios internacionales que se designa en FONPLATA y que

14. están sujetos a los siguientes términos (Fs. 1):

15. a)   El periodo de prueba será de un año.

16. b)   Cumplido el periodo de prueba se celebrará en su caso el

17. contrato por un término de dos años.

c)   Vencido el término de dos años, el contrato podrá ser

18. prorrogado de común acuerdo entre FONPLATA y el funcionario

por dos periodos de dos años cada uno.

19.     En este sentido son 7 años de contrato, esto es, 1 año de

20. prueba y 3 periodos de 2 años cada uno. Ahora bien, de acuerdo a

21. las Cartas Prorrogas de Contratos de fechas 18 de Abril de 1.997

22. (Fs. 4 a 5) y 18 de Noviembre de 1.998 (Fs. 6 a 7) el Directorio

23. Ejecutivo de FONPLATA dispuso la prorroga de mi contratación en

24. el mismo cargo, y bajo la misma categoría, esto es, por dos (2)

25. periodos más, quedando pendiente un otro periodo de dos años de

26. prorroga de Contrato.

27.     Sin embargo, en la 98ª Reunión del Directorio Ejecutivo y

28. en virtud de haber considerado supuestamente la Rotatividad de

29. los cargos desde las Jefaturas de Areas y otros, entre ellos la

Nº 09261

VALIDO SOLO PARA
INGRESAR ESTA CAUSA

Demandante: *Oscar D. Cortez U.*

Demandado: *FONPLATA*

Asunto: *Laboral*

Abogado: *Rodolfo Caprico*

Fecha: *24 10 06*

30 ilegalmente decide NO prorrogar el plazo de mi contrato de

31 trabajo (Vease fs. 17); fundamentando erroneamente su posición

32 en una supuesta rotatividad de cargos; cuando condiciona

33 textualmente *"El inicio del proceso de convocatoria y selección*

34 *para el cargo de Tesorero estará sujeto a las deliberaciones del*

35 *Directorio Ejecutivo con relación a la rotatividad de los*

36 *cargos"*, que fuera expresamente rechazada por el Ministro de

37 Hacienda, Gobernador de Bolivia ante FONPLATA (máxima autoridad

38 en el Organismo), que fijó su posición en comunicaciones (Vease

39 fs. 18 a 23) a sus pares los Ministro-Gobernadores de Brasil,

40 Argentina, Uruguay y Paraguay, además instruyendo mediante NOTA

41 al Director por Bolivia expresamente dos puntos:

42 PRIMERO.- La posición del País de NO aceptar la
rotación de cargos, y

43 SEGUNDO.- Basado en la EXCELENTE evaluación del
compatriota Dr. Oscar D. Cortez Uzeda lo que da lugar
a un pronunciamiento expreso de mantener en su cargo

44 de Tesorero al Dr. Cortez.

45 Pese a la EXCELENTE evaluación de mi trabajo desempeñado en

46 las gestiones 1996, 1998 y 2.000 efectuada por parte del Jefe de

47 Area (Vease fs. 9 a 16) y la expresa posición nuestro País de

48 mantenerme en el cargo; "el Directorio Ejecutivo" Itinerante NO

49 permitió la finalización del ultimo periodo del contrato por los

50 dos últimos años, quebrantando así unilateralmente el mismo,

51 mediante CITE SE-250/2000 (Vease fs. 71) sin absolutamente

52 ninguna causa justificada de orden Administrativo, Laboral,

53 juridica o de cualquier indole, constituyendo consecuentemente

54 esto un RETIRO FORZOSO violando los articulos 156 y 157 de la

55 Constitución Politica del Estado, articulo 4 de la Ley General

56 del Trabajo; pese a que el Convenio de Sede entre la República

57 de Bolivia y el Fondo Financiero para el Desarrollo de la Cuenca

58 del Plata "FONPLATA" (Vease fs. 119 a 128) en su ARTICULO DECIMO

CUARTO establece que en estos casos es de aplicación la Ley



Boliviana, cuando textualmente dice:

"El régimen laboral y de beneficios sociales aplicable al personal del FONDU podrá ser establecido por el FONDU en el sentido de que sus disposiciones no serán menos ventajosas que las vigentes en Bolivia; **en todo caso el personal administrativo contratado por el FONDU se encontrará amparado por las leyes sociales y laborales vigentes en la República de Bolivia**".

Ante este acto ilegal y arbitrario, no tuve otra alternativa que interponer un Recurso de Amparo Constitucional (Véase fs. 73 a 75), pidiendo se respeten las normas procesales, toda vez que con esa determinación inconstitucional implícitamente se conculcó las garantías constitucionales previstas en el Régimen Social de la Constitución Política del Estado, concretamente los artículos 156 y 157 que determinan "EL TRABAJO ES UN DEBER Y UN DERECHO, Y CONSTITUYE LA BASE DEL ORDEN SOCIAL y ECONOMICO", ADEMAS "GOZAN DE LA PROTECCION DEL ESTADO"; Recurso Constitucional que fue procesado y resuelto en primera instancia por la Sala Social y Administrativa de la Respetable Corte Superior del Distrito declarándolo PROCEDENTE (Véase fs. 79 a 80) y disponiendo "la nulidad de toda actuación de la autoridad recurrida, debiendo procederse en la forma que corresponde", vale decir, que para retirarme de esa forma necesariamente debían notificarme personalmente, sujetándose al Estatuto del Tribunal Administrativo, conforme lo dispone el artículo 19 del citado cuerpo legal. Esta Sentencia Constitucional fue APROBADA por el Tribunal Constitucional mediante Sentencia Nº 1125/01-R de fecha 19 de Octubre del 2.001 (Véase fs. 91 a 98), documentos que merecen entera fe probatoria por expresa determinación del artículo 1296 del Código Civil.

