Convenio de Sede entre el Gobierno de la República de Bolivia y

30 el Fondo Financiero para el Desarrollo de la Cuenca del Plata

31 "FONPLATA", pidiendo a su autoridad se sirva admitir la demanda

32 e imprimirle el trámite de Ley hasta el estado de dictar

33 sentencia, declarando PROBADA mi demanda y en consecuencia

34 ordenar su pago en la forma que tengo presentada la liquidación

35 en el término de tercero día, más gastos y costas del juicio.

36 OTROSI 1o.- El Fondo Financiero para el Desarrollo de la

37 Cuenca del Plata - FONPLATA y su personero legal, señor WALER

38 VILLALBA SALDIVAR, Secretario Ejecutivo de FONPLATA, tiene su

39 domicilio en las Oficinas de FONPLATA ubicadas en la Av. Irala

40 Nº 573.-

41 OTROSI 2o.- Teniendo en consideración que el Secretario

42 Ejecutivo de FONPLATA, señor Walter Villalba Saldivar, es un

43 funcionario a quien Bolivia de cortesía dio rango de

44 Diplomática, solicito a su autoridad que la notificación a su

45 persona se la haga vía Cancillería y sea mediante exhorto

46 Suplicatorio, con inserción de los recaudos pertinentes, en

47 especial de la cédula citatoria, siendo su domicilio en la Av.

48 Irala Nº 573.-

49 OTROSI 3o.- Tratándose que la institución demandada es un

50 Organismo Internacional, pido a su autoridad se sirva dar

51 intervención al Ministerio Público y la Cancillería.-

52 OTROSI 4o.- Acompaño en calidad de prueba preconstituida la

53 documentación en fs. 130.-

54 OTROSI 5o.- Solicito a su autoridad se sirva ordenar se

55 proceda al desglose y entrega del Convenio de Sede entre el

56 Gobierno de la República de Bolivia y el Fondo Financiero para

57 el Desarrollo de la Cuenca del Plata "FONPLATA", debiendo quedar

58 en su lugar fotocopias debidamente legalizadas.

MELGAREJO & ASOCIADOS

OTROSI. 6o.- Los honorarios profesionales se rigen por iguala firmadas entre partes.

OTROSI 7o.- Domicilio: Av. Monseñor Rivero Nº 245, Tercer Piso, Of. 3-A.-

Justicia, etc...

Santa Cruz, 9 de octubre de 2002

Oscar Davio Cortez U.

Ronaldo Melgarejo del Castillo
ABOGADO
Reg. Corte 473 - Col. Abog. 327
P. Mogal, 0555 P. Gana 7GR00001843-5

Presentado a horas ........11:40........ del
día ......veinticuatro de octubre...... del año
dos mil ....dos.... conste.
Adj. doc. a Fs. 191.-

Katherine Vaca Frías
AUXILIAR DE LA SALA SOCIAL
Y ADMINISTRATIVA
Santa Cruz - Bolivia

SORTEO DE CAUSAS
CORTE SUPERIOR DE JUSTICIA
SALA SOCIAL Y ADMINISTRATIVA
SORTEADO AL JUZGADO  1º de Partido y S.S.

Dr. Johnny Vaca Diez V.D.          Dra. Darío Camacho Pereyra
VOCAL DE CORTE                     SECRETARIA DE CAMARA
SALA SOCIAL ADMINISTRATIVA         DE LA SALA SOCIAL Y
CORTE SUPERIOR DE DISTRITO         ADMINISTRATIVA DE S.R. LA
                                   CORTE SUPERIOR DE DISTRITO

RECIBIDO A Hrs. ....16:30.... del día ..25..
Mes ....Octubre.... de ..2002..

Glessi Antelo Suñis
AUXILIAR
SALA SOCIAL DE TRABAJO SEGURIDAD SOCIAL
CORTE SUPERIOR DEL DISTRITO
SANTA CRUZ - BOLIVIA

Av. Monseñor Rivero # 245 Edif. Monseñor Rivero Piso # 3 Of. 3-A Fonos: 369177  334701  Fax 3390100 Santa Cruz Bolivia

### FONDO FINANCIERO PARA EL DESARROLLO DE LA CUENCA DEL PLATA
### FUNDO FINANCEIRO PARA O DESENVOLVIMENTO DA BACIA DO PRATA
ARGENTINA – BOLIVIA – BRAZIL – PARAGUAY – URUGUAY

[Seal: *Manuel Cortéz Moscoso* – CLERK – ATTORNEY – SECOND COURT ON LABOR AND SOCIAL SECURITY MATTERS – SANTA CRUZ – BOLIVIA]

Santa Cruz, July 14, 1995
Cite: ADM/CON-007/95

[Seal: SOCIAL AND ADMINISTRATIVE DIVISION – SUPERIOR COURT – SANTA CRUZ – BOLIVIA]
[Seal: SECOND LABOR AND SOCIAL SECURITY COURT – CLERK'S OFFICE – SANTA CRUZ – BOLIVIA]
[Illegible Signature, Stamp and Seal]

Mister
Dr. Oscar Cortez Uzeda
Present

RE.: LETTER – AGREEMENT

Dear Sir,

Pursuant to what was established by the Board of Executive Directors of FONPLATA in the Minutes of the 80th Meeting of the Board of Executive Directors and Resolution R.D. 614/95, we are pleased to send you this Letter-Agreement containing the specifics of your hiring.

a) CATEGORY:    INTERNATIONAL OFFICER

b) POSITION:    TREASURER (Head of the Area)

c) DUTIES:    Those described in the attachment and which are part of this Agreement.

