

causa justificada, conculcándose Santa CRUZ de DEBIDO PROCESO que por disposiciones nacionales y Convenios Internacionales debe respetarse, violentando mis garantías constitucionales previstas en los Arts. 156 y 157 del Régimen Social de la Constitución Política del Estado, por cuanto tampoco me canceló la totalidad mis beneficios sociales que alcanzan la suma de $us 285.777.51 (DOSCIENTOS OCHENTA Y CINCO MIL SETECIENTOS SETENTA Y SIERE 51/100 DOLARES AMERICANOS), conforme se evidencia por el finiquito adjunto que expresamente dice sujeto a revisión y aprobado por el Ministerio del Trabajo y Seguridad Social.

Siendo totalmente censible que el anterior y el actual Secretario Ejecutivo de FONPLATA se negaron a dar cumplimiento a los fallos CONSTITUCIONALES así mismo desconocer los informes realizados en mi favor por el GOBERNADOR POR BOLIVIA, Lic. Ronald Maclean Abaroa, en su calidad de Ministro de Hacienda, ante el Organismo y de los Gobernadores en forma unilateral mediante CITE:SE-250/2000 me comunica la cesación de mi relación laboral con el Organismo (FONPLATA) sin empero cumplir con el Estatuto del Tribunal Administrativo de FONPLATA, CONSTITUYENDO ESTO UN RETIRO FORZOSO toda vez que en su artículo 19 señala que la Secretaría Ejecutiva debió disponer mi notificación personal, para cumplir con el mencionado artículo 19 que textualmente dice: "Los recursos de apelación ante el Tribunal deberán interponerse, so pena de caducidad, dentro de los 30 días corridos y siguientes de la NOTIFICACION PERSONAL AL RECURRENTE". Al rechazar mi petición curiosamente tampoco quieren cancelarme los beneficios sociales que por ley me corresponde, pese a la existencia de una SENTENCIA CONSTITUCIONAL, siendo por lo tanto esa determinación totalmente inconstitucional e ilegal, al extremo de cometer el delito de

DESOBEDIENCA A RESOLUCIONES EN PROCESO DE HABEAS CORPUS Y AMPARO

CONSTITUCIONAL previsto en el articulo 179 Bis del Código Penal, que en resguardo de mis derechos haré valer por la vía que corresponde.

Al haberse hecho caso omiso al Amparo Constitucional resuelto por el Tribunal constitucional, asi como a los constantes reclamos realizados tanto via cancilleria como directamente mediante cartas, al no obtener una respuesta favorable, guardando la presente demanda las previsiones de los articulos 117 a 120 del Código Procesal del Trabajo, me veo obligado a demandar el COBRO DE MIS BENEFICIOS SOCIALES en la suma de sus 285.777,51 (DOSCIENTOS OCHENTA Y CINCO MIL SETECIENTOS SETENTA Y SIETE 51/100 DOLARES AMERICANOS), dirigiendo la acción en contra del personero legal actual del Fondo Financiero para el Desarrollo de la Cuenca del Plata FONPLATA señor WALTER VILLALBA SALDIVAR; al haber sido removido de sus funciones el anterior señor Pedro Luiz Pinheiro Da Costa, amparado en los articulos 4, 6, 10, 12, 13, 44, 48 y 170 de la Ley General del Trabajo, arts. 156 y 157 de la Constitución Politica del Estado, articulo DECIMO CUARTO del Convenio de Sede entre el Gobierno de la Republica de Bolivia y el Fondo Financiero para el Desarrollo de la Cuenca del Plata "FONPLATA", pidiendo a su autoridad se sirva admitir la demanda e imprimirle el trámite de Ley hasta el estado de dictar Sentencia, declarando PROBADA mi demanda y en consecuencia ordenar su pago en la forma que tengo presentada la liquidación en el término de tercero dia, más gastos y costas del juicio.

OTROSI 1o.- El Fondo Financiero para el Desarrollo de la Cuenca del Plata FONPLATA y su personero legal, señor WALTER VILLALBA SALDIVAR, Secretario Ejecutivo de FONPLATA, tiene su

Manuel Cortez Moscoso
SECRETARIO - ABOGADO
JUZGADO 2do. DE TRABAJO Y S.S.
SANTA CRUZ - BOLIVIA

domicilio en las Oficinas de FONPLATA ubicadas en la Av. Irala

1  No 573.

2  OTROSI 2o.- Teniendo en consideración que el Secretario

3  Ejecutivo de FONPLATA, señor Walter Villalba Saldívar, es un

4  funcionario a quien Bolivia de cortesía dio rango

5  diplomático, solicito a su autoridad que la notificación a su

6  persona se la haga vía Cancillería o sea mediante exhorto

7  suplicatorio, con inserción de los recaudos pertinentes, en

8  especial de la cédula citatoria, siendo su domicilio en la Av.

