## AFFIDAVIT OF TRANSLATOR

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

I, FERNANDO PLANCHART, being duly sworn, depose and state:

1. That I reside at 101 West 78th Street, New York, NY 10024;

2. That I am proficient in translation of the Spanish language into the English language; and

3. That I certify that, to the best of my knowledge, the attached translation is accurate.

FERNANDO PLANCHART

Sworn to before me this 9th day of August, 2007

NOTARY PUBLIC

KATERINA I. GRAJALES
Notary Public, State Of New York
No. 01GR5010801
Qualified in N.Y. County
Commission Expires 4/5/20 11




**SENTENCIA**

DICTADA POR LA DRA. NELLY ROSARIO SANCHEZ JUSTINIANO, JUEZ SEGUNDO DE PARTIDO DEL TRABAJO Y SEGURIDAD SOCIAL, DENTRO DEL PROCESO SOCIAL POR COBRO DE BENEFICIOS SOCIALES SEGUIDO POR OSCAR DAVID CORTEZ UZEDA CONTRA EL FONDO FINANCIERO PARA EL DESARROLLO DE LA CUENTA DEL PLATA FONPLATA.-

**VISTOS:** El Expediente de la materia, y;

**CONSIDERANDO:** Que, el ciudadano OSCAR DAVID CORTEZ UZEDA interpone demanda cursante de fs. 122 a 125 por cobro de beneficios sociales contra el señor WALTER VILLALBA SALDIVAR personero legal actual del FONDO FINANCIERO PARA EL DESARROLLO DE LA CUENCA DEL PLATA FONPLATA argumentando que fue contratado por el Directorio Ejecutivo de FONPLATA como Jefe de Tesorería mediante contrato R.D. No.614/95 de fecha 14 de julio de 1.995 con la categoría de Funcionario Internacional, contrato en el cual se fijaban las disposiciones de Política Internacional de la entidad, el periodo de prueba y plazo del contrato, iniciando sus funciones con un contrato de UN AÑO como periodo de prueba, cumplido dicho periodo y de cumplir con las exigencias de la política del personal de la Institución se establece que se celebraría otro contrato por el término de dos años, una vez vencido el término dicho contrato podrá ser prorrogado por DOS PERIODOS DE DOS AÑOS DE COMUN ACUERDO entre FONPLATA y el Funcionario. A pesar de las instrucciones precisas del Gobernador por Bolivia en FONPLATA para mantener en el cargo de tesorero al funcionario boliviano por las evaluaciones excelentes de su trabajo de las gestiones 1996, 1998 y 2000 en la 98ª reunión del Directorio Ejecutivo de FONPLATA al

considerar supuestamente la rotatividad de los cargos de las jefaturas de áreas decide NO PRORROGAR el plazo de su contrato, no permitiendo la finalización del último periodo de DOS AÑOS haciéndole conocer dicha resolución mediante cite SE-250/2000, constituyéndose en un retiro forzoso violentando nuestras normas y el propio artículo décimo cuarto del convenio sede entre la República de Bolivia y el Fondo Financiero para el Desarrollo de la Cuenca del Plata que establece que el régimen laboral y de beneficios sociales aplicable al personal del Fondo podrá ser establecido en el sentido de que sus disposiciones no serán menos ventajosas que las vigentes en Bolivia; en todo caso el personal administrativo contratado por el Fondo se encontrará amparado por las Leyes sociales y laborales vigentes en la República de Bolivia. Agotó todas las instancias administrativas llegando incluso a plantear un Amparo Constitucional contra FONPLATA por conculcar sus garantías Constitucionales ordenando dicho Tribunal que le concedan los recursos administrativos faltantes, no habiendo FONPLATA procedido a dar curso a lo ordenado, por lo que se entienden agotadas las instancias administrativas previstas en la Normativa de FONPLATA por lo que tuvo que iniciar el proceso laboral para el reconocimiento de sus derechos que ascienden a la suma de $us. 285.777,51 de acuerdo al Finiquito aprobado por el Ministerio del Trabajo, por lo que con los argumentos de hecho y de derecho pide se declare probada su demanda con los efectos correspondientes.

