SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------x

OSCAR DAVID CORTEZ UZEDA,

                                 Plaintiff,

            -against-

FONDO FINANCIERO PARA EL DESARROLLO
DE LA CUENCA DEL PLATA
A/K/A FONPLATA,

                              Defendant.

------------------------------------------------------------x

Index No. 07/119074

**AFFIRMATION OF
ERIC LINDQUIST**

ERIC LINDQUIST, an attorney duly admitted to practice law in the courts of the State of New York, affirms the following under penalty of perjury:

1.      I am a member of the law firm Fox Horan & Camerini LLP, with offices located at 825 Third Avenue, New York, New York 10022, counsel to the plaintiff Dr. Oscar David Cortez Uzeda ("Dr. Cortez"). I am fully familiar with all of the facts and circumstances in connection with this affirmation. I submit this affirmation in support of Dr. Cortez's motion to confirm an order of attachment, dated August 20, 2007 that was obtained *ex parte* ("Order of Attachment").

2.      An order of attachment was granted without notice herein by this Court against the property of the defendant Fondo Financiero Para el Desarrollo de la Cuenca del Plata a/k/a/ FONPLATA ( "FONPLATA") on August 20, 2007, and that Order of Attachment was delivered to the sheriff of the County of New York on August 21, 2007. A true and correct copy of the Order of Attachment is annexed hereto as Exhibit A.

3.    According to the Ex Parte Motion Office, the papers in support of the Order of

Attachment were filed on August 24, 2007.

4.    By virtue of the Order of Attachment, on August 23, 2007, the sheriff duly levied

upon the accounts of defendant FONPLATA at the following banks:

    a.    Banco do Brasil
       600 Fifth Avenue 3rd Floor – Rockefeller Center
       New York, New York 10020

    b.    Lloyd's America Inc.
       The Museum Office Building
       25 West 53rd Street 14th Floor
       New York, New York 10019

    c.    Dresdner Bank AG
       1301 Avenue of the Americas
       New York, New York 10019

    d.    UBS AG
       1285 Avenue of the Americas
       New York, New York 10019

    e.    Citigroup d/b/a Citibank, N.A.
       399 Park Avenue
       New York, New York 10043

    f.    Banco Santander Central Hispano S.A.
       45 E. 53rd Street
       New York, NY 10022

5.    On or about August 27, 2007, garnishee Banco do Brasil S.A., New York Branch

segregated the full amount of $360,288 pursuant to the Order of Attachment and confirmed that

the funds would be released only in accordance with the direction of this court.  *See* August 27,

2007 letter from counsel for Banco do Brasil to the Office of the Sheriff, a true and correct copy

of which is attached hereto as <u>Exhibit B</u>.

6.    Because the full amount of the attachment was satisfied by service on Banco do

Brasil, the New York County Sheriff released the other banks.  *See* August 28, 2007 letter from

the Office of the Sheriff to the Hon. Sherry Klein Heitler, a true and correct copy of which is attached hereto as Exhibit C.

7.    On August 27, 2007, the defendant FONPLATA, by its counsel, requested a copy of the papers upon which the Order of Attachment was granted. *See* August 27, 2007 letter from Joseph R. Profaizer to V. David Rivkin, a true and correct of which is attached hereto as Exhibit D. On the same day, a copy of the papers upon which the Order of Attachment was sent to FONPLATA's counsel. *See* August 27, 2007 email from JooYun Kim to Joseph Profaizer without attachments, a true and a correct copy of which is attached hereto as Exhibit E.

8.    I respectfully refer the Court to the affirmation of V. David Rivkin, dated August 17, 2007 ("Rivkin Aff."), the affidavit of Dr. Cortez, sworn to on the 17th day of July 2007 ("Cortez Aff.") and exhibits thereto, and the accompanying memorandum of law, of which true and correct copies are attached hereto as Exhibit F, in support of the within application, for a statement of the nature of the action and the grounds for the attachment. Dr. Cortez has grounds for attachment pursuant to each of CPLR 6201(1) and (5).

