FOX HORAN & CAMERINI LLP
Attorneys for Plaintiff

By: /s/
V. David Rivkin

825 Third Avenue, 12th Floor
New York, New York 10022
Phone: (212) 480-4800
Fax: (212) 709-0248

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
OSCAR DAVID CORTEZ UZEDA,                        :
                                                 :
                                                 :
                      Plaintiff,                 :    Index No._____
                                                 :
        -against-                                :    **NOTICE OF MOTION FOR**
                                                 :    **SUMMARY JUDGMENT IN LIEU**
                                                 :    **OF A COMPLAINT**
                                                 :
FONDO FINANCIERO PARA EL DESARROLLO              :
DE LA CUENCA DEL PLATA                           :
A/K/A FONPLATA,                                  :
                                                 :
                      Defendants.                :
-----------------------------------------------------------------x

    PLEASE TAKE NOTICE THAT upon affirmation by Eric Lindquist, and upon affidavits of Oscar David Cortez Uzeda and Rodolfo Melgarejo del Castillo, and the exhibits attached thereto, plaintiff will move this Court at the Submission Part, Room 130, of the Supreme Court Courthouse, 60 Centre Street, New York, New York, on _____, 2007 at 9:30 am, or as soon thereafter as counsel may be heard for an order pursuant to CPLR Article 53 (Recognition of Foreign Country Money Judgments) and CPLR § 3213 granting summary judgment in lieu of complaint in favor of plaintiff and against defendant in the amount of $315,959.04 plus interest thereon calculated at the rate of nine percent (9%) per annum, pursuant to CPLR § 5004, from May 2, 2007, upon the ground that this action is based on a foreign country judgment and that there is no defense thereto, and any such other and further relief as to the court may seem just and proper, together with the cost of this motion

    The above entitled action is brought to recognize and enforce a prior judgment rendered against defendant in the Republic of Bolivia, representing sums due plaintiff by order of the Second Trial Court on Labor Matters and Social Security in Santa Cruz de la Sierra, Bolivia.

PLEASE TAKE FURTHER NOTICE that all answering papers shall be served on the undersigned attorneys within thirty (30) days after you are served with the summons.

Dated: New York, New York
_____, 2007

                FOX HORAN & CAMERINI LLP

                By:_____
                    Eric Lindquist
                825 Third Avenue
                New York, New York 10022
                (212) 480-4800
                *Attorneys for Plaintiff Dr. Oscar David Cortez Uzeda*

To:    Fondo Financiero Para el Desarrollo de la Cuenca del Plata
        Avenida Irala 573
        Santa Cruz de la Sierra, Bolivia

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
OSCAR DAVID CORTEZ UZEDA,

                       Plaintiff,                    Index No. 07/110974

       -against-

FONDO FINANCIERO PARA EL DESARROLLO
DE LA CUENCA DEL PLATA
A/K/A FONPLATA,

                       Defendants.
------------------------------------------------------------x

## AFFIRMATION OF V. DAVID RIVKIN

      V. DAVID RIVKIN, an attorney duly admitted to practice law in the court of the State of New York, affirms under penalties of perjury as follows:

      1.    I am a member of the law firm of Fox Horan & Camerini LLP, with offices located at 825 Third Avenue, New York, New York, 10022, counsel to plaintiff Dr. Oscar David Cortez Uzeda.

      2.    I submit this affirmation in suport of the plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR § 3213 and Article 53 of the CPLR upon the ground that this action is based on a final, conclusive and enforceable judgment against the defendant FONPLATA in the Republic of Bolivia for which there is no defense thereto.

      3.    In support of this motion, plaintiff also submits the affidavit of Attorney Rodolfo Melgarejo del Castillo, plaintiff's Bolivian counsel, in which Mr. Melgarejo sets forth the facts of how a judgment in the amount of $315,691.44 was obtained against the defendant. The Bolivian judgment and other pertinent documents are attached to Mr. Melgarejo's affidavit.