No obstante de haberse procedido a la notificación vía

*Av. Monseñor Rivero # 245 Edif. Monseñor Rivero Piso # 3 Of. 3-A Fono: 369177 334701 Fax 339970 Santa Cruz - Bolivia*

Cancilleria mediante exhorto suplicatorio con los fallos
Constitucionales, al Secretario Ejecutivo de FONPLATA, señor
WALTER VILLALBA SALDIVAR (Vease fs. 104 a 110) que sustituyo en
el cargo a Pedro Luiz Pinheiro Da Costa asi como a los
continuos reclamo (Vease fs 111 a 118) y la evaluación de
desempeño profesional de los años 2000, 1998,1997 y 1.996 en
base a los cuales el GOBERNADOR POR BOLIVIA instruyó
expresamente la prorroga por el último periodo del contrato
(Vease fs. 22), el Ejecutivo de FONPLATA insiste y persiste en
forma obsecada a mantenerme fuera de la institución sin ninguna
causa justificada, conculcándose el DEBIDO PROCESO que por
disposiciones nacionales y Convenios Internacionales debe
respetarse, violentando mis garantias constitucionales previstas
en los Arts. 156 y 157 del Régimen Social de la Constitución
Política del Estado por cuanto tampoco me canceló la totalidad
mis beneficios sociales que alcanzan la suma de $us. 285.777,51
(DOSCIENTOS OCHENTA Y CINCO MIL SETECIENTOS SETENTA Y SIETE
51/100 DOLARES AMERICANOS) conforme se evidencia por el
finiquito adjunto que expresamente dice sujeto a revisión y
aprobado por el Ministerio del Trabajo y Seguridad Social.-

Siendo totalmente ostensible que el anterior y el actual
Secretario Ejecutivo de FONPLATA, se negaron a dar cumplimiento
a los fallos CONSTITUCIONALES asi como desconocer los informes
realizados en mi favor por el GOBERNADOR POR BOLIVIA Lic
Ronald Maclean Abaroa, en su calidad de Ministro de Hacienda
ante el Organismo y demás Gobernadores, en forma unilateral
mediante CITE:SE 250/2000 me comunican la cesación de mi
relación laboral con el Organismo (FONPLATA ) sin empero
cumplir con el Estatuto del Tribunal Administrativo de FONPLATA
CONSTITUYENDO ESTO UN RETIRO FORZOSO toda vez que en su



124.-

1  articulo 19 señala que la Secretaría Ejecutiva debió disponer mi

2  notificación personal, para cumplir con el mencionado artículo

3  19 que textualmente dice: *"Los recursos de apelación ante el*

    *Tribunal deberán interponerse, so pena de caducidad, dentro de*

4  *los 30 días corridos y siguientes de la NOTIFICACION PERSONAL AL*

5  *RECURRENTE"* Al rechazar mi petitorio curiosamente tampoco

6  quieren cancelarme los beneficios sociales que por ley me

7  corresponde, pese a la existencia de una SENTENCIA

8  CONSTITUCIONAL, siendo por lo tanto esa determinación totalmente

9  inconstitucional e ilegal, al extremo de cometer el delito de

10 DESOBEDIENCA A RESOLUCIONES EN PROCESO DE HABEAS CORPUS Y AMPARO

11 CONSTITUCIONAL previsto en el artículo 179 Bis del Código Penal,

12 que en resguardo de mis derechos haré valer por la vía que

13 corresponde.

14    Al haberse hecho caso omiso al Amparo Constitucional

15 resuelto por el Tribunal Constitucional, así como a los

16 constantes reclamos realizados tanto vía cancillería como

17 directamente mediante cartas, al no obtener una respuesta

18 favorable, guardando la presente demanda las previsiones de los

19 artículos 117 a 120 del Código Procesal del Trabajo, me veo

20 obligado a demandar el COBRO DE MIS BENEFICIOS SOCIALES en la

21 suma de $us 285.777,51 (DOSCIENTOS OCHENTA Y CINCO MIL

22 SETECIENTOS SETENTA Y SIETE 51/100 DOLARES AMERICANOS),

23 dirigiendo la acción en contra del personero legal actual del

24 Fondo Financiero para el Desarrollo de la Cuenca del Plata –

25 FONPLATA, señor WALTER VILLALBA SALDIVAR, al haber sido

26 removido de sus funciones el anterior, señor Pedro Luiz Pinheiro

27 Da Costa, amparado en los artículos 4, 6, 10, 12, 13, 44, 48 y

28 57 de la Ley General del Trabajo, arts. 156 y 157 de la

Constitución Política del Estado, artículo DECIMO CUARTO del