Those described in the attachment and which are part of this Agreement.

The tasks under your responsibility are not limited to those listed in the attachment, and may include others that best favor the development of the institution, provided such tasks are within the Budget Category for which you were hired.

d) AREA OF WORK:    FINANCE AND ADMINISTRATION, answering directly to the Head of the Finance and Administration Area.

SUCRE – BOLIVIA

España No. 74
Phone No. (064) 30322 - 30207 - 25293
        23888 - 30311
FAX (591-64) 32997 - 32511
Casilla Correo Nº 47
Telex 2260 - 2500

ASUNCION – PARAGUAY

Presidente Franco esq. Ayolas
Edificio Ayira 10º Piso
Phone No. (595-21) 490866 – 444653
FAX (595-21) 444653
Casilla Correo Nº 2761
Telex 44266 FOPLATA PY

SANTA CRUZ - BOLIVIA

Libertad Nº 999
Phone No. (03) 344767 - 368266 - 360267
FAX (591-3) 345729 - 365270
Casilla Corro Nº 2690
Telex 4610 FONPLA BV

Cite: ADM/CON-007/95

---

[Seal: SOCIAL AND ADMINISTRATIVE DIVISION – SUPERIOR COURT – SANTA CRUZ – BOLIVIA]
[Seal: *Manuel Cortéz Moscoso* – CLERK – ATTORNEY – SECOND COURT ON LABOR AND SOCIAL SECURITY MATTERS – SANTA CRUZ – BOLIVIA]
[Seal: LABOR AND SOCIAL SECURITY COURT – CLERK'S OFFICE – SANTA CRUZ – BOLIVIA]

| | |
|---|---|
| e) TERM OF THE AGREEMENT: | One-year trial period. Upon completion of said trial period pursuant to the requirements of the Personnel Policy of FONPLATA, an agreement for two years shall be executed, if applicable. Upon expiration of the two-year term, the agreement may be extended for two two-year periods if mutually agreed by FONPLATA and the officer. |
| f) PLACE OF WORK: | Offices of FONPLATA in Santa Cruz or in any other place as determined by the institution. |
| g) MONTHLY COMPENSATION: | US$ 4,045.00 (four thousand forty five and 00/100 American Dollars), corresponding to Category II Level 0 of the Salary Scale in force for International Officers. |
| h) WELFARE BENEFITS: | Medical insurance, accident insurance, family subsidy, savings fund, settling and return expenses and other benefits pursuant to the Personnel Policy. |

Should you agree with the abovementioned terms and conditions, we would appreciate it if you could return the original signed copy of this Letter-Agreement, which shall be duly registered with the Executive Secretary's Office.

Yours sincerely,


[Illegible Signature]
[Seal: Efraín Darío Centurión – REGULAR DIRECTOR PARAGUAY – CHAIRMAN OF THE BOARD]
[Illegible Signature]
[Seal: Luis Alberto Henin – EXECUTIVE SECRETARY]
[Illegible Signature]
[Seal: Oscar Cortez Uzeda - TREASURER]


Signing date: July 15, 1995
Term: One year as from July 15, 1995

## AFFIDAVIT OF TRANSLATOR

STATE OF NEW YORK      )
                                          ) ss.:
COUNTY OF NEW YORK  )

I, FERNANDO PLANCHART, being duly sworn, depose and state:

    1. That I reside at 101 West 78th Street, New York, NY 10024;

    2. That I am proficient in translation of the Spanish language into the English language; and

    3. That I certify that, to the best of my knowledge, the attached translation is accurate.

                                                  FERNANDO PLANCHART

Sworn to before me this 9th day
of August, 2007

NOTARY PUBLIC

KATERINA I. GRAJALES
Notary Public, State Of New York
No. 01GR5010801
Qualified in N.Y. County
Commission Expires 4/5/20 11

FONDO FINANCIERO PARA EL DESARROLLO DE LA CUENCA DEL PLATA
FUNDO FINANCEIRO PARA O DESENVOLVIMENTO DA BACIA DO PRATA
ARGENTINA — BOLIVIA — BRASIL — PARAGUAY — URUGUAY

**FONPLATA**

Manuel Cortez Moscoso
SECRETARIO - ABOGADO
JUZGADO 2do. DE TRABAJO Y S.S.
SANTA CRUZ - BOLIVIA

Santa Cruz, 14 de julio de 1995
Cite: ADM/CON-007/95

Señor
Dr. Oscar Cortez Uzeda
**Presente**

REF.: CARTA - CONTRATO

De nuestra mayor consideración:

De conformidad con lo dispuesto por el Directorio Ejecutivo de FONPLATA en
el Acta de la 80ª Reunión del Directorio Ejecutivo y la Resolución R.D.
614/95, nos es grato hacerle llegar esta Carta-Contrato que contiene los
puntos correspondientes a su contratación.

| | | |
|---|---|---|
| a) | CATEGORÍA: | FUNCIONARIO INTERNACIONAL |
| b) | CARGO: | TESORERO (Jefe del Sector) |
| c) | FUNCIONES: | Las descritas en anexo, que forman parte del presente Contrato. |
| | | Se establece que las tareas bajo su responsabilidad no son taxativas y pueden incluir otras que propendan al mejor desarrollo de la institución, siempre y cuando se salve la Categoría Presupuestaria para la que fue contratado. |
| d) | ÁREA DE FUNCIONES: | FINANZAS Y ADMINISTRACIÓN, dependencia directa del Jefe del Área de Finanzas y Administración. |