9  Irala No 573.------

10  OTROSI 3o.- Tratándose que la Institución demandada es un

11  Organismo Internacional, pido a su autoridad se sirva dar

12  intervención al Ministerio Público en la persona del Fiscal de

13  OTROSI 4o.- Acompaño a manera de prueba reconstituida la

14  documentación en fs. 121

15  OTROSI 5o.- Solicito a su autoridad se sirva ordenar se

16  proceda al desglose y entrega del Convenio de Sede entre el

17  Gobierno de la República de Bolivia y el Fondo Financiero para

18  el Desarrollo de la Cuenca del Plata FONPLATA, debiendo quedar

19  en su lugar fotocopias debidamente legalizadas.

20  OTROSI 6o.- Los honorarios profesionales se rigen por iguala

21  firmadas entre partes.

22  OTROSI 7o.- Domicilio: Av. Monseñor Rivero No 245, Tercer Piso,

23  Of. 3-A.

24  Justicia, etc... Santa Cruz, 9 de octubre de 2002.

25  Fdo. Ilegible.- Oscar David Cortez Ojeda.- Demandante.

26  Fdo. Ilegible.- Rodolfo Melgar Melgar.- Abogado.

27

28  CARGO DE LA CORTE DE FS. 125.-

Presentado a horas 11:40 del día veinticuatro de octubre del año

2.002.- conste.- Adj. doc. a Fs. 121.-

30 Fdo. Ilegible.- Katherine Vaca Frias.- Auxiliar de la Sala

31 Social y Administrativa.- Santa Cruz - Bolivia.------------

32 -Sorteo de Causas.- Corte Superior de Justicia, Sala Social y

33 Administrativa.- Sorteado al Juzgado 1º de Trabajo y S.S.-

34 Dr. Johnny Vaca Diez V.D.- Vocal de Corte, Sala Social y

35 Administrativa.- Corte Superior de Distrito.- ------------

36 Dra. Danny Camacho Pereyra.- Secretaria de Camara de la Sala

37 Social y Administrativa de la S.R. la Corte Superior de

38 Distrito.------------

39 % % % % % % % % % % % % % % % % % % % % % % % % % % % % %

40 CARGO DEL JUZGADO DE FS. 125.-

41 Recibido a horas once y treinta del dia veinticinco de octubre

42 del año 2.002.- ingreso a despacho en el dia.- Adj. Doc. en fs.

43 121.- Conste.------------

44 - Fdo. Ilegible.- Glessy Antelo Salas.- Auxiliar del Juzgado

45 Primero de Trabajo y Seguridad Social.------------

46 % % % % % % % % % % % % % % % % % % % % % % % % % % % % % %

47 AUTO DE ADMISION DE DEMANDA DE Fs. 126.-

48 a 29 de octubre del 2.002

49 VISTOS: La documentación acompañada a la demanda; y,

50 CONSIDERANDO: Que de la revisión de dicha documentación y la

51 demanda de fs. 112 a 125, se evidencia que la misma cumple con

52 los requisitos establecidos en el art. 117 del Código Procesal

53 del Trabajo.------------

54 POR TANTO: En lo pudiere haber lugar a derecho, se admite la

55 presente demanda de OSCAR DAVID CORTEZ UZEDA contra EL FONDO

56 FINANCIERO PARA EL DESARROLLO DE LA CUENCA DEL PLATA - FONPLATA,

57 en la persona de su actual Secretario Ejecutivo para Bolivia

58 señor Walter Villalba Saldivar, se sirva responder bajo los



139

apercibimientos de ley.——————————————————————

Al Otrosi 1º.- Por señalado el domicilio del Secretario Ejecutivo de FONPLATA, Walter Villalba Saldivar, Av. Irala Nº 573.——————————————————————————————————

Otrosi 2º.- Dése cumplimiento al art. 4º del D.S. 08270 del 21 de febrero de 1.968 y cítese al demandado Via Cancilleria General de la República y sea mediante Exhorto Suplicatorio, en el domicilio señalado la Av. Irala Nº 573.———————————

Otrosi 3º.- Tratándose de un Organismo Internacional, hágase conocer dicha demanda a la Cancillería General de la República y Ministerio Público.————————————————————

Otrosi 4º.- Se tiene presente.————————————————

Otrosi 5º.- Por secre...... desglosese, dejando fotocopias legalizadas en su lugar.————————————————————

Otrosi 7º.- Se tiene presente.————————————————

Otrosi 8º.- Por señalado el domicilio procesal, av. Monseñor Rivero No. 245 de esta ciudad.———————————————

REGISTRESE Y NOTIFIQUESE.