Que, mediante auto de fecha 29 de octubre del año 2002 saliente a fs. 126 se Admite la demanda presentada por Oscar David Cortez Uzeda, en cuanto hubiere lugar en derecho, corriéndose traslado a la parte demandada, ordenándose la notificación al organismo demandado por intermedio de la Cancillería General de la República y la intervención del Ministerio Público, siendo notificado el Ministerio Público según diligencia cursante a fs. 155 de obrados y la parte demandante mediante exhorto suplicatorio vía Cancillería de la República según oficio cursante en fs. 133 y 134, y



mediante cédula conforme lo dispone el artículo 76 del Código Procesal del Trabajo mediante diligencia saliente a fs. 158 todo con la finalidad de asegurarse que la parte demandada tome conocimiento de la demanda interpuesta y pueda ejercer su derecho constitucional a la defensa, cumpliendo con el objetivo de la notificación tal cual consta por el oficio de fs. 144 a 145 y de fs. 165 a 166 por el que el demandado devuelve el exhorto suplicatorio invocando la inmunidad de la que está investido en virtud del convenio sede suscrito entre FONPLATA y la República de Bolivia.

Que, al no comparecer FONPLATA a asumir defensa dentro del plazo otorgado por la Ley mediante auto de fecha 15 de marzo del año 2003 cursante a fs. 197 y vta., en aplicación a lo dispuesto artículo 141 del Código Procesal del Trabajo, se declara la REBELDIA del organismo demandado y se traba la relación procesal, sujetándose la causa a prueba a prueba por el término de 10 días comunes a las partes; señalándose como puntos de hecho a probar la relación laboral, tiempo de servicios, modalidad de contrato, derecho a prórroga funcionaria según contrato, derechos sociales y otros conceptos que pudieran corresponder, auto con el que fueron notificadas las partes, tal consta a fs. 198 de obrados.

CONSIDERANDO: Que, en el transcurso del término de prueba, la parte actora ofreció y produjo las siguientes Probanzas:

De Cargo:   La literal de fs. 01 a 121; fs. 199 a 239.

La testifical de fs. 247 a 248 y vta.

CONSIDERANDO: Que, de la revisión de los antecedentes, así como el análisis y compulsa de las pruebas aportadas el proceso, y con el criterio establecido en el art. 158 del Código Procesal del Trabajo, por los hechos y circunstancias, se llega a las siguientes conclusiones:

Hechos Probados:

1.- Que, existió la relación laboral entre Oscar David Cortez Uzeda y el Fondo de Desarrollo Financiero para la Cuenca del Plata – FONPLATA desde el 15/07/1.995 hasta el 15 de julio del año 2000, designado por el Directorio Ejecutivo de FONPLATA mediante Resolución N° 614/95 y carta contrato ADM/CON-007/95 de fs. 2 a 3 como FUNCIONARIO INTERNACIONAL en el cargo de Jefe de Tesorería en el que se le comunico su contratación por el término de 1 año de conformidad a disposiciones de Política de Personal de FONPLATA, con especificación de las funciones que cumplirá, lugar de trabajo su remuneración mensual y la Asistencia Social con la que se beneficiaba como ser: seguro médico, de accidentes, subsidio familiar, fondo de ahorro, gastos de instalación y retorno y otras prestaciones de acuerdo con lo previsto en la Política de Personal.-

2.- Que, cumplido el periodo de prueba su contrato es PRORROGADO POR DOS AÑOS, según cite ADM/CON-007/95 del 18 de abril del año 1997 con las mismas condiciones del primer contrato con la variante de que vencido el término de dos años el contrato podrá ser prorrogado de común acuerdo POR DOS PERIODOS **CONSECUTIVOS DE dos años** (fs.4).