9.    As set forth in the Cortez Aff., Dr. Cortez has a cause of action based on an enforceable foreign court money judgment that was rendered by a Bolivian court in favor of Dr. Cortez and against FONPLATA, which Dr. Cortez will seek to enforce by moving for summary judgment in lieu of complaint.

10.    A cause of action to enforce the Bolivian judgment pursuant to CPLR § 3213 and Article 53 of the CPLR exists in favor of the plaintiff and against the defendant upon the ground that this action is based on a final, conclusive and enforceable judgment against the defendant FONPLATA in the Republic of Bolivia and that there is no defense thereto.

11.    It is probable that the plaintiff will succeed in this action on the merits.  In support

of his planned motion for summary judgment in lieu of complaint, plaintiff will submit the

affidavit of Attorney Rodolfo Melgarejo del Castillo, plaintiff's Bolivian counsel, setting forth

the procedure by which plaintiff obtained a judgment in the amount of $315,691.44 against the

defendant. The Bolivian judgment and other pertinent documents are attached to Mr. Melgarejo's

affidavit.  The planned motion for summary judgment in lieu of complain will also contain an

affidavit from Dr. Cortez setting forth the factul basis for his claims against defendant.  Mr.

Melgarejo and Dr. Cortez's affidavits also establish that jurisdiction over the defendant was

proper, that the defendant was adequately served, and that the defendant had sufficient

opportunity to respond to the claims against it.  Nevertheless, the defendant chose not to appear

or be heard in the Bolivian proceeding.

12.    The amount demanded by the plaintiff from the defendant above all counterclaims

known to the plaintiff is $315,691.44 plus interest, costs and reasonable attorneys' fees.

13.    No previous application has been made for the relief requested herein.

WHEREFORE, plaintiff respectfully requests an order, pursuant to CPLR 6211,

confirming the order of attachment granted here in on August 20, 2007, and granting such other

relief as the court shall deem just and proper.

Dated: New York, New York
        August 29, 2007

_____
ERIC LINDQUIST (EL4305)

# EXHIBIT A

At the Ex-Parte Motion Office at the
Supreme Court of the State of New
York, held in and for the County of
New York, at the County Court
House, on the ___ day of
_____ 19 2007

Present:

**SHERRY KLEIN HEITLER**
J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x

OSCAR DAVID CORTEZ UZEDA,

                      Plaintiff,

       -against-

FONDO FINANCIERO PARA EL DESARROLLO
DE LA CUENCA DEL PLATA
A/K/A FONPLATA,

                    Defendant.

------------------------------------------------------------x

Index No. 07/119074

**ORDER OF
ATTACHMENT**

WHEREAS an application has been made to the undersigned by plaintiff Oscar David

Cortez Uzeda for an Order of Attachment against the property of defendant Fondo Financiero

Para el Desarrollo de la Cuenca del Plata a/k/a/ FONPLATA in an action in the Supreme Court,

    NOW upon reading and filing the affidavit of the affirmation of V. David Rivkin, Esq.,

dated August 14, 2007, the affidavit of Oscar David Cortez Uzeda, sworn to July 17, 2007 and

exhibits thereto, and the accompanying memorandum of law, and it satisfactorily appearing to

the Court that one or more of the grounds for attachment set down in CPLR 6201 exists in favor

of plaintiff and against defendant to recover a sum of money in the amount of ~~$360,288.00~~ based

*$315,691.44*

on a foreign judgment in Bolivia, it is therefore,

    On motion of Fox Horan & Camerini LLP, attorneys for plaintiff,

    ORDERED that an Order of Attachment be granted, and it is further

ORDERED that plaintiff's undertaking be and the same hereby is fixed in the sum of $36,028.00 of which amount the sum of $18,014.00 thereof is conditioned that plaintiff will pay to defendant all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment if defendant recovers judgment or it is finally determined that plaintiff was not entitled to an attachment of defendant's property, and the balance thereof is conditioned that plaintiff will pay to the Sheriff all of his or her allowable fees, and it further