4. Additionally, plaintiff submits an affidavit setting forth the factual basis for his claims against defendant.

5. Mr. Melgarejo's and plaintiff's affidavits also establish that jurisdiction over the defendant was proper, that the defendant was adequately served, and that the defendant had sufficient opportunity to respond to the claims against it. Nevertheless, the defendant chose not to appear or be heard in the Bolivian proceeding.

6. There is no known defense to this action.

Date: New York, New York
      August 14, 2007

_____
V. DAVID RIVKIN

# CORTEZ AFFIDAVIT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
OSCAR DAVID CORTEZ UZEDA,

        Plaintiff,     : Index No._____

  -against-

FONDO FINANCIERO PARA EL DESARROLLO
DE LA CUENCA DEL PLATA
A/K/A FONPLATA,

        Defendant.
------------------------------------------------------------x

## AFFIDAVIT OF OSCAR DAVID CORTEZ UZEDA

OSCAR DAVID CORTEZ UZEDA, being duly sworn, deposes and says under penalty of perjury of the laws of the United Sates of America and the State of New York:

1. I am the plaintiff in the above entitled action and reside at Jorori Street No. 2075 Santa Cruz - Bolivia. I submit this affidavit in support of my motion for summary judgment in lieu of a complaint against defendant Fondo Financiero Para el Desarrollo de la Cuenca del Plata a/k/a FONPLATA ("FONPLATA") in which I seek the enforcement in New York of a money judgment rendered by a Bolivian court against defendant, and in my favor, in the amount of $315,691.44 with interest from May 2, 2007, and the costs and disbursements of the action. This amount exceeds all counterclaims of which I have any knowledge.

2. Defendant FONPLATA is a development fund created by the governments of Argentina, Bolivia, Brazil, Paraguay and Uruguay for the purpose of promoting development of

the Plata Basin. Defendant FONPLATA grants loans, bonds, and guarantees to private entities at the request of the member countries in order to finance development projects in the Plata Basin.

3. At all times relevant to this action, FONPLATA maintained its administrative headquarters in Bolivia and according to the convention that created FONPLATA, defendant's administrative employees may avail themselves of all existing labor and social laws in the Republic of Bolivia.

4. In July 1995, I entered into an employment contract with FONPLATA pursuant to which FONPLATA hired me as its Treasurer at FONPLATA's administrative headquarters in Bolivia. According to the terms of the July 1995 contract, I was to serve as treasurer – an administrative position – through July 2002.

5. Between July 1995 and July 2000, I received positive evaluations from FONPLATA. For instance, in a April 27, 2000 memorandum, Vicente de Paulo Pereira de Carvalho, FONPLATA's President of Finance and Administration, complimented my experience, diligence, ability to work well under pressure, initiative, discipline and results.

6. The above notwithstanding, in July 2000, FONPLATA fired me without cause and in breach of the July 1995 employment contract between myself and FONPLATA.

7. On October 29, 2002, I brought an action for damages arising from said termination in the Second Trial Court on Labor Matters and Social Security in Santa Cruz de la Sierra, Bolivia ("Trial Court").

8. Despite having been notified of such proceeding, FONPLATA did not appear in its own defense and on March 15, 2003, the Trial Court found FONPLATA in contempt.

9. On August 16, 2003, the Trial Court found that I had proved my *prima facie* case against FONPLATA and that FONPLATA had been duly notified of the proceeding.

Accordingly, the Trial Court entered a default judgment against FONPLATA and awarded me damages and attorneys' fees which, as of May 2, 2007 total $315,691.44. The court also ordered FONPLATA to pay a Bs. 2,000 (the equivalent of $253.63 as of July 2, 2007) fee to the Bolivian College of Attorneys Bar Association.

10. FONPLATA has not made any payments in satisfaction of the judgment against it.

11. I respectfully request that this Court recognize and enforce the full judgment awarded to me and against defendant by the Bolivian Trial Court.