...-BOLIVIA
...
...(04) 00322 - 30207 - 25253
...X - 23066 - 30311
...(591-04) 32097 - 32511
...Correo Nº 47
...2200 - 2586 FOPLATA BV

ASUNCION - PARAGUAY

Presidente Franco esq. Ayolas
Edificio Ayfra 10º Piso
Tells. (595-21) 498066 - 444653
FAX (595-21) 444653
Casilla Correo Nº 2701
Telex 44266 FOPLATA PY

SANTA CRUZ - BOLIVIA

Libertad Nº 009
Teléfonos (03) 344767 - 360266 - 360267
FAX (591-3) 345729 - 360276
Casilla Correo Nº 2690
Telex 4610 FONPLA BV



PLATA

e)  TÉRMINO DEL CONTRATO:     Período de Prueba de un año. Cumplido dicho período de conformidad con las exigencias de la Política de Personal de FONPLATA, se celebrará en su caso el contrato por un término de dos años. Vencido el término de dos años, el contrato podrá ser prorrogado por dos períodos de dos años de común acuerdo entre FONPLATA y el Funcionario.

f)  LUGAR DE TRABAJO:     Oficinas de FONPLATA en Santa Cruz o cualquier otro lugar que la institución determine.

g)  REMUNERACIÓN MENSUAL:     US$ 4,045.00 (cuatro mil cuarenta y cinco 00/100 dólares estadounidenses), correspondiente a la Categoría II Nivel 0, de la Escala de Sueldos de Funcionarios Internacionales, vigente.

h)  ASISTENCIA SOCIAL:     Seguro, médico, de accidentes, subsidio familiar, fondo de ahorro, gastos de instalación y retorno y otras prestaciones de acuerdo con lo previsto en la Política de Personal.

Si usted está de acuerdo con las condiciones arriba indicadas, le agradeceremos devolver firmado el original de esta Carta-Contrato, la que será debidamente registrada en la Secretaría Ejecutiva.

Con este motivo saludamos a Ud. muy atentamente.

Dr. Efraín Darío Centurión
DIRECTOR-TITULAR PARAGUAY
PRESIDENTE DEL DIRECTORIO

Lic. Luis Alberto Henin
SECRETARIO EJECUTIVO

Dr. Oscar Cortez Uzeda
TESORERO

Fecha de suscripción:   15 de julio de 1995
Período de vigencia:   un año a partir del 15 de julio de 1995

REPUBLIC OF BOLIVIA
Ministry of Foreign and Religious Affairs

[Seal: SECOND LABOR AND SOCIAL SECURITY COURT – CLERK'S OFFICE – SANTA CRUZ – BOLIVIA]
[Illegible Signature and Seal: *Manuel Cortéz Moscoso* – CLERK – ATTORNEY – SECOND COURT ON LABOR
AND SOCIAL SECURITY MATTERS – SANTA CRUZ – BOLIVIA]
[Seal: Received – November 14, 2002 – (Illegible) – Santa Cruz – RECEPTION]
[URGENT]
[La Paz, Nov. 13, 2002 – GM –DGAJ– J314/9862 – CLASSIFICATION: ORDINARY]
[In handwriting: 134]

To mister:
Lic. Walter Villalba Saldivar
EXECUTIVE SECRETARY OF FONPLATA
Ave. Irala N° 573
Santa Cruz

Re. Transmittal of Letter Rogatory

Mr. Executive Secretary,

For your information and all relevant purposes, I hereby send you attached the letter rogatory
issued by Mr. Severo Hurtado Ribera, First Circuit Judge On Labor And Social Security Matters
in and for the Judicial District of Santa Cruz, in the labor complaint for the collection of social
benefits filed by Oscar David Cortéz Uzeda against the Executive Secretary of Fonplata.

Yours sincerely,

jce/
Attachment: The above mentioned

[Illegible Signature]
[Seal: Edgar Pinto Tapia
GENERAL DIRECTOR OF BILATERAL AFFAIRS
Ministry of Foreign and Religious Affairs]
[Seal: ON THE INSTRUCTIONS OF THE
VICE-MINISTER OF FOREIGN POLICY]

FIRST COURT ON LABOR AND SOCIAL SECURITY MATTERS
SANTA CRUZ – BOLIVIA

Judge: Mr. SEVERO HURTADO RIBERA [Illegible Signature] [Seal: *Severo Hurtado Ribera* – FIRST JUDGE ON LABOR AND SOCIAL SECURITY MATTERS]

Clerk: Mrs. ROXANA ENCINAS CASTEDO [Illegible Signature] [Seal: *Ma. Roxana Encinas Castedo* – CLERK OF THE FIRST CIRCUMSCRIPTION COURT ON LABOR AND SOCIAL SECURITY MATTERS IN AND FOR THE CAPITAL CITY]
[Seal: REPUBLIC OF BOLIVIA - COURT ON LABOR AND SOCIAL SECURITY MATTERS - Santa Cruz de la Sierra]

## SUMMONS

This summons was issued upon request of Mr. Severo Hurtado Riberta, First Circuit Judge On Labor And Social Security Matters in and for the Capital City, for the purpose of requesting the Bolivian Foreign Office to summon and serve notice, through the pertinent office, on WALTER VILLALBA SALDIVAR, in his capacity as Executive Secretary of Fonplata, with the proceedings transcribed below, which include the labor complaint for the collection of social benefits filed by Oscar David Cortez Uzeda against the Executive Secretary of Fonplata, Walter Villalba Saldivar. Upon fulfillment, return original copies duly served.