Fdo. Ilegible. Dr. Sev... Hurtado Rib... Juez Primero del Trabajo y Seguridad Social Santa Cruz Bolivia.————————

Ante Mi. Fdo. Ilegible. Ma Roxana Encinas Castedo Secretaria del Juzgado de Partido Primero del Trabajo y Seguridad Social de la Capital.

Reg. en el libro Nº 02/02.

Fdo. Ilegible. Glessy Antelo Gata. Auxiliar 1º de Partido del Trabajo y Seguridad Social. Corte Superior del Distrito Santa Cruz - Bolivia.

&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&

ES TODO CUANTO SE PUBLICA PARA LOS FINES CONSIGUIENTES.

Santa Cruz de la Sierra 31 de Octubre de 2.002



*Jurídico*

# MELGAREJO & ASOCIADOS

SEÑOR JUEZ PRIMERO DEL TRABAJO Y SEGURIDAD SOCIAL.-

Apersonamiento.-

OTROSI 1o.- Devuelve exhorto suplicatorio.-

OTROSIES.-

RODOLFO MELGAREJO DEL CASTILLO y KARINA ARTEAGA ROJAS en el proceso laboral seguido contra FONPLATA, ante Ud. respetuosamente decimos:

En mérito al Testimonio Nº 1572/2002 sobre poder especial y bastante otorgado ante Notario de Fe Pública de Primera Clase Nº 13 a cargo del Dr. David A. Paniagua Figueroa, nos permitimos apersonarnos, pidiendo se sirva tenernos como parte en el presente caso de autos y disponer se entiendan con nuestras personas ulteriores diligencias.

OTROSI 1o.- Habiendo sido diligenciada el Exhorto Suplicatorio librado por su autoridad, a traves de la Cancilleria de la República, nos permitimos devolver el mismo y pedimos se adjunte a obrados.

OTROSI 2o.- Toda vez que la institución demandada no obstante a su citación, no ha contestado dentro del plazo legal (5 dias art. 124 C.P.T.), solicito a su autoridad se digne declararla rebelde y contumaz, sea conforme a lo previsto en el articulo 141 de la norma adjetiva laboral.

OTROSI 3o.- Una vez su autoridad declare rebelde y contumaz a la institución demandada, pido se tenga como domicilio procesal de FONPLATA la Secretaria del Juzgado, previa las formalidades de Ley.-

Justicia, etc..

Santa Cruz, 7 de enero de 2003

y Apoderado

Rodolfo Melgarejo del Castillo
Monseñor Rivero # 245 Edif. Monseñor Rivero Piso # 3 Of. 3-A Fonos: 369177 334701 Fax 339970 Santa Cruz - Bolivia
Reg. Corte 473 - Col. Abog. 327
P. Mpal. 6565 P. Renta 7080001049-3

RECIBIDO A Hrs. _16:14_ del dia _02_
Mes _Enero_ de _2003_
CONSTE. _Sof 8_

Glessi Antelo Salas
AUXILIAR
1ro. DEPARTIDO DEL TRABAJO SEGURIDAD SOCIAL
CORTE SUPERIOR DEL DISTRITO
SANTA CRUZ - BOLIVIA

[Seal: SECOND COURT ON LABOR AND SOCIAL SECURITY MATTERS]
[Seal: *Manuel Cortéz Moscoso* – CLERK – ATTORNEY – SECOND COURT ON LABOR AND SOCIAL SECURITY MATTERS – SANTA CRUZ – BOLIVIA]
[In handwriting: 197]

on March 15, 2003

HAVING REVIEWED: The complaint on pages 122 to 125, the remaining background of the proceedings and the preceding pleading; and

That on this complaint filed against FONPLATA, pursuant to the provisions of Section 4 of Supreme Decree 08270, dated February 21, 1968, a Letter Rogatory is issued through the Ministry of Foreign and Religious Affairs of the Republic of Bolivia, to inform FONPLATA about the contents of the complaint filed against it.

That said letter rogatory is not served, since FONPLATA, through a letter entered in the record on pages 114-115, returns it invoking its right to immunity agreed between BOLIVIA and FONPLATA by the Agreement Establishing the Headquarters of the Agency executed on August 30, 1977, ratified by the Republic through Supreme Decree 15134 dated November 24, 1977.

That by means of the ruling on page 156 and the Order on page 161, in compliance with Sections 72, 73 of the CODE OF LABOR PROCEDURE (*CÓDIGO PROCESAL DEL TRABAJO* - CPT), it is ordered that the Agency be served at its reported domicile and that the Office of the Attorney General be served through the District Attorney.