3.- El contrato de trabajo es prorrogado nuevamente por DOS AÑOS hasta julio del 2000 mediante cite ADM/CON-008/98 con las mismas condiciones que el anterior, mejora salarial y variando el inciso f) y g) (fs. 6 a 7), agregándose que de entrar en vigencia un nuevo régimen de personal el contrato quedará rescindido, debiendo firmar un nuevo contrato por el tiempo que le falte para cumplir 7 años que es el plazo máximo de contratación y si cesaran las actividades de FONPLATA el plazo contractual caducará de pleno derecho.

4.- Que el contrato no fue prorrogado por el último periodo de dos años según cite SE-250/2000 del 14 de julio del 2000, llegando a cumplir con un tiempo de servicios de CINCO AÑOS.

*Manuel Cortez Moscoso*
SECRETARIO - ABOGADO
JUZGADO 2do. DE TRABAJO Y S.S.
SANTA CRUZ - BOLIVIA

5.- La modalidad del contrato de trabajo era CONTRATO A PLAZO FIJO cuyo límite total de permanencia ascendía al término de 07 años, según la Política de Personal del FONPLATA cuya fotocopia cursa a fs. 1, donde se establecen las condiciones, PLAZOS DE LOS CONTRATOS Y PERIODO DE PRUEBA de la siguiente manera: "a) El **periodo de prueba será de un año. b) Cumplido el periodo de prueba se celebrará en su caso el contrato por un término de dos años. c) Vencido el término de dos años, el contrato podrá ser prorrogado de común acuerdo entre FONPLATA y el funcionario por dos periodos de dos años cada uno.**

6.- Que el demandante agotó las instancias administrativas ante el organismo para el cual prestaba servicios persiguiendo la reversión de la medida, llegando incluso al Recurso Constitucional de Amparo para agotar dicha vía sin resultado favorable.

7.- En cuanto al Derecho a Prorroga Funcionaria se puede establecer en la Política de Personal señalada en el punto anterior y en las cartas contrato firmadas por las partes, principalmente en la carta contrato cursante a fs. 4 se establece que vencido el término de dos años, el contrato podrá ser prorrogado, de común acuerdo entre FONPLATA y el funcionario, por DOS PERIORODOS CONSECUTIVOS de dos años; prórroga que se dio por el primer periodo (fs 6 a 7), no así por el segundo periodo que es el motivo de la litis:

8.- Que, el Art. 14 (fs. 135) del Convenio Sede sobre Inmunidades, Privilegios y Exenciones firmado entre el Gobierno de Bolivia y FONPLATA, ratificado mediante Decreto Supremo N° 15.134, del 24 de Noviembre de 1.977, saliente a fs. (184 y 185) dispone que "**El régimen laboral y de beneficios sociales aplicable al personal del Fondo, podrá ser establecido por el Fondo en el sentido de que sus disposiciones no serán menos ventajosas que las vigentes en Bolivia......**" Pudiendo ampararse en todo caso en las leyes sociales y laborales de Bolivia, concluimos en consecuencia que ningún miembro del personal de FONPLATA, cualquiera fuera su

categoría o nivel, podrá estar sometido a un régimen laboral y de beneficios sociales menos ventajosos que el resultante en la República de Bolivia".

9.- Que el contrato de trabajo conforme a lo previsto por el art. 6 de la Ley General del Trabajo CONSTITUYE LA LEY DE LAS PARTES siempre que haya sido legalmente constituido, siendo que el origen que dio inicio a la relación laboral LA CARTA CONTRATO en la que se someten a la política de personal establecida por FONPLATA y al no ser esta desventajosa para el funcionario corresponde su aplicación según dispuesto por el art. 3 inc. g), j) y Art. 9 del Código Procesal del Trabajo, Art. 24, 116-III-VI, 161, 162 de la Constitución Política del Estado por lo que al no haber sido desvirtuado por la parte empleadora conforme lo dispone el art. 66 y 150 del Código Procesal del Trabajo y confirmado por el finiquito sujeto a revisión cursante a fs. 224 elaborado por la parte patronal al haberse interrumpido el cumplimiento del contrato por causa imputable a la patronal le corresponde los beneficios establecidos en la Política de Personal de FONPLATA descritos en la carta contrato de fs. 2 a 3 así como en las Prorrogas de Cartas Contratos de fs. 4 a 5, y de 6 a 7.