ORDERED that the amount to be secured by this order of attachment, including any interest, costs, and sheriff's fees and expenses shall be $360,288.00, and it is further

ORDERED that the Sheriff of the City of New York or of any county in the State of New York, attach property of defendant, within his or her jurisdiction, at any time before final judgment by levy upon such properties, including, but not limited to, defendant's bank accounts at: (a) Banco do Brasil, 600 Fifth Avenue 3rd Floor – Rockefeller Center, New York, New York 10020; (b) Lloyd's America Inc., The Museum Office Building, 25 West 53rd Street 14th Floor, New York, New York 10019; (c) Dresdner Bank AG, 1301 Avenue of the Americas, New York, New York 10019; (d) UBS AG, 1285 Avenue of the Americas, New York, New York 10019; (e) Citigroup d/b/a Citibank, N.A., 399 Park Avenue, New York, New York 10043; and (f) Banco Santander Central Hispano S.A., 45 E. 53rd Street, New York, NY 10022, as will satisfy the aforesaid sum of ~~$315,691.44~~. *$360,288.00* The Sheriff shall refrain from taking any property levied upon into his or her actually custody pending further order of this court, and it is further

ORDERED that the garnishees' statements required by CPLR 6219 be served, upon the Sheriff within 5 days after levy and that a copy of the garnishees' statements be served upon plaintiff, and it is further

ORDERED that the plaintiff shall move within ten days after levy on such notice as the Court shall direct to the defendant, garnishees, if any, and the Sheriff for an order confirming the order of attachment.

Enter Within Ten Days:

_____
J.S.C.

SHERRY KLEIN HEITLER

# EXHIBIT B

LAW OFFICE

# AUFRICHTIG STEIN & AUFRICHTIG, P.C.

PETER D. AUFRICHTIG•
BRUCE L. STEIN•

COUNSEL
PAUL S. AUFRICHTIG

OF COUNSEL
ROBERT E. ANDERSON••
MILTON L. MEYERS
HARVEY A. SERNOVITZ◊
AARON R. SOBEL◊◊

•ADMITTED IN NEW YORK, NEW JERSEY AND MARYLAND
••ADMITTED IN NEW YORK AND NEW JERSEY
◊ ADMITTED IN PENNSYLVANIA
◊◊ ADMITTED IN NEW YORK AND FLORIDA

FIFTH FLOOR
300 EAST 42ND STREET
NEW YORK, NEW YORK 10017
(212) 557-5040
TELEFAX: (212) 557-5065

NEW JERSEY OFFICE:
625 FRANKLIN TURNPIKE
ALLENDALE, NEW JERSEY 07401
(201) 934-1122

TEXAS OFFICE:
1003 WIRT ROAD
HOUSTON, TEXAS 77055
(713) 627-9990

MARYLAND OFFICE:
2410 WEST ZION ROAD
SALISBURY, MARYLAND 21801
(410) 860-0046

FLORIDA OFFICE:
2020 N.E. 163 STREET
SUITE 300
NORTH MIAMI BEACH, FLORIDA 33162
(305) 944-9100

August 27, 2007

BY FAX AND BY MAIL

Office of the Sheriff
Law Enforcement Bureau
66 John Street - 2nd Floor
New York, NY 10038
Fax No. 212-487-7949

Att:    Under Sheriff Joseph Fucito

Re:    Oscar David Cortez Uzeda
       v. Fondo Financiero Para El Desarrollo
       de la Cuenca Del Plata a/k/a FONPLATA
       Index No. 07/119074
       Sheriff's Case No. 07018772

Dear Sir:

Pursuant to CPLR Sec. 6219 the undersigned, as counsel for Banco do Brasil S.A., New York Branch, hereby responds to the Sheriff's Levy served on Banco do Brasil S.A., New York Branch on Thursday, August 23, 2007. In accordance with the CPLR and the Order of the New York Supreme Court Banco do Brasil S.A., New York Branch advises that it had on deposit the full amount of $360,288.00 ordered attached attached by Supreme Court Justice Sherry Klein Heitler of the New York State Supreme Court, New York County in her Order of Attachment dated August 20, 2007. Pursuant to that Order of Attachment and the levy from your office our client Banco do Brasil S.A., New York Branch has segregated the full amount of $360,288.00 in a separate account. Those funds will only be released in accordance with the direction of a further order of the Court which issued the Order of Attachment.