Dated: _____, Bolivia
July 17, 2007

_____
Oscar David Cortez Uzeda

Sworn and subscribed before me
this day JUL 17 2007 \_\_\_\_of\_\_\_\_\_200\_\_

Republic of Bolivia }
Department of Santa Cruz}
City of Santa Cruz }
Consular Agency }
United States of America }

_____
Rhea Borda
U.S. Consular Agent
Santa Cruz - Bolivia

COMMISSION DOES
NOT EXPIRE

# MELGAREJO AFFIDAVIT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
OSCAR DAVID CORTEZ UZEDA,                          :
                                                   :
                    Plaintiff,                     :     Index No._____
                                                   :
        -against-                                  :
                                                   :
                                                   :
FONDO FINANCIERO PARA EL DESARROLLO                :
DE LA CUENCA DEL PLATA                             :
A/K/A FONPLATA,                                    :
                                                   :
                    Defendant.                     :
------------------------------------------------------------x

## AFFIDAVIT OF RODOLFO MELGAREJO DEL CASTILLO

**Rodolfo Melgarejo del Castillo**, being duly sworn, deposes and says under penalty of perjury of the laws of the United States of America and the State of New York:

1. I am an attorney admitted to practice in the courts of the Republic of Bolivia and am a member of the Bolivian law firm, Melgarejo & Asociados, located at Avda Monseñor Rivero No. 245 Edificio Monseño Rivero 3er Piso, Of. 3A, Santa Cruz, Bolivia. Our firm is counsel to plaintiff Oscar David Cortez Uzeda, and represented him in his civil action against defendant FONPLATA that is the subject of this application.

2. I am fully aware of the facts set forth herein, and submit this affidavit in support of Dr. Cortez's motion for summary judgment in lieu of complaint against defendant FONPLATA upon the grounds that this action is based on a non-appealable Bolivian judgment and that there is no defense thereto.

3. Dr. Cortez is a citizen of Bolivia. Defendant FONPLATA is a legal entity, with capacity to enter and perform obligations and contracts, organized pursuant to an organizational conven-

tion signed on June 12, 1974 by the governments of Argentina, Brazil, Bolivia, Uruguay, and Paraguay.

4. On October 24, 2002, plaintiff filed, through our firm, a claim against defendant in the Second Trial Court on Labor Matters and Social Security in Santa Cruz de la Sierra, Bolivia (the "Trial Court") for breach of contract (the "Claim"). A true copy of the Claim with English translation is annexed hereto as **Exhibit A**.

5. As set forth in the Claim, the basis for plaintiff's claim against defendant arises from a *Carta – Contrato* (the "Letter Agreement") entered into by the parties on July 15, 1995. A true copy of the Letter Agreement with English translation is annexed hereto as **Exhibit B**.

6. As explained in 6-8 of the Affidavit of Oscar David Cortez Uzeda, the Letter Agreement, which was renewed on two occasions, was to expire in July 2002. However, in July 2000, defendant unilaterally terminated plaintiff's employment in breach of the Letter Agreement.

7. On November 13, 2002, plaintiff duly notified defendant of his claim pursuant to a *Remisión de Exhorto* (a "Summons and Complaint") sent to defendant FONPLATA's Executive Secretary, Walter Villalba Saldivar, in the city of Santa Cruz, Bolivia by the *Ministerio de Relaciones Exteriores y Culto* (the "Bolivian Ministry of Exterior Relations and Culture"), in accordance to Bolivian law. A true copy of the Summons and Complaint with English translation is annexed hereto as **Exhibit C**.

8. Despite receiving proper notice, defendant did not appear in the Trial Court proceedings, and on March 15, 2003, the Trial Court found defendant FONPLATA in contempt. A true copy of the contempt Order is annexed hereto as **Exhibit D**.

9. On August 16, 2003, the Trial Court entered a default judgment (the "Judgment") against defendant FONPLATA and awarded plaintiff damages and attorneys' fees in the total amount of US $280,614.62. A true copy of the Judgment is annexed hereto as **Exhibit E**.