&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&

FILED COMPLAINT ON PAGES 122 – 125

YOUR HONOR ON DUTY FOR LABOR MATTERS AND SOCIAL SECURITY

CLAIM: PAYMENTS OF SOCIAL BENEFITS

PETITIONS:

OSCAR DAVID CORTEZ UZEDA, with Nat'l ID Card No. 77778 Cbba., of the age of majority, married, a resident of this city on calle [street] Jororí No. 205, before Your Honor I do respectfully petition:

That by means of the Contract dated July 14, 1995, the FONPLATA Executive Board of Directors, by means of RD No. 614/95 did make provisions to hire me to undertake the position of TREASURER (Sector...

....Head) under the category of International Officer (pgs. 2) setting, by way of the provisions of the Entity's International Policy, the contract terms and probationary period of international employees assigned to FONPLATA, and subject to the following terms (pgs. 1):

a)  The probationary period shall be one year.
b)  Once the probationary period has been completed, in your case a contract will be signed for the duration of two years.
c)  Once the two-year contract has expired, the contract could be extended by mutual agreement between FONPLATA and the employee, of two periods for two years each.

In this regard, the contract duration is for seven years, namely, one year probation, and three two-year periods. Now, according to the Letters Extending the Contract, dated April 18, 1997 (pgs. 4 to 5) and November 18, 1999 (pgs. 6 to 7), the FONPLATA Executive Board of Directors made provisions to extend my contract for the same position and under the same category, that is, for two (2) more periods, with another two-year period pending extension of the Contract.

However at the 98th Meeting of the Executive Board of Directors, and by virtue of having supposedly considered the Rotations of the positions for the Area Heads and others, amongst them Treasury, in point 7.21: the Executive Board of Directors illegally decided not to extend my employment contract (see pgs. 17), basing erroneously its position on a supposed rotation of positions, when it conditioned, and I quote, "The beginning of the process for s public call and selection for the position of Treasurer shall be subject to the deliberations of the Executive Board of Directors with regards to the rotation of the positions," which was expressly rejected by the Ministry of Finance.  The FONPLATA Governor for Bolivia (the maximum authority in the Organization), who set his position in the communiqués (See pgs. 18 to 23), his peers, the Minister-Governors for Brazil,...

...Argentina, Uruguay, and Paraguay, moreover, instructing Director for Bolivia by means of a NOTE, expressed two points:

> FIRST: The Country's position of NOT accepting the rotation of positions, and SECOND: On the basis of an EXCELLENT performance appraisal of the compatriot Dr. Oscar D. Cortez Uzeda, gives way to expressly pronouncing that we maintain Dr. Cortez in his position as Treasurer.

In spite of the EXCELLENT appraisal of my work and performance in the financial years 1996, 1998, and 2000 made by the Area Head (See pgs. 9 to 16) and the express position of our Country to keep me in that position, the Executive Board of Directors did NOT allow the conclusion of the last two-year period of the contract, unilaterally breaking said contract by means of Memo SE-250/2000, (See pgs. 71) without any justifiable cause at all be it of an administrative, labor, legal, or any other order, consequently constituting this in a FORCEFUL REMOVAL, violating articles 156 and 157 of the Political Constitution of the State and Article 4 of the General Labor Law, in spite of the fact that the Master Agreement between the Republic of Bolivia and the *Fondo Financiero para el Desarrollo* de la Cuenca del Plata [Financial Fund for Developing the River Plate Basin] "FONPLATA" (See pgs. 119 to 128) in ARTICLE FOURTEEN establishes that in these cases it shall apply Bolivian law and I quote:

> "The labor practices and social benefits applicable to the FUND's personnel can be established by [FONPLATA] in the sense that its provisions shall not be less advantageous than those in effect in Bolivia; **in any case, the administrative personnel hired by the FUND shall be protected by the applicable social and labor laws in the Republic of Bolivia."**

In light of this illegal and arbitrary action, I had no other alternative than to file an Appeal for Constitutional Protection (See pgs. 73 to 75), petitioning that they respect the procedural norms, every time with this implicitly unconstitutional...

...decision infringes upon constitutional guarantees provided for concretely in the Political Constitution of the State in its Articles 156 & 157 regarding the Social System which state, "EMPLOYMENT IS A DUTY AND A RIGHT, AND CONSITUTES THE BASIS OF [OUR] SOCIAL AND ECONOMIC ORDER, MOREOVER, IT ENJOYS PROTECTION BY THE STATE." The Constitutional Appeal that was processed and resolved on the first matter by the Social and Administrative Chamber of the Honorable Superior District  Court declared it LAWFUL (See pgs. 79 to 80) providing "the invalidity of every action by the authority appealed, having to proceed in the manner as so corresponds." It should be mentioned, that in order to have me removed in this manner, they must present me with notice personally, subjecting themselves to the Statutes of the Administrative Tribunal, in accordance with what is provided for in Article 19 of the aforementioned Legal Body. This Constitutional Sentence was APPROVED by the Constitutional Tribunal by means of Sentence N° 1125/01-R, dated October 19, 2001 (See pgs 91 to 95).  These documents merit credence as evidence for the express provisions of Article 1296 of the Civil Code.