CONSIDERING: That FONPLATA, also in a letter dated January 3, 2003 to the Ministry of Foreign and Religious Affairs, has invoked its immunity pursuant to the Agreement Establishing the Headquarters [of FONPLATA] as well as the agreement on the immunities, exemptions and privileges of the countries belonging to the Río de la Plata Basin, specially of the Republic of Bolivia, ratified by Law 1587 dated August 12, 1994.

CONSIDERING: That it is true that the International Financial Agency to which the Republic of Bolivia is a party, enjoys the immunity and jurisdiction provided on such legal provisions; nevertheless, it is also true that section FOURTEEN of the AGREEMENT ESTABLISHING THE HEADQUARTERS, states, with respect to the labor and social security system, that administrative personnel hired by the FUND shall be protected by social security and labor laws in force in the Republic of Bolivia.

That in these labor proceedings, the provisions of Supreme Decree 8270 dated February 21, 1968 and of Sections 72, 73 of the CPT have been complied with in respect to the service of notices to Defendant through the General Foreign Office of the Republic, to the Office of the Attorney General and the defendant having been subpoenaed without answering within the period set forth by law.

CONSIDERING: That Plaintiff, in the pleadings on pages 152-154, 156, 159-160, 162 and in this pleading, requests that, in view of Defendant's default, these proceedings be commenced.

THEREFORE: Abiding by the aforementioned Agreement Establishing the Headquarters, except for Section 24 thereof, in accordance with Section 141 of the Code of Labor Procedure, the defendant agency FONPLATA being in default, these proceedings are hereby commenced and

the trial period shall be of 10 days for both parties to offer evidence, the items to be proved being the following:

1. Labor relation
2. Time of service
3. Kind of employment contract
4. Extension of employment right, as per relevant contract.
5. Social security rights and other items that may be relevant.

It is ordered that notice hereof be given to the parties as required by Section 141 of the CPT, and that domicile be established at the Court's premises for all future purposes.

IT IS ORDERED THAT THIS BE RECORDED AND THAT NOTICE HEREOF BE GIVEN.

[Illegible Signature]
[Seal: *Severo Hurtado Ribera* – FIRST JUDGE ON LABOR AND SOCIAL SECURITY MATTERS]
Before me
[Illegible Signature]
[Seal: *Ma. Roxana Encinas Castedo* – CLERK OF THE FIRST CIRCUMSCRIPTION COURT ON LABOR AND SOCIAL SECURITY MATTERS IN AND FOR THE CAPITAL CITY]
Recorded on Book No. 01/03.
[Illegible Signature]
[Seal: *Glessy Antelo Salas* – COURT ASSISTANT – FIRST CIRCUMSCRIPTION ON LABOR AND SOCIAL SECURITY MATTERS – SUPERIOR DISTRICT COURT – SANTA CRUZ – BOLIVIA]

## AFFIDAVIT OF TRANSLATOR

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK  )


I, FERNANDO PLANCHART, being duly sworn, depose and state:

    1. That I reside at 101 West 78th Street, New York, NY 10024;

    2. That I am proficient in translation of the Spanish language into the English language; and

    3. That I certify that, to the best of my knowledge, the attached translation is accurate.


                              FERNANDO PLANCHART


Sworn to before me this 9th day
of August, 2007


NOTARY PUBLIC

KATERINA I. GRAJALES
Notary Public, State Of New York
No. 01GR5010801
Qualified in N.Y. County
Commission Expires 4/5/20 11



Manuel Cortéz Moscoso
SECRETARIO - ABOGADO
JUZGADO 2do. DE TRABAJO Y S.S.
SANTA CRUZ - BOLIVIA

á 15 de marzo del 2003

VISTOS: La demanda de fs. 122 a 125, los demás antecedentes del proceso, el memorial que antecede; y,

Que la presente demanda contra FONPLATA, dando cumplimiento a lo preceptuado en el Art. 4 del D.S. 08270 de 21 de febrero de 1.968, se libra Exhorto Suplicatorio a través del Ministerio de Relaciones Exteriores y Culto de la República de Bolivia, para que se le haga conocer lo que se tiene demandado en su contra.

Que dicho exhorto no es diligenciado por cuanto FONPLATA mediante carta cursante en fs. 114-115 de obrados, devuelve invocando su derecho a inmunidad que mediante Convenio Sede del Organismo, entre BOLIVIA Y FONPLATA suscriben en fecha 30 de agosto de 1.977, ratificado por la República, mediante el D.S. 15434 de 24 de noviembre de 1.977.

Que mediante la providencia de fs. 156 y Auto de fs. 161 dando aplicación a los Arts. 72,73 del CÓDIGO PROCESAL DEL TRABAJO, se ordena citar directamente al Organismo demandado en su domicilio señalado y al Ministerio Público a través del Fiscal del Distrito.