**POR TANTO:** La señorita Juez Segundo del Trabajo y Seguridad Social, sin entrar en otras consideraciones de orden legal, administrando justicia a nombre de la Nación y en virtud de la jurisdicción y competencia que por Ley ejerzo, con los fundamentos expuestos en las conclusiones que anteceden de acuerdo con el Dictamen Fiscal de Fondo cursante en obrados de fs. 294 a 295, **FALLO:** Declarando **PROBADA** la demanda interpuesta por Oscar David Cortez Uzeda cursante de fs. 122 a 125 **con costas,** por haberse probado la relación laboral entre las partes, el tiempo de servicios de 5 años, el contrato a plazo fijo bajo la modalidad de la política de Personal de FONPLATA por ser de aplicación al constituirse en ley de partes y ser ventajosa para el funcionario con relación a la

Ley boliviana, por haberse demostrado el derecho a la prórroga del segundo periodo de dos años consecutivos, en cuyo mérito conforme a lo dispuesto por los artículos 162 de la C.P.E., el artículo 4 de la Ley General de Trabajo y 202 del Código Procesal del Trabajo ORDENO al Fondo Financiero para el Desarrollo de la Cuenca del Plata FONPLATA representada por el señor Walter Villalba Saldivar, pague a tercero día a favor de su ex funcionario el monto equivalente a su Derecho siguiente:

| | |
|---|---|
| SUELDOS DEVENGADOS:= | $us. 140.688,00 |
| DEVOLUCIÓN DE APORTES EN EL FONDO DE AHORRO DEL PERSONA= | $us. 166.685,85 |
| LICENCIA ANUAL NO UTILIZADA= | $us. 23.736,76 |
| SUBSIDIO DE EDUCACIÓN= | $us. 12.250,00 |
| SEGURO MEDICO | $us. 9.000,00 |
| GASTOS DE RETORNO | $us. 2.000,00 |
| INDEMNIZACIÓN= | $us. 41.034,00 |
| TOTAL | $us. 395.394,62 |
| Menos pago de préstamos a Fondo de Ahorro = | $us. 55.371,01 |
| Recibido a cuenta | $us. 59.408,98 |
| **GRAN TOTAL** | **$us. 280.614,62** |

Son **DOSCIENTOS OCHENTA MIL SEISCIENTOS CATORCE 62/100 DÓLARES AMERICANOS.**

Esta Sentencia que se registrara, donde corresponde, la pronuncio, sello y firmo, en esta ciudad de Santa Cruz de la Sierra a los dieciséis días del mes de agosto del año Dos Mil Tres.

REGÍSTRESE Y ARCHÍVESE.

Dra. Nelly R. Sánchez Justiniano
JUEZ
JUZGADO 2° DE PARTIDO DEL
TRABAJO Y SEGURIDAD SOCIAL
SANTA CRUZ – BOLIVIA

Manuel Cortez Moscoso
SECRETARIO - ABOGADO
JUZGADO 2do. DE TRABAJO Y S.S.
SANTA CRUZ - BOLIVIA



,a 24 de Mayo del 2.006.-

**VISTOS**: El memorial que antecede presentado por RODOLFO MELGAREJO DEL CASTILLO en calidad de Apoderado legal de OSCAR DAVID CORTEZ UZEDA, en el cual solicita regulación de honorarios profesionales, dentro del proceso laboral por pago de beneficios Sociales seguido contra EL FONPLATA, y..