Any inquires related to this matter should be directed to Peter D. Aufrichtig at Aufrichtig Stein & Aufrichtig P.C. (212) 557-5040.

AUG-28-2007  08:40        NYC SHERIFF/ DOF              212 227 2188    P.04

Office of the Sheriff                    2                    August 27, 2007

To the extent that the Sheriff has already received any funds as a result of the levy of any of the other banks identified in the Order of Attachment or notice as to funds having been held as required under the Order of Attachment by the other banks we request your confirmation as to the release of the Sheriff's levy and Order of Attachment on my client as to such consents.

By copy of this letter we have served copy of this letter on Plaintiff's counsel V. David Rifkin, Esq. and Eric Lindquist at Fox Horan & Camerini LLP by fax.

Sincerely yours,

AUFRICHTIG STEIN & AUFRICHTIG, P.C.

By:

PDA:md
cc: V. David Rifkin, Esq.,  Fox Horan & Camerini LLP (by fax: (212) 269-2383)
    Eric Lindquist, Esq.  Fox Horan & Camerini LLP. (212) 269-2383)
    Banco do Brasil S.A., New York Branch
    Joseph Profaizer, Esq.  (By email)

# EXHIBIT C

AUG-28-2007  08:40        NYC SHERIFF/ DOF                    212 227 2188      P.02



**THE CITY OF NEW YORK**
**DEPARTMENT OF FINANCE**
**OFFICE OF THE SHERIFF**
**66 John Street- 2ND Floor**
**New York, N.Y. 10038**

**LINDSAY EASON**
**SHERIFF**

August 28, 2007

Sherry Klein Heitler
Justice of the Supreme Court
New York County
60 Centre Street, Room 543
New York, NY 10007

Re:  Order of Attachment/ Sheriff's Inventory – Sheriff case # NY07-18772
     Oscar David Cortez Uzeda,
                vs
     Fondo Financiero Para El Desarrollo De La Cuenca Del Plata
     A/K/A FONPLATA,
     Index # 07/119074

Dear Justice Heitler,

        Please be advised that pursuant to the Order of Attachment issued by you
in the above matter, the Office of the Sheriff levied upon property of the
defendant's by service of the order of attachment on the following garnishee:
Banco Do Brasil, 660 5th Avenue, NY, NY. This levy seized the entire amount
sought by the attachment: $360,288.00. Banco do Brasil also confirms that they
will be holding the funds levied upon pending a further order of the Court.

        In addition, the Sheriff served a copy of the order of attachment on the
following parties:

        Banco Santander Central Hispano, 45 East 53rd Street, NY, NY.
        Citigroup, 399 Park Avenue, NY, NY,
        Dresdner Bank AG, 1301 Avenue of the Americas, NY, NY
        Lloyd's America Inc., 25 West 53 Street, NY, NY,
        UBS AG, 1285 Avenue of the Americas, NY, NY,

        The levies on the above listed parties were released after confirmation
that the attachment was satisfied in full by the service on Banco Do Brasil.
Please allow this letter to serve as the Sheriff's Inventory required under
CPLR 6218(b). If you have any further questions or directions, you may reach me
at (212) 361-1200.