10. Subsequently, on May 2, 2007, the Clerk of the Second Court on Labor Matter and Social Security certified that as of May 2, 2007, the Judgment against FONPLATA totaled $US $315,691.44, plus Bs. 2,000, a fee to be paid by defendant to the Bolivian College of Attorneys Bar Association. A true copy of the clerk' certification is annexed hereto as **Exhibit E**.

11. Pursuant to Bolivian law, "la Sentencia Ejecutoriada" → Enforced Sentence, the Judgment is final, conclusive, and enforceable in Bolivia.

12. To the best of my knowledge, no part of the Judgment has been satisfied.

13. The Bolivian court system in which the Judgment was rendered provides impartial tribunals and procedures compatible with due process of law in the United States.

14. The Trial Court had jurisdiction over defendant pursuant to Art. 14 "Convenio de Sede" Headquarters Agreement and had subject matter jurisdiction over the underlying claim pursuant to Bolivian law and Art. 13, Art. 14 "Convenio de sede" → Agreement of sedates.

_____
Rodolfo Melgarejo del Castillo

Sworn to me this 17 day of July, 2007.

Sworn and subscribed before me
is day ____ of JUL 17 2007 200__

Republic of Bolivia }
Department of Santa Cruz}
City of Santa Cruz }
Consular Agency }
United States of America }

Rhea Borda
U.S. Consular Agent
Santa Cruz - Bolivia

COMMISSION DOES
NOT EXPIRE

3

# MELGAREJO AFFIDAVIT – EXHIBIT A

YOUR HONOR ON DUTY FOR LABOR MATTERS AND SOCIAL SECURITY

CLAIM: PAYMENTS OF SOCIAL BENEFITS

PETITIONS:

OSCAR DAVID CORTEZ UZEDA, with Nat'l ID Card No. 77778 Cbba., of the age of majority, married, a resident of this city on calle [street] Jororí No. 205, before Your Honor I do respectfully petition:

That by means of the Contract dated July 14, 1995, the FONPLATA Executive Board of Directors, by means of RD No. 614/95 did make provisions to hire me to undertake the position of TREASURER (Sector Head) under the category of International Officer (pgs. 2) setting, by way of the provisions of the Entity's International Policy, the contract terms and probationary period of international employees assigned to FONPLATA, and subject to the following terms (pgs. 1):

a) The probationary period shall be one year.
b) Once the probationary period has been completed, in your case a contract will be signed for the duration of two years.
c) Once the two-year contract has expired, the contract could be extended by mutual agreement between FONPLATA and the employee, of two periods for two years each.

In this regard, the contract duration is for seven years, namely, one year probation, and three two-year periods. Now, according to the Letters Extending the Contract, dated April 18, 1997 (pgs. 4 to 5) and November 18, 1999 (pgs. 6 to 7), the FONPLATA Executive Board of Directors made provisions to extend my contract for the same position and under the same category, that is, for two (2) more periods, with another two-year period pending extension of the Contract.

However at the 98th Meeting of the Executive Board of Directors, and by virtue of having supposedly considered the Rotations of the positions for the Area Heads and others, amongst them Treasury, in point 7.21: the Executive Board of Directors…

... illegally decided not to extend my employment contract (see pgs. 17), basing erroneously its position on a supposed rotation of positions, when it conditioned, and I quote, "The beginning of the process for s public call and selection for the position of Treasurer shall be subject to the deliberations of the Executive Board of Directors with regards to the rotation of the positions," which was expressly rejected by the Ministry of Finance. The FONPLATA Governor for Bolivia (the maximum authority in the Organization), who set his position in the communiqués (See pgs. 18 to 23), his peers, the Minister-Governors for Brazil, Argentina, Uruguay, and Paraguay, moreover, instructing Director for Bolivia by means of a NOTE, expressed two points:

> FIRST: The Country's position of NOT accepting the rotation of positions, and
> SECOND: On the basis of an EXCELLENT performance appraisal of the compatriot Dr. Oscar D. Cortez Uzeda, gives way to expressly pronouncing that we maintain Dr. Cortez in his position as Treasurer.