However, having proceeded with serving notice through Ministry of External affairs and Worship by means of a Letters Rogatory with the constitutional rulings, presented to the Executive Secretary at FONPLATA, Mr. WALTER VILLALBA SALDIVAR (See pgs. 104 to 110) who replace Pedro Luiz Pinheiro Da Costa in the position, as well as the constant complaints (See pgs. 111 to 118) and the professional performance appraisal for 2000, 1998, 1997, and 1996, on the basis of which the GOVERNOR FOR BOLIVIA expressly instructed the extension of the last contract period (See pgs. 22).  The FONPLATA Executive insists and persists in a beseeching manner to keep me outside the institution without any...

…just cause, infringing on the DUE PROCESS which by national provisions and International Agreements should be respected, violating my constitutional guarantees set forth in Articles 156 and 157 of the Social System in the Political Constitution of the State. Under no circumstances did they pay me in full my social benefits which ascend to the sum of US$ 285,777.51 (TWO HUNDRED EIGHTY FIVE THOUSAND SEVEN HUNDRED SEVENTY SEVEN 51/100 AMERICAN DOLLARS) as can be evidenced by the attached Severance Slip which expressly states, subject to review and approval by the Ministry of Labor and Social Security.

It being totally ostensible that the former and the current Executive Secretary at FONPLATA, denied compliance with the CONSITUTIONAL rulings, as well as have no knowledge of the reports made on my behalf by the GOVERNOR FOR BOLIVIA, Lic. Ronald Maclean Abaroa, in his capacity as Minister of Finance, before the Organization and other Governors, to unilaterally by means of Memo SE 250/2000 communicate the discontinuance of my labor relationship with the Organization (FONPLATA) without any defense, complying with FONPLATA's Administrative Tribunal Statutes, constituting this in a FORCEFUL REMOVAL, since in its Article 19 it sets forth that the Executive Secretary should provide for my personal notice, so as to, comply with what is set forth in the aforementioned Article 19, and I quote, "The recourse for appealing before the Tribunal shall be filed, without the penalty of lapsing, within thirty (30) days commencing with and following the PERSONAL NOTIFICATION of the APPEALING PARTY." In rejecting my petition the also don't want to pay me the social benefits which by law correspond to me, in spite of the existence of a CONSTITUTIONAL SENTENCE, it being therefore a totally unconstitutional and illegal decision, to the extent of committing a violation of…

... law of DISOBEDIENCE TO THE RESOLUTIONS IN AN HABEAS CORPUS PROCEEDING AND CONSTITUTIONAL DEFENSE as established in Article 179 Twice of the Penal Code, which in protecting my rights, I will apply whatever way deemed necessary.

For having failed to act on the obligation of the Constitutional Proceedings resolved by the Constitutional Tribunal, as well as the constant claims made not only through the Ministry of Foreign Affairs, but also directly through letters, and not obtaining a favorable response thereto, and with this petition holding to the provisions of Articles 117 to 120 of the Proceedings Code for Labor Matters, I am obliged to file suit for the Payment of Social Benefits for the sum of US$285,777.51 (TWO HUNDRED EIGHTY-FIVE THOUSAND SEVEN HUNDRED SEVENTY'SEVEN 51/00 AMERICAN DOLLARS) directing the legal action against the legal representative of the *Fondo Financiero para el Desarrollo de la Cuenca del Plata*, Mr. WALTER VILLALBA SALDIVAR, since the former [representative], Mr. Pedro Luiz Pinheiro Da Costa, was removed from his position, seeking protection in Articles 4, 6, 10, 12, 13, 44, 48, and 57 of the General Labor Law; and Articles 156 and 156 of the Political Constitution of the State; and Article FOURTEEN of the Master Agreement between the Government of the Republic of Bolivia and the *Fondo Financiero para el Desarrollo de la Cuenca del Plata FONPLATA*, petitioning that Your Honor admit the matter and impart the formalities of Law until the status of pronouncing sentence thereon, declaring PROVEN my claim, and accordingly order the payment and settling the manner I have presented within the term of the third day, plus court costs and expenses.

1ST ADDITIONAL PETITION. The *Fondo Financiero para el Desarrollo de la Cuenca del Plata*-FONPLATA and its legal representative, Mr. WALTER VILLALBA SALDIVAR, Executive Secretary for FONPLATA have their...

... legal domicile in the FONPLATA offices located at Av. Irala 573 [Santa Cruz, Bolivia].

2ND ADDITIONAL PETITION.   Taking into consideration that the FONPLATA Executive Secretary, Mr. Walter Villalba Saldivar, is an employee that Bolivia had the courtesy to grant a Diplomatic rank, I request of Your Honor that the notice served to him be done via the Ministry of Foreign Affairs and it also be by Letters Rogatory, inserting the pertinent charges, especially the summons, with his legal domicile being Av. Irala N° 573.

3RD ADDITIONAL PETITION.  Since the defending party is an International Body, I petition of Your Honor that intervention be through the Office of the Attorney General (Ministry of the Public) and the Ministry of Foreign Affairs.

4TH ADDITIONAL PETITION.  I am attaching in the capacity as preconstituted documentary evidence the documentation on pgs 130.

5TH ADDITIONAL PETITION.  I request that Your Honor order that the [original] Master Agreement between the Government of Bolivia and the *Fondo Financiero para el Desarrollo de la Cuenca del Plata* FONPLATA, be removed from the court records and held, and in its place should remain duly legalized photocopies thereof.

6TH ADDITIONAL PETITION. The professional fees be based on the contract signed by both parties.

7TH ADDITIONAL PETITION.   Domicile: Av. Monsenor Rivero No. 245, Third Floor, of 3-4.

Justice, etc... - Santa Cruz[, Bolivia], October 9, 2002.