CONSIDERANDO: Que FONPLATA, nuevamente en carta de fecha 3 de enero del 2003 al Ministerio de Relaciones Exteriores y Culto invoca su inmunidad de Convenio Sede y el acuerdo de inmunidades, excensiones y privilegios de los paises miembros de la Cuenca del Plata y en especial por la República de Bolivia, ratificado en la Ley 1.587 de 12 de agosto de 1.994.

CONSIDERANDO: Que es cierto que el Organismo Financiero Internacional del cual la República de Bolivia forma parte, goza de inmunidad y fueros acordados en las referidas disposiciones legales, mas también es cierto que en el artículo DECIMO CUARTO del CONVENIO SEDE en lo referente al régimen laboral y de beneficios sociales, señala que el personal administrativo contratado por el FONDO, se encontrará amparado por las leyes sociales y laborales vigentes en la República de Bolivia.

Que en la presente acción laboral, se ha dado cumplimiento a lo preceptuado en el D.S. 8270 de 21 de febrero de 1.968 y Arts. 72,73 del CPT, en cuanto al conocimiento del demandado a través de la Cancillería General de la República, al Ministerio Público y citación mediante cédula, sin que la parte demandada conteste dentro del plazo establecido por ley.

CONSIDERANDO: Que la parte demandante en memoriales de fs. 152-154, 156, 159 160, 162 y este último memorial, insiste que en rebeldía de la parte demandada se trabe la relación procesal.

**POR TANTO:** Respetando la inmunidad de Convenio Sede citado, con la excepción del Art. 24 del mismo, dando cumplimiento al Art. 141 del Código Procesal del Trabajo, en rebeldía del organismo demandado FONPLATA, se traba la relación procesal y se abre un término probatorio común a las partes de 10 días, para que ofrezcan sus pruebas, señalando como puntos de hecho a demostrar lo siguiente:

1. Relación laboral.
2. Tiempo de servicio.
3. Modalidad de contrato.
4. Derecho a prórroga funcionaria, según contrato.
5. Derechos sociales y otros conceptos que pudieran corresponder.

Notifíquese a las partes, con el presente auto en la forma prescrita en el Art. 141 del citado CPT, disponiendo que en lo posterior se fijara domicilio en los Estrados Judiciales de este Juzgado.

**REGÍSTRESE Y NOTIFÍQUESE.**

Dr. Simón Hurtado Solano
JUEZ PRIMERO DEL TRABAJO Y S.S.
SANTA CRUZ - BOLIVIA.

Ma. Roxana Encinas Castedo
SECRETARIA
DEL JUZGADO DE PARTIDO 1° DE
TRABAJO Y SEGURIDAD SOCIAL
DE LA CAPITAL

AUXILIAR
DE PARTIDO DEL TRABAJO Y SEGURIDAD SOCIAL
CORTE SUPERIOR DEL DISTRITO
SANTA CRUZ

| CLERK 2nd Court on Labor Matters & Social Security Santa Cruz, Bolivia | Tax Stamp: Valued at Bs. 2 | Signature & Seal: Dr. Manuel Cortéz Moscoso CLERK-ATTORNEY-AL-LAW 2nd Trial Court on Labor Matters & Social Security Santa Cruz, Bolivia | Tax Stamp Valued at Bs. 2 Overstamped with round stamp: CLERK 2nd Trial Court on Labor Matters & Social Security Santa Cruz Bolivia |
|---|---|---|---|

**SENTENCE**

PRONONCED BY DR. NELLY ROSARIO SÁNCHEZ JUSIANIANO, JUDGE, SECOND TRIAL COURT ON LABOR MATTERS AND SOCIAL SECURITY, WITHIN THE SOCIAL PROCEEDINGS FOR PAYMENT OF SOCIAL BENEFITS PURSUED BY OSCAR DAVID CORTEZ UZEDA VERSUS THE *FONDO FINANCIERO PARA EL DESARROLLO DE LA CUENCA DEL PLATA* (FONPLATA) [FINANCIAL FUND FOR DEVELOPING THE FIVER PLATE BASIN]

**INASMUCH AS**: The File on the Matter and

**CONSIDERING**: That the citizen, OSCAR DAVID CORTEZ UZEDA, files the claim appearing in pgs. 122 to 125 for payment of social benefits versus Mr. WALTER VILLALBA SALDIVAR, the current legal representative of the FONDO FINANCIERO PARA EL DESARROLLO DE LA CUENCA DEL PLATA **(FONPLATA)** pleading that he was hired by the FONPLATA Executive Board of Directors as Head of Treasury by Means of Contract RD. N° 614/95 dated July 14, 1995, with the category of International Officer. In said contract were set forth the entity's provisions on International Policy, the probationary period and term of said contract, stating his duties with the contract and ONE YEAR probationary period. Having completed said period and fulfilling the demands of the Institution's policies for personnel, it was established that another contract would be signed for a term of two years. Having completed the term of said contract, it could be extended for TWO PERIODS OF TWO YEARS BY MUTUAL AGREEMENT between FONPLATA and the Employee. In spite of the precise instructions by the Governor in Bolivia for FONPLATA to maintain a Bolivian employee in the position of Treasurer due to his excellent performance appraisals during the financial years of 1996, 1998, and 2000 during the 98th meeting of the FONPLATA Board of Directors and upon... ...