**CONSIDERANDO**: Que, en el presente estado de la causa, se concluyo con la Sentencia Ejecutoriada en la que se ordena el pago de los Beneficios Sociales al ex trabajador demandante en la suma de $us. 280.614.62.-, monto sobre el cual se dispone el pago del 10% en calidad de Honorarios profesionales por efecto de la cuantía, mas el 25% por la actuación en calidad de apoderado legal más Bs. 2.000.- por la causa social, fijado por el Arancel del Colegio de Abogados vigente.

**POR TANTO**: La Suscrita Juez en uso de sus facultades conferidas por ley en aplicación a lo dispuesto por el Arancel Mínimo del Colegio de Abogados y sin entrar en otras consideraciones Resuelve: **REGULAR LOS HONORARIOS PROFESIONALES** de acuerdo al siguiente detalle.

10 % del Monto Sentenciado $us.280.614.62.        $us. 28.061.46.-
25% como apoderado de $us. 28.061.46.-            $us.  7.015.36.-
                                          TOTAL   $us. 35.076.82.-
Mas el Arancel Mínimo del Colegio de Abogados      Bs.  2.000.00.-

SON: **(TREINTA Y CINCO MIL SETENTA Y SEIS CON 82/100 DE DOLARES AMERICANOS)**, mas **(DOS MIL 00/100 BOLIVIANOS)**, con lo que se conmina a la institución demandada para que de cumplimiento con el pago de dicho monto y sea en el termino de tres días a partir de su legal notificacion, bajo prevenciones de ley en caso de incumplimiento.

REGÍSTRESE Y NOTIFÍQUESE.-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------x
OSCAR DAVID CORTEZ UZEDA,

                       Plaintiff,      :    Index No._____

       -against-

                                                   **PROPOSED ORDER OF**
                                                   **ATTACHMENT**
FONDO FINANCIERO PARA EL DESARROLLO
DE LA CUENCA DEL PLATA
A/K/A FONPLATA,

                    Defendant.
----------------------------------------------------------------x

    WHEREAS an application has been made to the undersigned by plaintiff Oscar David Cortez Uzeda for an Order of Attachment against the property of defendant Fondo Financiero Para el Desarrollo de la Cuenca del Plata a/k/a/ FONPLATA in an action in the Supreme Court,

    NOW upon reading and filing the affidavit of Oscar de Cortez, sworn to July 17, 2007, the affirmation of V. David Rivkin, Esq., dated August 9, 2007 the affidavit of Oscar David Cortez Uzeda, sworn to July 17, 2007 and exhibits thereto, and the accompanying memorandum of law, and it satisfactorily appearing to the Court that one or more of the grounds for attachment set down in CPLR 6201 exists in favor of plaintiff and against defendant to recover a sum of money in the amount of $315,691.44 based on a foreign judgment in Bolivia, it is therefore,

    On motion of Fox Horan & Camerini LLP, attorneys for plaintiff,

    ORDERED that an Order of Attachment be granted, and it is further

    ORDERED that plaintiff's undertaking be and the same hereby is fixed in the sum of _____, of which amount the sum of _____ thereof is conditioned that plaintiff will pay to defendant all costs and damages, including reasonable attorney's fees, which may be

sustained by reason of the attachment if defendant recovers judgment or it is finally determined that plaintiff was not entitled to an attachment of defendant's property, and the balance thereof is conditioned that plaintiff will pay to the Sheriff all of his or her allowable fees, and it further

ORDERED that the amount to be secured by this order of attachment, including any interest, costs, and sheriff's fees and expenses shall be _____, and it is further

ORDERED that the Sheriff of the City of New York or of any county in the State of New York, attach property of defendant, within his or her jurisdiction, at any time before final judgment by levy upon defendant's bank accounts at: (a) Banco do Brasil, 600 Fifth Avenue 3rd Floor – Rockefeller Center, New York, New York 10020; (b) Lloyd's America Inc., The Museum Office Building, 25 West 53rd Street 14th Floor, New York, New York 10019; (c) Dresdner Bank AG, 1301 Avenue of the Americas, New York, New York 10019; (d) UBS AG, 1285 Avenue of the Americas, New York, New York 10019; (e) Citigroup d/b/a Citibank, N.A., 399 Park Avenue, New York, New York 10043; and (f) Banco Santander Central Hispano S.A., 45 E. 53rd Street, New York, NY 10022, as will satisfy the aforesaid sum of $315,691.44. The Sheriff shall refrain from taking any property levied upon into his or her actually custody pending further order of this court, and it is further