Very truly yours,

Joseph Fucito
Under Sheriff

# EXHIBIT D

'27/2007 12:42 FAX  2025511700          PAUL HASTINGS          ☑001/002

784

# aul Hastings

Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, DC 20005
telephone 202-551-1700 • facsimile 202-551- 705 • www.paulhastings.com

## FACSIMILE TRANSMISSION

| | | | |
|---|---|---|---|
| **to:** | **company/office:** | **facsimile:** | **telephone:** |
| V. David Rivkin | Fox, Horan & Camerini LLP | (212) 709-0248 | (212) 48)-4800 |
| **from:** | **facsimile:** | **telephone:** | **initials:** |
| Joseph R. Profaizer | (202) 551-0260 | (202) 551-1860 | JRP3 |
| **client name:** | | **client matter number:** | 09887-0f1003 |
| **date:**   August 27, 2007 | | **pages (with cover):** | |

**comments:**

**If you do not receive all pages, please call immediately Facsimile Center: (202) 551-1275**

*This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.*

27/2007 12:43 FAX  2025511700          PAUL HASTINGS                    ☒002/002

**aul** Hastings

TORNEYS

Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W. • Washington, DC 20005
telephone 202 551 1700 • facsimile 202 551 1705 • www.paulhastings.com

ila
ng
sels
ego
g Kong
ion
Angeles
n
York
ge County
Alto
s
Diego
Francisco
nghai
nford
ra
hington, DC

(202) 551-1860
joeprofaizer@paulhastings.com

August 27, 2007

**VIA E-MAIL AND FACSIMILE**

V. David Rivkin, Esq.
Fox Horan & Camerini LLP
825 Third Avenue, 12th Floor
New York, NY 10022

Re:    *Oscar David Cortez Uzeda v. Fondo Financiero Para el Desarrollo de la Cuenc* del Plata
       *a/k/a FONPLATA* (Index No. 07/119074), pending in the Supreme Court of
       the State of New York (County of New York)

Dear Mr. Rivkin:

I represent FONPLATA in the above-referenced matter. In accordance with New York
CPLR 6212(d), please provide me with the papers upon which the order of attachment
was granted.

Sincerely,

Joseph R. Profaizer
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

# EXHIBIT E

**JooYun Kim**

| | |
|---|---|
| **From:** | JooYun Kim |
| **Sent:** | Monday, August 27, 2007 1:30 PM |
| **To:** | joeprofaizer@paulhastings.com |
| **Cc:** | Eric Lindquist; David Rivkin |
| **Subject:** | Cortez v. FONPLATA |
| **Attachments:** | Rivkin Affirmation.pdf; Cortez Affidavit.pdf; Cortez Affidavit - Exhibit 1.pdf; Memorandum of Law.pdf |

Dear Mr. Profaizer:

This email is in response to your facsimile to V. David Rivkin, dated August 27, 2007, requesting, pursuant to CPLR 6212(d), a copy of the papers upon which the order of attachment was granted. In satisfaction of your August 27, 2007 request pursuant to CPLR 6212(d) and as per our phone conversation earlier today, please find attached PDF copies of the requested papers.

If you have any problems with the attachments, please let me know.

Regards,
JooYun Kim

JooYun Kim
Fox Horan & Camerini LLP
825 Third Avenue
New York, New York 10022
jkim@foxlex.com
Tel:  212-709-0214
Fax:  212-269-2383

# EXHIBIT F

Index No. 07|119074

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

OSCAR DAVID CORTEZ UZEDA,

Plaintiff,

– against –

FONDO FINANCIERO PARA EL DESARROLLO
DE LA CUENCA DEL PLATA a/k/a FONPLATA,

Defendant.