In spite of the EXCELLENT appraisal of my work and performance in the financial years 1996, 1998, and 2000 made by the Area Head (See pgs. 9 to 16) and the express position of our Country to keep me in that position, the Executive Board of Directors did NOT allow the conclusion of the last two-year period of the contract, unilaterally breaking said contract by means of Memo SE-250/2000, (See pgs. 71) without any justifiable cause at all be it of an administrative, labor, legal, or any other order, consequently constituting this in a FORCEFUL REMOVAL, violating articles 156 and 157 of the Political Constitution of the State and Article 4 of the General Labor Law, in spite of the fact that the Master Agreement between the Republic of Bolivia and the *Fondo Financiero para el Desarrollo* de la Cuenca del Plata [Financial Fund for Developing the River Plate Basin] "FONPLATA" (See pgs. 119 to 128) in ARTICLE FOURTEEN establishes that in these cases it shall apply Bolivian law...

... and I quote:

> "The labor practices and social benefits applicable to the FUND's personnel can be established by [FONPLATA] in the sense that its provisions shall not be less advantageous than those in effect in Bolivia; **in any case, the administrative personnel hired by the FUND shall be protected by the applicable social and labor laws in the Republic of Bolivia.**"

In light of this illegal and arbitrary action, I had no other alternative than to file an Appeal for Constitutional Protection (See pgs. 73 to 75), petitioning that they respect the procedural norms, every time with this implicitly unconstitutional decision infringes upon constitutional guarantees provided for concretely in the Political Constitution of the State in its Articles 156 & 157 regarding the Social System which state, "EMPLOYMENT IS A DUTY AND A RIGHT, AND CONSITUTES THE BASIS OF [OUR] SOCIAL AND ECONOMIC ORDER, MOREOVER, IT ENJOYS PROTECTION BY THE STATE." The Constitutional Appeal that was processed and resolved on the first matter by the Social and Administrative Chamber of the Honorable Superior District Court declared it LAWFUL (See pgs. 79 to 80) providing "the invalidity of every action by the authority appealed, having to proceed in the manner as so corresponds." It should be mentioned, that in order to have me removed in this manner, they must present me with notice personally, subjecting themselves to the Statutes of the Administrative Tribunal, in accordance with what is provided for in Article 19 of the aforementioned Legal Body. This Constitutional Sentence was APPROVED by the Constitutional Tribunal by means of Sentence N° 1125/01-R, dated October 19, 2001 (See pgs 91 to 95). These documents merit credence as evidence for the express provisions of Article 1296 of the Civil Code.

However, having proceeded with serving notice through the...

...Ministry of External affairs and Worship by means of a Letters Rogatory with the constitutional rulings, presented to the Executive Secretary at FONPLATA, Mr. WALTER VILLALBA SALDIVAR (See pgs. 104 to 110) who replace Pedro Luiz Pinheiro Da Costa in the position, as well as the constant complaints (See pgs. 111 to 118) and the professional performance appraisal for 2000, 1998, 1997, and 1996, on the basis of which the GOVERNOR FOR BOLIVIA expressly instructed the extension of the last contract period (See pgs. 22). The FONPLATA Executive insists and persists in a beseeching manner to keep me outside the institution without any just cause, infringing on the DUE PROCESS which by national provisions and International Agreements should be respected, violating my constitutional guarantees set forth in Articles 156 and 157 of the Social System in the Political Constitution of the State. Under no circumstances did they pay me in full my social benefits which ascend to the sum of US$ 285,777.51 (TWO HUNDRED EIGHTY FIVE THOUSAND SEVEN HUNDRED SEVENTY SEVEN 51/100 AMERICAN DOLLARS) as can be evidenced by the attached Severance Slip which expressly states, subject to review and approval by the Ministry of Labor and Social Security.