Illegible Signature – Oscar David Cortez Uzeda – Plaintiff.

Illegible Signature – Rodolfo Melgarejo del Castillo – Attorney.

%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%

SUPREME COURT'S ACKNOWLEDGEMENT OF RECEIPT ENTERED ON PAGE 125.
Submitted at 11:40 on October 24, 2002...

... Be it hereby stated and recorded. Documents are attached on page 121.

Illegible signature. Katherine Vaca Frias. Assistant of the Social and Administrative Division. Santa Cruz – Bolivia.

Assignment of cases. Supreme Court of Justice, Social and Administrative Division. Assigned to the First Court on Labor and Social Security Matters.

Johnny Vaca Diez. V.D., Judge of the Court, Social and Administrative Division. Superior District Court.

Danny Camacho Pereyra. Court Clerk, Social and Administrative Division of the S.R. Superior District Court.

%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%

COURT'S ACKNOWLEDGEMENT OF RECEIPT ENTERED ON PAGE 125.

Received at 11:30 on October 25, 2002 and processed on the same day. Documents are attached on page 121. Be it hereby stated and recorded.

Illegible signature. Glessy Antelo Salas. Assistant of the First Court on Labor and Social Security Matters.

ADMISSION OF COMPLAINT ENTERED ON PAGE 126.

on October 29, 2002.

HAVING REVIEWED the documents attached to the complaint; and

CONSIDERING that the review of such documents and the complaint entered on pages 112 to 125 evidences that such document meet the requirements established in Section 117 of the Code of Labor Procedure,

THEREFORE, as regards the law, this complaint filed by OSCAR DAVID CORTEZ UZEDA against the FONDO FINANCIERO PARA EL DESARROLLO DE LA CUENCA DEL PLATA – FONPLATA, represented by its current Executive Secretary for Bolivia, Mr. Walter Villalba Saldivar, is admitted and Defendant is requested to answer, under the...

...penalties prescribed by the law.

First additional pleading: Consider the domicile of the Executive Secretary of FONPLATA, Walter Villalba Saldivar, stated at Ave. Irala No. 573.

Second additional pleading: Enforce Section 4 of Supreme Decree 08270 dated February 21, 1968, and summon Defendant through the General Foreign Office of the Republic by means of a Letter Rogatory, at the domicile referred to above, Ave. Irala No. 573.

Third additional pleading: Considering it is an International Agency, inform the General Foreign Office of the Republic and the Office of the Attorney General about such complaint.

Fourth additional pleading: It is acknowledged.

Fifth additional pleading: Through the Clerk, remove pages from the records, leaving authenticated copies in stead.

Seventh additional pleading: It is acknowledged.

Fourth additional pleading: Consider the domicile for service of process stated at Ave. Monseñor Rivero No. 245, in this city.

BE IT RECORDED AND NOTIFIED.

Illegible signature. Mr. Severo Hurtado Ribera. First Judge on Labor and Social Security Matters. Santa Cruz, Bolivia.

Before me. Illegible signature. Ma. Roxana Encinas Castedo. Clerk of the First Circuit Court on Labor and Social Security Matters in and for the Capital City.

Recorded in Book No. 02/02.

Illegible signature. Glessy Antelo Salas. Assistant of the First Circuit Court on Labor and Social Security Matters. Superior District Court. Santa Cruz, Bolivia.

NOTHING ELSE TO ADD WITH RESPECT TO THE RELEVANT PURPOSES.

Santa Cruz de la Sierra. October 31, 2002...

Law Firm
Melgarejo & Asociados

TO YOUR HONOR FIRST JUDGE ON LABOR AND SOCIAL SECURITY MATTERS.
Entry of appearance.
First additional pleading: The Letter Rogatory is returned.
Other additional pleadings.

RODOLFO MELGAREJO DEL CASTILLO and KARINA ARTEAGA ROJAS, in the labor proceedings filed against FONPLATA, before Your Honor, state the following:

By virtue of Certified Copy No. 1572/2002 of the special power of attorney duly granted before Notary Public of First Class No. 13, under the responsibility of Mr. David A. Paniagua Figueroa, we appear and hereby request that our capacity as a party to this case be acknowledged and that notice be served on us with respect to any further proceedings.

First additional pleading: Having served the Letter Rogatory issued under your authority, through the Foreign Office of the Republic, we return such instrument and request that it be entered into the records of the case.

Second additional pleading: Since the Defendant agency was summoned and failed to answer within the legal term (5 days pursuant to Section 124 of the C.P.T.), we hereby request Your Honor that Defendant be held in default in accordance with Section 141 of the abovementioned regulation.

Third additional pleading: Once Your Honor declares Defendant in default, we hereby request that the domicile for service of process of FONPLATA be established at the Clerk's Office, upon the compliance of any legal formalities.

Let justice be done.

Santa Cruz, January 7, 2003

[Illegible signature] [Seal: **Rodolfo Melgarejo del Castillo**. Attorney. Court register 473. Bar Association 327. License 6565. Income registration 7080001579-3]

And Attorney-in-Fact [illegible signature]

*Av. Monseñor Rivero 245. Edif. Monseñor Rivero Piso #3. Of. 3-A. Phone No. 369177 334701. Fax No. 339970. Santa Cruz, Bolivia.*

Received at 16:14 on January 07, 2003. Be it hereby stated and recorded. 8 pages attached.