... Supposedly contemplating the rotation of the positions of department heads it decided to NOT EXTEND the term of his contract, not allowing him to conclude the final period of TWO YEARS, informing him of this resolution by means of the Memorandum SE-250/2000, constituting a forceful removal violating our norms and Article Fourteen of the Master Agreement between the Republic of Bolivia and the *Fondo Financiero para el Desarrollo de la Cuenca del Plata* wherein it establishes the labor practices and the social benefits applicable to the [FONPLATA] personnel could be established in the sense that its provisions would not be less advantageous that those currently applicable in Bolivia. In every case, the administrative personnel hired by the Fund would be protected by the applicable social and labor laws in the Republic of Bolivia. [The Plaintiff] exhausted all the administrative jurisdictional levels, to the extent of even filing a Summary Proceeding Guaranteeing Constitutional Rights against FONPLATA for infringing his Constitutional Guarantees instructing said Tribunal to concede the missing administrative recourse, with FONPLATA not having proceeded to pay heed to what was ordered. Consequently, understanding that [he] had exhausted all the administrative pleadings provided for by the FONPLATA Rules, he had to initiate the labor proceedings to acknowledge his rights which ascent to the sum of US$ 285,777.5 according to the Severance approved by the ministry of Labor, which with the arguments of fact and of law, [he] petitions that his claim be declared proven with the corresponding effects.

That by means of the writ, dated October 29, 2002 appearing on pgs 126, the claim filed by Oscar David Cortez Uzeda is admitted, within the limits of law, elapsing the time for forwarding the pleadings to the defending party, ordering that the defending organization be served notice by means of the general Office of Foreign Affairs and Worship of the Republic and the intervention of the Ministry of the Public [Office of the Attorney General] with the latter being served notice as per the notice appearing on pgs. 155 of the written records and the defending party be means of a Letters Rogatory of Summons through the General Office of Foreign Affairs and Worship of the Republic as per the notice appearing on pgs. 133 and 134, and the...

...citation in accordance with Article 76 of the Proceedings Code for Labor Matters as per the notice appearing on pgs 159, all with the aim of ensuring that the defending party become aware of the claim filed and exercise its constitutional rights in its defense, fulfilling the object of the notice for record of the official written communication from pgs. 144 to 145 and from pgs. 165 to 166 by which the defendant return the Letters Rogatory invoking immunity in which it is invested by virtue of the Master Agreement signed between FONPLATA and the Republic of Bolivia.

That since FONPLATA did not appear to assume its defense within the term granted by Law, by means of the writ dated March 15, 2003 appearing on pgs. 197 and rear, in applying what is set forth in Article 141 for the Proceedings Code for Labor Matters, the defending organization was declared in contempt of court, and the procedural relationship between the litigants was initiated, subjecting the lawsuit to trial in the term of ten (10) days common to the parties, setting forth the as points of fact to be proven, the labor relationship, the duration of services rendered, the modality of the contract, the rights of extension as per the contract, the social rights, and other concepts corresponding thereto, the writ by which the parties were served notice for the record appearing on pgs. 198 of the written records.

CONSIDERING: that having transpired the term of proof, the acting party offered and produced the following evidence:

Of the Charge: the written records on pgs. 1 to 121 and pgs. 199 to 239.

Of the witnesses on pgs. 247 to 248 and rear

CONSIDERING: that after reviewing the antecedents, as well as the analysis and requirements of the evidence provided in the proceedings, and with the criteria established in Article 158 of the Proceedings Code for Labor Matters, for the facts and circumstances, the following conclusions have been reached:

Proven facts:...

...1. That, indeed a labor relationship existed between Oscar David Cortez Uzeda and the Fondo de Desarrollo Financiero de la Cuenca del Plata – FONPLATA, from 15/07[**JUL 15**]/1995 to July 15, 2000, designated by the FONPLATA Executive Board of Directors by means of Resolution No 614/95 and contract letter ADM/COM-007/95 on pgs. 2 to 3 as INTERNATIONAL OFFICER in the position of Head of Treasury, communicating to [the plaintiff] that he was hired for the term of one year as per the provisions of the FONPLATA Staffing Policy, specifying the duties he would undertake, the place of work, his monthly remuneration, and the Social Benefits he would receive, namely, health insurance, accident insurance, family allowance, savings fund, set up expenses and return, as well as other compensations in accordance with that was provided for in the Staffing Policy.