ORDERED that the garnishees' statements required by CPLR 6219 be served within 5 days after levy, that a copy of the garnishees' statements be served upon plaintiff and that plaintiff shall move within 10 days after levy for an order confirming this order of attachment, and it is further

ORDERED that service of the motion to confirm this order of attachment and the papers upon which it is based by Federal Express upon Fondo Financiero Para el Desarrollo de la

Cuenca del Plata, Avenida Irala 573, Santa Cruz de la Sierra, Bolivia be deemed due and sufficient notice.

SO ORDERED:

_____
J.S.C.

# FOX HORAN & CAMERINI LLP

825 THIRD AVENUE
NEW YORK, NEW YORK 10022

ATTORNEYS AND COUNSELLORS
AT LAW

TELEPHONE: (212) 480-4800
TELECOPIERS: (212) 269-2383
(212) 709-0248

September 4, 2007

**VIA FEDERAL EXPRESS**
Joseph R. Profaizer, Esq.
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005

   Re: *Cortez Uzeda v. FONPLATA*, No. 07-119074 (N.Y. Sup. Ct.)

Dear Mr. Profaizer:

   Please find enclosed a courtesy copy of Mr. Cortez's motion, by order to show cause, to confirm the order of attachment and supporting papers, which are being served on defendant FONPLATA pursuant to the court's order.

                              Very truly yours,

                              JooYun Kim

Encl.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------x

12980 OSCAR DAVID CORTEZ UZEDA,

121330

                        Plaintiff,

      -against-

FONDO FINANCIERO PARA EL DESARROLLO
DE LA CUENCA DEL PLATA
A/K/A FONPLATA,

                        Defendant.

-----------------------------------------------------------x

At IAS Part 61 Supreme Court of the State of New York, held in and for the County of New York, at the County Court House, on the 71 Thomas Street, N.Y., N.Y. Sept. 4, 2007

Present:

HON. ROLANDO T. ACOSTA

Index No. 07/119074  110974/07

**ORDER TO SHOW CAUSE**

**EX PARTE MOTION OFFICE**

**APPROVED FOR THE PAYMENT OF MOTION FEE ONLY**

Upon the affirmation of Eric Lindquist, dated August 29, 2007, and the exhibits attached thereto,

Let the defendant herein show cause before this Court at Part 61, 71 Thomas Street, Room 210, of the Supreme Court Courthouse, New York, New York, on Sept. 13, 2007 at 9:30 am, or as soon thereafter as counsel can be heard, why an order should not be made, pursuant to CPLR 6211, confirming the order of attachment granted herein on August 20, 2007, and granting such other relief as this court shall deem just and proper.

Sufficient cause appearing therefor, let service of a copy of this order to show cause together with the papers upon which it is granted, with the exception of the summons, on the defendant Fondo Financiero Para el Desarrollo de la Cuenca del Plata, Avenida Irala 573, Santa Cruz de la Sierra, Bolivia, by overnight mail, on or before Sept 4, 2007 be deemed good and sufficient service thereof, except as to the summons.

Let service of a copy of this order to show cause together with the papers upon which it is granted, on the Sheriff of the County of New York and on the garnishee, Banco do Brasil, 600

Fifth Avenue 3rd Floor – Rockefeller Center, New York, New York 10020, by first class mail, on or before  sept 5  , 2007 be deemed good and sufficient service thereof.

So ordered,

SO ORDERED

_____
J.S.C.
ROLANDO T. ACOSTA
J.S.C.