## MOTION FOR ORDER OF ATTACHMENT

FOX HORAN & CAMERINI LLP
Attorneys for   Plaintiff

825 THIRD AVENUE
NEW YORK, NEW YORK 10022
(212) 480-4800

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
OSCAR DAVID CORTEZ UZEDA,                    :
                                            :
                                            :
                        Plaintiff,          :        Index No. 07/119074
                                            :
          -against-                         :
                                            :        **AFFIRMATION OF**
                                            :        **V. DAVID RIVKIN**
FONDO FINANCIERO PARA EL DESARROLLO         :
DE LA CUENCA DEL PLATA                      :
A/K/A FONPLATA,                             :
                                            :
                        Defendant.          :
------------------------------------------------------------x

      V. DAVID RIVKIN, an attorney duly admitted to practice law in the courts of the State

of New York, affirms the following under penalty of perjury:

      1.    I am a member of the law firm Fox Horan & Camerini LLP, with offices located

at 825 Third Avenue, New York, New York 10022, counsel to plaintiff Dr. Oscar David Cortez

Uzeda ("Dr. Cortez"). I am fully familiar with all of the facts and circumstances in connection

with this affirmation. I submit this affirmation in support of plaintiff's *ex parte* motion for an

order of attachment of the property of defendant Fondo Financiero Para el Desarrollo de la

Cuenca del Plata a/k/a/ FONPLATA ( "FONPLATA").

      2.    I respectfully refer the Court to the affidavit of Dr. Cortez, sworn to on the 17th

day of July 2007 ("Cortez Aff.") and submitted herewith in support of the within application for

a statement of the nature of the action and the grounds for the attachment. Plaintiff has a cause of

action and success on the merits is probable.

3.    Plaintiff Dr. Cortez has a cause of action based on an enforceable foreign country money judgment upon which he will seek to enforce in New York by bringing a motion for summary judgment in lieu of a complaint pursuant to Article 53 of the CPLR.

4.    On August 16, 2003, plaintiff was awarded a judgment against defendant in the amount of $315,691.44 based on a claim of breach of contract that plaintiff brought before the Trial Court in Bolivia.  *See* Affidavit of Rodolfo Melgarejo del Castillo in Support of Motion for Summary Judgment in lieu of Complaint, sworn to July 17, 2007 ("Melgarejo Aff.") (attached to Cortez Aff.) Ex. C (*Remisión de Exhorto* or "Summons and Complaint") and Ex. E (a certified copy of the judgment against defendant FONPLATA).

5.    The Trial Court had both subject matter and personal jurisdiction over the parties in that matter and defendant received proper notice of the proceedings against it.  Nonetheless, defendant chose not to contest the proceeding, compelling the Trial Court to enter a default judgment against defendant.  Such default judgment, which to date has remained unsatisfied, is final, conclusive and enforceable in Bolivia.  *See id.* ¶¶ 2, 12.  Moreover, no appeal is pending, and defendant is no longer entitled to appeal such judgment.  *See id.* ¶ 2.  Consequently, success on the merits of plaintiff's cause of action is probable given that the Trial Court's judgment satisfies the statutory requirements of Article 53 of the CPLR.

6.    Additionally, more than one ground exists pursuant to CPLR 6201 for attachment. CPLR § 6201 provides in relevant part that:

> An order for attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled ... to a money judgment against one or more of the defendants, when:

> 1. the defendant is ... a foreign corporation not qualified to do business in the state; or

> ...

> 5. the cause of action is based ... on a judgment which qualifies for recognition under the provisions of article 53.

CPLR § 6201.

7.    As shown above, plaintiff Dr. Cortez is entitled to an enforceable foreign money judgment pursuant to Article 53 of the CPLR against defendant for $315,691.44, arising from plaintiff's civil suit in Bolivia. Consequently, plaintiff Dr. Cortez has grounds for attachment pursuant to CPLR 6201(5).

8.    In addition, since FONPLATA is a foreign corporation not qualified to do business in New York, *see* Cortez Aff. ¶ 12, plaintiff also has grounds for an attachment pursuant to CPLR 6201(1).

9.    An order for an attachment in the amount of $315,691.44, attorneys' fees and all applicable sheriff's fee the amount demanded by plaintiff exceeds all counterclaims by defendant known to plaintiff. *See* Cortez Aff. ¶ 3.