It being totally ostensible that the former and the current Executive Secretary at FONPLATA, denied compliance with the CONSITUTIONAL rulings, as well as have no knowledge of the reports made on my behalf by the GOVERNOR FOR BOLIVIA, Lic. Ronald Maclean Abaroa, in his capacity as Minister of Finance, before the Organization and other Governors, to unilaterally by means of Memo SE 250/2000 communicate the discontinuance of my labor relationship with the Organization (FONPLATA) without any defense, complying with FONPLATA's Administrative Tribunal Statutes, constituting this in a FORCEFUL REMOVAL, since in its...

... Article 19 it sets forth that the Executive Secretary should provide for my personal notice, so as to, comply with what is set forth in the aforementioned Article 19, and I quote, "The recourse for appealing before the Tribunal shall be filed, without the penalty of lapsing, within thirty (30) days commencing with and following the PERSONAL NOTIFICATION of the APPEALING PARTY." In rejecting my petition the also don't want to pay me the social benefits which by law correspond to me, in spite of the existence of a CONSTITUTIONAL SENTENCE, it being therefore a totally unconstitutional and illegal decision, to the extent of committing a violation of law of DISOBEDIENCE TO THE RESOLUTIONS IN AN HABEAS CORPUS PROCEEDING AND CONSTITUTIONAL DEFENSE as established in Article 179 Twice of the Penal Code, which in protecting my rights, I will apply whatever way deemed necessary.

For having failed to act on the obligation of the Constitutional Proceedings resolved by the Constitutional Tribunal, as well as the constant claims made not only through the Ministry of Foreign Affairs, but also directly through letters, and not obtaining a favorable response thereto, and with this petition holding to the provisions of Articles 117 to 120 of the Proceedings Code for Labor Matters, I am obliged to file suit for the Payment of Social Benefits for the sum of US$285,777.51 (TWO HUNDRED EIGHTY-FIVE THOUSAND SEVEN HUNDRED SEVENTY'SEVEN 51/00 AMERICAN DOLLARS) directing the legal action against the legal representative of the *Fondo Financiero para el Desarrollo de la Cuenca del Plata*, Mr. WALTER VILLALBA SALDIVAR, since the former [representative], Mr. Pedro Luiz Pinheiro Da Costa, was removed from his position, seeking protection in Articles 4, 6, 10, 12, 13, 44, 48, and 57 of the General Labor Law; and Articles 156 and 156 of the Political Constitution of the State; and Article FOURTEEN of the...

...Master Agreement between the Government of the Republic of Bolivia and the *Fondo Financiero para el Desarrollo de la Cuenca del Plata FONPLATA*, petitioning that Your Honor admit the matter and impart the formalities of Law until the status of pronouncing sentence thereon, declaring PROVEN my claim, and accordingly order the payment and settling the manner I have presented within the term of the third day, plus court costs and expenses.

1ST ADDITIONAL PETITION. The *Fondo Financiero para el Desarrollo de la Cuenca del Plata*-FONPLATA and its legal representative, Mr. WALTER VILLALBA SALDIVAR, Executive Secretary for FONPLATA have their legal domicile in the FONPLATA offices located at Av. Irala 573 [Santa Cruz, Bolivia].

2ND ADDITIONAL PETITION. Taking into consideration that the FONPLATA Executive Secretary, Mr. Walter Villalba Saldivar, is an employee that Bolivia had the courtesy to grant a Diplomatic rank, I request of Your Honor that the notice served to him be done via the Ministry of Foreign Affairs and it also be by Letters Rogatory, inserting the pertinent charges, especially the summons, with his legal domicile being Av. Irala N° 573.

3RD ADDITIONAL PETITION. Since the defending party is an International Body, I petition of Your Honor that intervention be through the Office of the Attorney General (Ministry of the Public) and the Ministry of Foreign Affairs.

4TH ADDITIONAL PETITION. I am attaching in the capacity as preconstituted documentary evidence the documentation on pgs 130.

5TH ADDITIONAL PETITION. I request that Your Honor order that the [original] Master Agreement between the Government of Bolivia and the *Fondo Financiero para el Desarrollo de la Cuenca del Plata* FONPLATA, be removed from the court records and held, and in its place should remain duly legalized photocopies thereof....