[Seal: *Glessy Antelo Salas* – COURT ASSISTANT – FIRST CIRCUMSCRIPTION ON LABOR AND SOCIAL SECURITY MATTERS – SUPERIOR DISTRICT COURT – SANTA CRUZ – BOLIVIA]

# AFFIDAVIT OF TRANSLATOR

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )

I, FERNANDO PLANCHART, being duly sworn, depose and state:

    1. That I reside at 101 West 78th Street, New York, NY 10024;

    2. That I am proficient in translation of the Spanish language into the English language; and

    3. That I certify that, to the best of my knowledge, the attached translation is accurate.

FERNANDO PLANCHART

Sworn to before me this 9th day of August, 2007

NOTARY PUBLIC

KATERINA I. GRAJALES
Notary Public, State Of New York
No. 01GR6010801
Qualified in N.Y. County
Commission Expires 4/5/20 11

REPUBLICA DE BOLIVIA

MINISTERIO DE RELACIONES
EXTERIORES Y CULTO

Manuel Cortéz Moscoso
SECRETARIO - ABOGADO
JUZGADO 2do. DE TRABAJO Y S.S.
SANTA CRUZ - BOLIVIA

RECIBIDO
1 4 NOV. 2002
RECEPCION

MUY URGENTE

La Paz, 13 NOV. 2002
GM – DGAJ – 1314 /9262
CLASIFICACIÓN: ORDINARIA

Al señor:
Lic. Walter Villalba Saldivar
SECRETARIO EJECUTIVO DE FONPLATA
Av. Irala N° 573
Santa Cruz.-

Ref. Remisión de exhorto

Señor Secretario Ejecutivo:

Para su conocimiento y fines consiguientes, tengo a bien remitir en anexo, el exhorto suplicatorio librado por el Dr. Severo Hurtado Ribera, Juez Primero de Partido de Trabajo y Seguridad Social del Distrito Judicial de Santa Cruz, en la demanda laboral de cobro de beneficios sociales interpuesta por Oscar David Cortéz Uzeda contra el Secretario Ejecutivo de Fonplata.

Con este motivo, expreso a usted las seguridades de mi más distinguida consideración.

jce/
Anexa: Lo citado

Edgar Pinto Tapia
DIRECTOR GENERAL DE ASUNTOS BILATERALES
Min. Relaciones Exteriores y Culto
POR INSTRUCCIONES
DEL SEÑOR VICE MINISTRO
DE POLITICA EXTERIOR

3



JUZGADO PRIMERO DEL TRABAJO Y SEGURIDAD SOCIAL

SANTA CRUZ - BOLIVIA

JUEZ:        Dr. SEVERO HURTADO RIBERA

SECRETARIA:  Dra. ROXANA PAREDES CASTEDO

EXHORTO SUPLICATORIO

MANDADO A LIBRAR POR EL DR. SEVERO HURTADO RIBERA, JUEZ PRIMERO
DE PARTIDO DE TRABAJO Y SEGURIDAD SOCIAL DE LA CAPITAL, PIDIENDO
A LA CANCILLERIA DE LA REPUBLICA DE BOLIVIA PARA QUE POR LA
OFICINA CORRESPONDIENTE, PROCEDA A LA CITACION Y NOTIFICACION A
WALTER VILLALBA SALDIVAR EN SU CALIDAD DE SECRETARIO EJECUTIVO
DE FONPLATA, CON LOS ACTUADOS QUE A CONTINUACION SE TRANSCRIBEN,
QUE CONTIENE LA DEMANDA LABORAL DE COBRO DE BENEFICIOS SOCIALES
INTERPUESTA POR OSCAR DAVID CORTEZ UZEDA CONTRA EL SECRETARIO
EJECUTIVO DE FONPLATA, WALTER VILLALBA SALDIVAR, CUMPLIDO QUE
SEA SE DEVUELVA EN ORIGINALES DEBIDAMENTE DILIGENCIADOS.=

DEMANDA CURSANTE, FFS. 124 a 125.=

SEÑOR JUEZ DE TURNO DE TRABAJO Y SEGURIDAD SOCIAL

DEMANDA COBRO DE BENEFICIOS SOCIALES

OTROSIES.-

OSCAR DAVID CORTEZ UZEDA con C.I. Nº 978 Cbba., mayor de
edad, casado, domiciliado en calle Junín Nº 2075 de esta
ciudad, ante Vs. Rs. respetuosamente digo:

Por el Contrato de 14 de marzo de 1.995, el
Directorio Ejecutivo de FONPLATA por R.D. Nº 614/95 dispone mi
contratación para desempeñar el cargo de TESORERO (Jefe de

Sector en la Categoría Funcionario (Internacional) (Fs. 2)

fijando las disposiciones de "Política Internacional de la

entidad, los plazos de los contratos y periodos de prueba de los

funcionarios internacionales que se designa en FONPLATA y que

están sujetos a los siguientes términos (TEXTA):

a) El periodo de prueba será de un año.----------

b) Cumplido el periodo de prueba se celebrará en su caso el
contrato por un término de dos años.----------

c) Vencido el término de dos años, el contrato podrá ser
prorrogado de común acuerdo entre FONPLATA y el funcionario
por dos periodos de dos años cada uno.--------------------