2. That, once he had completed the probation period, his contract would be EXTENDED FOR TWO YEARS, as per memo ADM/COM-007/95 from April 18, 1997 with the same conditions of the first contract with the variation that once the two-year term had expired, the contract could be extended by mutual agreement FOR TWO **CONSECUTIVE** PERIODS OF two years (pgs. 4).

3. The employment agreement was extended once again for TWO YEARS until July 2000 by means of memo ADM/COM-008/98 with the same conditions as the former, an improved salary, and varying paragraphs f) and g) (pgs. 6 &7), adding that once a new staffing policy came into force, the contract would be rescinded, having to sign a new contract for the time remaining to complete seven years, which is the maximum contractual term, and should be FONPLATA's activities cease, the contractual period would expire with full rights.

4. That the contract was not extended for the law two-year period according to memo SE-250/2000 dated July 14, 2000, with [the plaintiff] completing FIVE YEARS of service.

5. The modality of the employment contract was a FIXED TERM CONTRACT whose total limit of tenure ascends to the term of 7 years, according to the FONPLATA Staffing Policy, a photocopy of which appears on pgs 1, wherein the conditions are established: the DURATION OF THE CONTRACT AND THE PROBATIONARY PERIOD are as following: "a) the probationary period shall be for one year. b) Once the probationary period has been completed, a contract, which in your case, shall be for a term of two years. c) Once the two-year term has expired, the contract could be extended by mutual agreement between FONPLATA and the employee for two periods of two years each.

6. That the plaintiff exhausted the administrative please with the organization to which he was rendering services pursuing a review of the measures, event to the point of filing an Appeal Pleading Constitutional Rights so as to exhaust that route, without any favorable results.

7. With regards to the Right to Extend Employment, it can be established that the aforementioned Staffing Policy and contract letters signed by the parties, principally that contract could be extended by mutual agreement between FONPLATA and the employee, for TWO CONSECUTIVE PERIODS of two years. The extension was granted for the first period (pgs. 6 to 7) but for the second period, hence the motive for the litigation.

8. That, in Article 14, of the Master Agreement, regarding Immunities, Privileges and Exemptions, signed by the Government of Bolivia and FONPLATA, and ratified by Supreme Decree DS N° 15,134, dated November 24, 1977, appearing on pgs. (184 and 185) which stipulates, "The labor practices and social benefits applicable to [FONPLATA] personnel, could be established by FONPLATA in the sense that their provisions should not be less advantageous than those in effect in Bolivia..." With the plaintiff being able to find protection in the social labor laws of Bolivia. Consequently, we conclude that no member of the FONPLATA staff, whatever his/her...

...category or level, would be submitted to labor practices and social benefits less advantageous than those in the Republic of Bolivia."

9. That, the employment contract, as per the provisions of Article 6 of the General Labor Law, CONSTITUTES THAT LAW [GOVERNING] THE PARTIES, provided that it be legally constituted, since what gave rise to the labor relationship was the Contract Letter in which they submit themselves to the Staffing Policy established by FONPLATA, and which not being disadvantageous for the employee corresponds to its application as per the provisions of Article 3, para. g), j) and Article 9 of the Proceedings Code for Labor Matters, Article 24, 116-III=VI, 162 of the Political Constitution of the State (CPE), which because its force was not lessened by the employer as per the provisions of Articles 66 and 150 of the Proceedings Code for Labor Matters and confirmed by the Severance subject to review appearing on pgs. 224, prepared by the employer for having interrupted the fulfillment of the contract for a cause attributable to the employer, it is fitting that [the plaintiff] receive the benefits established in the FONPLATA Staffing Policy described in the contract letter on pgs. 2 to 3, as well as the extensions of the Contract Letter appearing on pgs. to 5 and on pgs. 6 to 7.

**THEREFORE**: The undersigned Judge for the 2nd Trial Court on Labor Matters and Social Security, without entering into any other considerations of a legal order, administering justice on behalf of the nation and by virtue of the jurisdictions of a legal order, administering justice on behalf of the nation and by virtue of the jurisdiction and competence she exercises by law, with the foundations expressed in the foregoing conclusions in accordance with the Opinion of the Prosecution appearing in the written records on pgs 294 to 295, ISSUES SENTENCE declaring PROVEN the claim filed by Oscar David Cortez Uzeda appearing on pgs. 122 to 125 **with costs**, for having proven the labor relationship between the parties, the time of services rendered at 5 years, the fixed term contract as per modality of the FONPLATA Staffing Policy, for being applicable to be constituted law for the parties and for being advantageous to the employee with regards to...