10.    The property sought to be attached herein are bank accounts maintained by FONPLATA at:

    a.    Banco do Brasil
            600 Fifth Avenue 3rd Floor – Rockefeller Center
            New York, New York 10020

    b.    Lloyd's America Inc.
            The Museum Office Building
            25 West 53rd Street 14th Floor
            New York, New York 10019

    c.    Dresdner Bank AG
            1301 Avenue of the Americas
            New York, New York 10019

    d.    UBS AG
            1285 Avenue of the Americas
            New York, New York 10019

e.    Citigroup d/b/a Citibank, N.A.
       399 Park Avenue
       New York, New York 10043

f.    Banco Santander Central Hispano S.A.
       45 E. 53rd Street
       New York, NY 10022

11.    On or about August 9, 2007, I spoke by phone with a representative of the

Secretary of State and learned that the defendant is neither a New York corporation nor qualified

to do business here.

12.    Additional authority for granting an order of attachment upon the aforementioned

property is demonstrated in the accompanying memorandum of law.

WHEREFORE, it is respectfully requested that this motion for an order of attachment be

granted, together with such other relief as the court deems proper.

Dated: New York, New York
        August 14, 2007

                                        _____
                                        V. DAVID RIVKIN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
OSCAR DAVID CORTEZ UZEDA,                    :
                                             :
                                             :
                        Plaintiff,           :      Index No. 07/119074
                                             :
        -against-                            :
                                             :
                                             :
FONDO FINANCIERO PARA EL DESARROLLO :
DE LA CUENCA DEL PLATA                       :
A/K/A FONPLATA,                              :
                                             :
                        Defendant.           :
------------------------------------------------------------x

## AFFIDAVIT OF OSCAR DAVID CORTEZ UZEDA

OSCAR DAVID CORTEZ UZEDA, being duly sworn, deposes and says under penalty of

perjury of the laws of the United States of America and the State of New York:

   1.      I am the plaintiff in the above entitled action and reside at Jorori Street No. 2075

Santa Cruz - Bolivia.  I submit this affidavit in support of my motion for an order of attachment

of defendant's property, pursuant to CPLR 6201 and CPLR 6211(a).

   2.      An action has not yet been commenced to recover damages on account of the

claims set forth herein to date, but I intend to file a motion for summary judgment in lieu of a

complaint against defendant Fondo Financiero Para el Desarrollo de la Cuenca del Plata a/k/a

FONPLATA ("FONPLATA") in which I will seek to enforce a money judgment rendered by a

Bolivian court against defendant, and in my favor, in the amount of $315,691.44 with interest

from May 24, 2006, and the costs and disbursements of the action.  This amount exceeds all

counterclaims of which I have any knowledge.

3.      A copy of the affidavits and exhibits in support of my planned motion to enforce the Bolivian judgment is attached hereto as Exhibit 1.

4.      Defendant FONPLATA is a development fund created by the governments of Argentina, Bolivia, Brazil, Paraguay and Uruguay for the purpose of promoting development of the Plata Basin.  Defendant FONPLATA grants loans, bonds, and guarantees to private entities at the request of the member countries in order to finance development projects in the Plata Basin.

5.      At all times relevant to this action, FONPLATA maintained its administrative headquarters in Bolivia and according to the convention that created FONPLATA, defendant's administrative employees may avail themselves of all existing labor and social laws in the Republic of Bolivia.

6.      In July 1995, I entered into an employment contract with FONPLATA  pursuant to which FONPLATA hired me as its treasurer at FONPLATA's administrative headquarters in Bolivia.  According to the terms of the July 1995 contract, I was to serve as treasurer – an administrative position – through July 2002.

7.      Between July 1995 and July 2000, I received positive evaluations from FONPLATA.  For instance, in a April 27, 2000 memorandum, Vicente de Paulo Pereira de Carvalho, FONPLATA's President of Finance and Administration, complimented my experience, diligence, ability to work well under pressure, initiative, discipline and results.

8.      The above notwithstanding, in July 2000, FONPLATA fired me without cause and in breach of the July 1995 employment contract between myself and FONPLATA.