En este sentido son 7 años de contrato, esto es, 1 año de

prueba y 3 periodos de 2 años cada uno. Ahora bien, de acuerdo a

las Cartas Prorrogas de Contratos de fechas 18 de Abril de 1.997

(Fs. 4 a 5) y 18 de Noviembre de 1.998 (Fs. 6 a 7) el Directorio

Ejecutivo de FONPLATA dispuso la prorroga de mi contratación en

el mismo cargo y bajo la misma categoría, esto es, por dos (2)

periodos más, quedando pendiente un otro periodo de dos años de

prorroga de Contrato.--------------------------------------

Sin embargo, en la 98ª Reunión del Directorio Ejecutivo y

en virtud de haber considerado supuestamente la Rotatividad de

los cargos desde las Jefaturas de Areas y otros, entre ellos la

Tesoreria en el punto 7.2.1.; el Directorio Ejecutivo

ilegalmente decide NO prorrogar el plazo de mi contrato de

trabajo (Vease fs. 17); fundamentando erróneamente su posición

en una supuesta rotatividad de cargos, cuando condiciona

textualmente *"El inicio del proceso de convocatoria y selección

para el cargo de Tesorero estará sujeto a las deliberaciones del

Directorio Ejecutivo con relación a la rotatividad de los

cargos"*, que fuera expresamente rechazada por el Ministro de

Hacienda, Gobernador de Bolivia ante FONPLATA (máxima autoridad

en el Organismo), que fijo su posición en comunicaciones (Vease

fs. 18 a 23) a sus pares los Ministro-Gobernadores de Brasil,



Manuel Cortez Moscoso
SECRETARIO - ABOGADO
JUZGADO 2do. DE TRABAJO Y S.S.
SANTA CRUZ - BOLIVIA

Argentina, Uruguay y Paraguay, además instituyendo mediante NOTA

1  al Director por Bolivia, expresamente dos puntos:

2     PRIMERO.- La posición de mi País de NO aceptar la
3  rotación de cargos y SEGUNDO.- Dada la EXCELENTE evaluación del
4  compatriota Dr. Oscar D. Cortez Uzeda, lo que da lugar
5  de Tesorero al Dr. Cortez.

6     Pese a la EXCELENTE evaluación de mi trabajo desempeñado en
7  las gestiones 1996, 1998 y 2000 efectuada por parte del Jefe de
8  Area (Vease fs. 9 a 14) y la expresa posición nuestro País de
9  mantenerme en el cargo, el Directorio Ejecutivo Itinerante NO
10  permitió la finalización último período del contrato por los
11  dos últimos años, quebrantando así unilateralmente el mismo,
12  mediante CITE SE-250/20  (Vease fs. 71) sin absolutamente
13  ninguna causa justifica                  administrativo, Laboral,
14  jurídica o de cualquier          con       yendo consecuentemente
15  ésto un RETIRO FORZOSO,  ando         Art.  156 y 157 de la
16  Constitución Política d   Estado, ar          de la Ley General
17  del Trabajo; pese a que     Convenio de      entre la República
18  de Bolivia y el Fondo Fin  ciero para el Desarrollo de la Cuenca
19  del Plata "FONPLATA" (Ve   fs. 11   al 128)  su ARTICULO DECIMO
20  CUARTO establece que en estos         aplicación la Ley
21  Boliviana, cuando textualm

22     "El régimen laboral y de ben ficios ales aplicable al
23  personal del FONDO         en el
24  sentido de que sus disposiciones no      n menos ventajosas
25  que las vigentes           en cuanto caso  el
26  personal   administrativo  contratado
      por el FONDO se encuentra   amparado
      por las leyes  sociales  y laborales
      vigentes          en    la    República  de
      Bolivia".

27     Ante este acto ilega                no tuve otra
28  alternativa que interponer Recurso de Amparo Constitucional
29  (Vease fs. 73 a 75), pidiendo se respeten las normas
      toda vez que con esa determinación incon

indiscutiblemente se ... vincula con las garantias constitucionales previstas en el Régimen Social de la Constitución Política del Estado, concretamente en los articulos 156 y 157 que determinan "EL TRABAJO ES UN DEBER Y UN DERECHO, Y CONSTITUYE LA BASE DEL ORDEN SOCIAL Y ECONOMICO", ADEMAS GOZAN DE LA PROTECCION DEL ESTADO"; Recurso Constitucional que fue procesado y resuelto en primera instancia por la Sala Social y Administrativa de la Respetable Corte Superior del Distrito declarándolo PROCEDENTE (Vease fs. 79 a 80) y disponiendo "la nulidad de toda actuación de la autoridad recurrida, debiendo procederse en la forma que corresponde", vale decir, que para retirarme de esa forma necesariamente debian notificarme personalmente, sujetándose al Estatuto del Tribunal Administrativo, conforme lo dispone el articulo 19 del citado cuerpo legal. Esta Sentencia Constitucional fue APROBADA por el Tribunal Constitucional mediante Sentencia NO 1125/01-R de fecha 19 de Octubre de 2.001 (Vease fs. 91 a 96), documentos que merecen entera fe probatoria por expresa determinación del articulo 1.296 del Código Civil.

No obstante de haberse procedido a la notificación via Cancillería mediante exhorto suplicatorio con los fallos Constitucionales, al Secretario Ejecutivo de FONPLATA, señor WALTER VILLALBA SALDIVAR (Vease fs. 104 a 110) que sustituyo en el cargo a Pedro Luiz Pinheiro Da Costa, asi como a los administrativos (Vease fs. 111 a 116) y la evaluación de desempeño profesional de los años 2000, 1996,1997, y 1.996 en base a los cuales el GOBERNADOR POR BOLIVIA instruyo expresamente la prorroga por el ultimo periodo del contrato (Vease fs. 22), el Ejecutivo de FONPLATA insiste y persiste en forma obsecada a mantenerme fuera de la institución sin ninguna