...Bolivian Law, for having demonstrated the right for extending the second period for two consecutive years, and by merit of which, as per the provisions of Articles 162 of the [Political Constitution of the State], Article 4 of the General Labor Law, and Article202 of the Proceedings Code for Labor Matters, I hereby ORDER that the *Fondo Financiero para el Desarrollo de la Cuenca del Plata*, FONPLATA, represented by Mr. Walter Villalba Saldivar, pay on the third day in favor of the employee the amount equivalent to his Rights:

| | | |
|---|---|---|
| ACCRUED SALARIES | US$ | 140,688.00 |
| RETURN OF CONTRIBUTIONS MADE TO THE SAVINGS FUND | US$ | 166,685.85 |
| UN-USED ANNUAL LEAVE | US$ | 23,736.76 |
| EDUCATIONAL ALLOWANCE | US$ | 12,250.00 |
| HEALTH INSURANCE | US$ | 9,000.00 |
| RETURN EXPENSES | US$ | 2,000.00 |
| SEVERANCE | US$ | 41,034.00 |
| **TOTAL** | **US$** | **395,394.61** |
| Less the loan payment in the Savings Fund | US$ | 55,371.01 |
| Received on account | US$ | 59.408.98 |
| GRAND TOTAL | US$ | 280,614.62 |

That is **TWO HUNDRED EITHY THOUSAND SIX HUNDRED FOURTEEN 62/100 AMERICAN DOLLARS**

This Sentence shall be recorded where necessary, is pronounced, sealed, and signed in this city of Santa Cruz de la Sierra [Bolivia] on this sixteenth day of August year Two Thousand Three.

RECORD AND FILE

```
This area bears one
(1)Tax Stamp:
Valued at Bs. 2
```

This photocopy bears on Tax Stamp
Valued as Bs. 2
Overstamped with a round stamp:
CLERK
2nd Trial Court on Labor Matters &
Social Security
Santa Cruz, Bolivia

This area bears the signature & seal
belonging to: Dr. Manuel Cortéz Moscoso
CLERK-ATTORNEY-AT-LAW
2nd Trial Court on Labor Matters &
Social Security
Santa Cruz, Bolivia

## As at May 24, 2006

**INASMUCH AS:** the foregoing legal brief presented by RODOLFO MELGAREJO DEL CASTILLO, as the Legal Representative for OSCAR DAVID CORTEZ UZEDA, in which he requests that the professional fees be calculated within the Labor Proceedings for Payment of Social Benefits pursued versus FONPLATA-

**CONSIDERING:** That, given the current status of the lawsuit, which concluded with a Fully Executed Sentence whereby the payment of the Social Benefits to the former employee was ordered in the sum of US$ 280,614.62, an amount on which there are provision to pay 10% of the whole as Professiona,k Fees for the effect of the quantity, plus 25% for acting as the legal representative, plus Bs. 2000 for social purpuses set by the current Fee Schedule of the College of Attorneys-at-Law [Bas Association]

**THEREFORE:** The undersigned Judge, making use of the faculties conferred by law in applying what is provided for as the Minimum Fee Schedule of the College of Attorneys-at-Law,   and   without   entering   into   further   considerations, Resolves:

**CALCULATION OF THE PROFESSIONAL FEES** as per the following schedule:

| | |
|---|---|
| 10% of the sentence, US$28,061.46 | US$28,061.46 |
| 25% of the US$28,061.46 as Legal Representative | US$ 7,015.36 |
| **TOTAL** | US$35,076.82 |
| Plus the Minimum Fee Schedule of the College of Attorneys-at-Law | Bs2,000.00 |

That is: **THIRTY FIVE THOUSAND SEVENTY-SIX 82/100 AMERICAN DOLLARS** plus **TWO THOUSAND 00/100 BOLIVIANOS**, with which the defending institution is admonished to comply with the payment of said amount, and it shall be a term of three days commencing with the legal notification thereof, under the provisions of law to in the case of default.

### REGISTER AND SERVE NOTICE

| | | |
|---|---|---|
| *(Illegibe signature)* | *(illegible signature)* | *(illegible signature)* |
| Kristy Rastan Romero | Dr. Nelly Sánchez Justiniano | Dr. Manuel Cortéz Moscoso |
| AID | JUDGE | CLERK-ATTORNEY-AT-LAW |
| 2nd Trial Court on Labor Matters | 2nd Trial Court on Labor Matters & | 2nd Trial Court on Labor Matters & |
| & Social Security | Social Security | Social Security |
| Santa Cruz Boliva | Santa Cruz Boliva | Santa Cruz, Bolivia |