9.      Accordingly, on October 29, 2002, I brought an action for damages arising from said termination in the Second Trial Court on Labor Matters and Social Security in Santa Cruz de la Sierra, Bolivia ("Trial Court").

2

10.    Despite having been notified of such proceeding, FONPLATA did not appear in its own defense and on March 15, 2003, the Trial Court found FONPLATA in contempt.

11.    On August 16, 2003, the Trial Court found that I had proved my *prima facie* case against FONPLATA and that FONPLATA had been duly notified of the proceeding. Accordingly, the Trial Court entered a default judgment against FONPLATA and awarded me damages and attorneys' fees which, as of May 24, 2006 total $315,691.44. The court also ordered FONPLATA to pay a Bs. 2,000 (the equivalent of $253.63 as of July 2, 2007) fee to the Bolivian College of Attorneys Bar Association.

12.    FONPLATA has not made any payments in satisfaction of the judgment against it.

13.    To the best of my knowledge, FONPLATA is not qualified to do business in New York. While I was treasurer of FONPLATA, I became aware of its assets in New York. Upon information and belief, FONPLATA maintains bank accounts at Banco Do Brasil, Lloyds America Inc., Dresdner Bank AG, UBS AG and Citibank, N.A., (f) Banco Santander Central Hispano S.A. (collectively, the "Garnishees"). FONPLATA's sole assets within the state appear to be the assets in said accounts.

14.    Based on these facts and the attached memorandum of law, the affirmation of V. David Rivkin, Esq. and all other evidence attached to these pleadings, it is probable that I will succeed on the merits of this action.

15.    No other provisional remedy has been sought in this action against FONPLATA.

16.    Based upon my experience as FONPLATA's treasurer, FONPLATA would not hesitate to dispose of its assets held by the Garnishees in order to evade the enforcement of any

award rendered against defendant in New York or otherwise subject such assets to a lien, with or without the State, taking priority over plaintiff's claim to such property.

17.    No previous application has been made for the relief requested.

WHEREFORE, it is respectfully requested that this motion for an order of attachment be granted, together with such other relief as the court deems proper.

Dated: _____, Bolivia
       July  17, 2007


_____
Oscar David Cortez Uzeda


Sworn and subscribed before me
       JUL 1 7 2007
this day _____of_____ 200__


Republic of Bolivia          }
Department of Santa Cruz}
City of Santa Cruz           }
Consular Agency              }
United States of America }


Rhea Borda
U.S. Consular Agent
Santa Cruz - Bolivia


COMMISSION DOES
NOT EXPIRE


4

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x

OSCAR DAVID CORTEZ UZEDA,                     :
                                              :
                                              :
                    Plaintiff,                :        Index No. _____
                                              :
                                              :        Date Purchased: _____
        -against-                             :
                                              :        Plaintiff Designates New
                                              :        York County As The
FONDO FINANCIERO PARA EL DESARROLLO           :        Place Of Trial
DE LA CUENCA DEL PLATA                         
A/K/A FONPLATA,                               :        **SUMMONS**
                                              :
                    Defendants.               :
-----------------------------------------------------------------x

                                                       The basis of venue is
                                                       CPLR § 508 –
                                                       chattel sought to be recovered
                                                       is situated in New York
                                                       County

                                                       Plaintiff resides at:
                                                       Avenida Banzer guión Calle
                                                       Jororí #2075
                                                       Santa Cruz, Republic of
                                                       Bolivia

To The Above Named Defendant:

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and
to serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the plaintiffs' attorneys within 20 days after service of
this summons, exclusive of the day of service (or within 30 days after the service is
complete if this summons is not personally delivered to you within the State of New
York); and in the case of your failure to appear or answer, judgment will be taken against
you by default for the relief demanded herein.

Dated: August 14, 2007

Defendant's address:

FONPLATA
Avenida Irala 573
Santa Cruz de la Sierra
Republic of Bolivia