...decision infringes upon constitutional guarantees provided for concretely in the Political Constitution of the State in its Articles 156 & 157 regarding the Social System which state, "EMPLOYMENT IS A DUTY AND A RIGHT, AND CONSITUTES THE BASIS OF [OUR] SOCIAL AND ECONOMIC ORDER, MOREOVER, IT ENJOYS PROTECTION BY THE STATE." The Constitutional Appeal that was processed and resolved on the first matter by the Social and Administrative Chamber of the Honorable Superior District Court declared it LAWFUL (See pgs. 79 to 80) providing "the invalidity of every action by the authority appealed, having to proceed in the manner as so corresponds." It should be mentioned, that in order to have me removed in this manner, they must present me with notice personally, subjecting themselves to the Statutes of the Administrative Tribunal, in accordance with what is provided for in Article 19 of the aforementioned Legal Body. This Constitutional Sentence was APPROVED by the Constitutional Tribunal by means of Sentence N° 1125/01-R, dated October 19, 2001 (See pgs 91 to 95). These documents merit credence as evidence for the express provisions of Article 1296 of the Civil Code.

However, having proceeded with serving notice through Ministry of External affairs and Worship by means of a Letters Rogatory with the constitutional rulings, presented to the Executive Secretary at FONPLATA, Mr. WALTER VILLALBA SALDIVAR (See pgs. 104 to 110) who replace Pedro Luiz Pinheiro Da Costa in the position, as well as the constant complaints (See pgs. 111 to 118) and the professional performance appraisal for 2000, 1998, 1997, and 1996, on the basis of which the GOVERNOR FOR BOLIVIA expressly instructed the extension of the last contract period (See pgs. 22). The FONPLATA Executive insists and persists in a beseeching manner to keep me outside the institution without any...

...just cause, infringing on the DUE PROCESS which by national provisions and International Agreements should be respected, violating my constitutional guarantees set forth in Articles 156 and 157 of the Social System in the Political Constitution of the State. Under no circumstances did they pay me in full my social benefits which ascend to the sum of US$ 285,777.51 (TWO HUNDRED EIGHTY FIVE THOUSAND SEVEN HUNDRED SEVENTY SEVEN 51/100 AMERICAN DOLLARS) as can be evidenced by the attached Severance Slip which expressly states, subject to review and approval by the Ministry of Labor and Social Security.

It being totally ostensible that the former and the current Executive Secretary at FONPLATA, denied compliance with the CONSITUTIONAL rulings, as well as have no knowledge of the reports made on my behalf by the GOVERNOR FOR BOLIVIA, Lic. Ronald Maclean Abaroa, in his capacity as Minister of Finance, before the Organization and other Governors, to unilaterally by means of Memo SE 250/2000 communicate the discontinuance of my labor relationship with the Organization (FONPLATA) without any defense, complying with FONPLATA's Administrative Tribunal Statutes, constituting this in a FORCEFUL REMOVAL, since in its Article 19 it sets forth that the Executive Secretary should provide for my personal notice, so as to, comply with what is set forth in the aforementioned Article 19, and I quote, "The recourse for appealing before the Tribunal shall be filed, without the penalty of lapsing, within thirty (30) days commencing with and following the PERSONAL NOTIFICATION of the APPEALING PARTY." In rejecting my petition the also don't want to pay me the social benefits which by law correspond to me, in spite of the existence of a CONSTITUTIONAL SENTENCE, it being therefore a totally unconstitutional and illegal decision, to the extent of committing a violation of...

... law of DISOBEDIENCE TO THE RESOLUTIONS IN AN HABEAS CORPUS PROCEEDING AND CONSTITUTIONAL DEFENSE as established in Article 179 Twice of the Penal Code, which in protecting my rights, I will apply whatever way deemed necessary.

For having failed to act on the obligation of the Constitutional Proceedings resolved by the Constitutional Tribunal, as well as the constant claims made not only through the Ministry of Foreign Affairs, but also directly through letters, and not obtaining a favorable response thereto, and with this petition holding to the provisions of Articles 117 to 120 of the Proceedings Code for Labor Matters, I am obliged to file suit for the Payment of Social Benefits for the sum of US$285,777.51 (TWO HUNDRED EIGHTY-FIVE THOUSAND SEVEN HUNDRED SEVENTY'SEVEN 51/00 AMERICAN DOLLARS) directing the legal action against the legal representative of the *Fondo Financiero para el Desarrollo de la Cuenca del Plata*, Mr. WALTER VILLALBA SALDIVAR, since the former [representative], Mr. Pedro Luiz Pinheiro Da Costa, was removed from his position, seeking protection in Articles 4, 6, 10, 12, 13, 44, 48, and 57 of the General Labor Law; and Articles 156 and 156 of the Political Constitution of the State; and Article FOURTEEN of the Master Agreement between the Government of the Republic of Bolivia and the *Fondo Financiero para el Desarrollo de la Cuenca del Plata FONPLATA*, petitioning that Your Honor admit the matter and impart the formalities of Law until the status of pronouncing sentence thereon, declaring PROVEN my claim, and accordingly order the payment and settling the manner I have presented within the term of the third day, plus court costs and expenses.

1ST ADDITIONAL PETITION. The *Fondo Financiero para el Desarrollo de la Cuenca del Plata*-FONPLATA and its legal representative, Mr. WALTER VILLALBA SALDIVAR, Executive Secretary for FONPLATA have their...

... legal domicile in the FONPLATA offices located at Av. Irala 573 [Santa Cruz, Bolivia].

2ND ADDITIONAL PETITION. Taking into consideration that the FONPLATA Executive Secretary, Mr. Walter Villalba Saldivar, is an employee that Bolivia had the courtesy to grant a Diplomatic rank, I request of Your Honor that the notice served to him be done via the Ministry of Foreign Affairs and it also be by Letters Rogatory, inserting the pertinent charges, especially the summons, with his legal domicile being Av. Irala N° 573.

3RD ADDITIONAL PETITION. Since the defending party is an International Body, I petition of Your Honor that intervention be through the Office of the Attorney General (Ministry of the Public) and the Ministry of Foreign Affairs.

4TH ADDITIONAL PETITION. I am attaching in the capacity as preconstituted documentary evidence the documentation on pgs 130.

5TH ADDITIONAL PETITION. I request that Your Honor order that the [original] Master Agreement between the Government of Bolivia and the *Fondo Financiero para el Desarrollo de la Cuenca del Plata* FONPLATA, be removed from the court records and held, and in its place should remain duly legalized photocopies thereof.

6TH ADDITIONAL PETITION. The professional fees be based on the contract signed by both parties.

7TH ADDITIONAL PETITION. Domicile: Av. Monsenor Rivero No. 245, Third Floor, of 3-4.

Justice, etc... - Santa Cruz[, Bolivia], October 9, 2002.

Illegible Signature – Oscar David Cortez Uzeda – Plaintiff.

Illegible Signature – Rodolfo Melgarejo del Castillo – Attorney.

%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%

SUPREME COURT'S ACKNOWLEDGEMENT OF RECEIPT ENTERED ON PAGE 125. Submitted at 11:40 on October 24, 2002...

... Be it hereby stated and recorded. Documents are attached on page 121.

Illegible signature. Katherine Vaca Frias. Assistant of the Social and Administrative Division. Santa Cruz – Bolivia.

Assignment of cases. Supreme Court of Justice, Social and Administrative Division. Assigned to the First Court on Labor and Social Security Matters.

Johnny Vaca Diez. V.D., Judge of the Court, Social and Administrative Division. Superior District Court.

Danny Camacho Pereyra. Court Clerk, Social and Administrative Division of the S.R. Superior District Court.

%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%

COURT'S ACKNOWLEDGEMENT OF RECEIPT ENTERED ON PAGE 125.

Received at 11:30 on October 25, 2002 and processed on the same day. Documents are attached on page 121. Be it hereby stated and recorded.

Illegible signature. Glessy Antelo Salas. Assistant of the First Court on Labor and Social Security Matters.

ADMISSION OF COMPLAINT ENTERED ON PAGE 126.

on October 29, 2002.

HAVING REVIEWED the documents attached to the complaint; and

CONSIDERING that the review of such documents and the complaint entered on pages 112 to 125 evidences that such document meet the requirements established in Section 117 of the Code of Labor Procedure,

THEREFORE, as regards the law, this complaint filed by OSCAR DAVID CORTEZ UZEDA against the FONDO FINANCIERO PARA EL DESARROLLO DE LA CUENCA DEL PLATA – FONPLATA, represented by its current Executive Secretary for Bolivia, Mr. Walter Villalba Saldivar, is admitted and Defendant is requested to answer, under the...

...penalties prescribed by the law.

First additional pleading: Consider the domicile of the Executive Secretary of FONPLATA, Walter Villalba Saldivar, stated at Ave. Irala No. 573.

Second additional pleading: Enforce Section 4 of Supreme Decree 08270 dated February 21, 1968, and summon Defendant through the General Foreign Office of the Republic by means of a Letter Rogatory, at the domicile referred to above, Ave. Irala No. 573.

Third additional pleading: Considering it is an International Agency, inform the General Foreign Office of the Republic and the Office of the Attorney General about such complaint.

Fourth additional pleading: It is acknowledged.

Fifth additional pleading: Through the Clerk, remove pages from the records, leaving authenticated copies in stead.

Seventh additional pleading: It is acknowledged.

Fourth additional pleading: Consider the domicile for service of process stated at Ave. Monseñor Rivero No. 245, in this city.

BE IT RECORDED AND NOTIFIED.

Illegible signature. Mr. Severo Hurtado Ribera. First Judge on Labor and Social Security Matters. Santa Cruz, Bolivia.

Before me. Illegible signature. Ma. Roxana Encinas Castedo. Clerk of the First Circuit Court on Labor and Social Security Matters in and for the Capital City.

Recorded in Book No. 02/02.

Illegible signature. Glessy Antelo Salas. Assistant of the First Circuit Court on Labor and Social Security Matters. Superior District Court. Santa Cruz, Bolivia.

NOTHING ELSE TO ADD WITH RESPECT TO THE RELEVANT PURPOSES.

Santa Cruz de la Sierra. October 31, 2002...

Law Firm
Melgarejo & Asociados

TO YOUR HONOR FIRST JUDGE ON LABOR AND SOCIAL SECURITY MATTERS.
Entry of appearance.
First additional pleading: The Letter Rogatory is returned.
Other additional pleadings.

RODOLFO MELGAREJO DEL CASTILLO and KARINA ARTEAGA ROJAS, in the labor proceedings filed against FONPLATA, before Your Honor, state the following:

By virtue of Certified Copy No. 1572/2002 of the special power of attorney duly granted before Notary Public of First Class No. 13, under the responsibility of Mr. David A. Paniagua Figueroa, we appear and hereby request that our capacity as a party to this case be acknowledged and that notice be served on us with respect to any further proceedings.

First additional pleading: Having served the Letter Rogatory issued under your authority, through the Foreign Office of the Republic, we return such instrument and request that it be entered into the records of the case.

Second additional pleading: Since the Defendant agency was summoned and failed to answer within the legal term (5 days pursuant to Section 124 of the C.P.T.), we hereby request Your Honor that Defendant be held in default in accordance with Section 141 of the abovementioned regulation.

Third additional pleading: Once Your Honor declares Defendant in default, we hereby request that the domicile for service of process of FONPLATA be established at the Clerk's Office, upon the compliance of any legal formalities.

Let justice be done.

Santa Cruz, January 7, 2003

[Illegible signature] [Seal: **Rodolfo Melgarejo del Castillo**. Attorney. Court register 473. Bar Association 327. License 6565. Income registration 7080001579-3]
And Attorney-in-Fact [illegible signature]

*Av. Monseñor Rivero 245. Edif. Monseñor Rivero Piso #3. Of. 3-A. Phone No. 369177 334701. Fax No. 339970. Santa Cruz. Bolivia.*

Received at 16:14 on January 07, 2003. Be it hereby stated and recorded. 8 pages attached.

[Seal: *Glessy Antelo Salas* – COURT ASSISTANT – FIRST CIRCUMSCRIPTION ON LABOR AND SOCIAL SECURITY MATTERS – SUPERIOR DISTRICT COURT – SANTA CRUZ – BOLIVIA]

## AFFIDAVIT OF TRANSLATOR

STATE OF NEW YORK        )
                                             ) ss.:
COUNTY OF NEW YORK  )

I, FERNANDO PLANCHART, being duly sworn, depose and state:

1. That I reside at 101 West 78th Street, New York, NY 10024;

2. That I am proficient in translation of the Spanish language into the English language; and

3. That I certify that, to the best of my knowledge, the attached translation is accurate.

FERNANDO PLANCHART

Sworn to before me this 9th day of August, 2007

NOTARY PUBLIC

KATERINA I. GRAJALES
Notary Public, State Of New York
No. 01GR5010801
Qualified in N.Y. County
Commission Expires 4/5/20 11

**REPUBLICA DE BOLIVIA**
MINISTERIO DE RELACIONES
EXTERIORES Y CULTO

*Manuel Cortéz Moscoso*
SECRETARIO - ABOGADO
JUZGADO 2do. DE TRABAJO Y S.S.
SANTA CRUZ - BOLIVIA

RECIBIDO
1 4 NOV. 2002
RECEPCION

MUY URGENTE

La Paz, 13 NOV. 2002
GM – DGAJ – 1314 /9862
CLASIFICACIÓN: ORDINARIA

Al señor:
Lic. Walter Villalba Saldivar
**SECRETARIO EJECUTIVO DE FONPLATA**
Av. Irala N° 573
Santa Cruz.-

Ref. Remisión de exhorto

Señor Secretario Ejecutivo:

Para su conocimiento y fines consiguientes, tengo a bien remitir en anexo, el exhorto suplicatorio librado por el Dr. Severo Hurtado Ribera, Juez Primero de Partido de Trabajo y Seguridad Social del Distrito Judicial de Santa Cruz, en la demanda laboral de cobro de beneficios sociales interpuesta por Oscar David Cortéz Uzeda contra el Secretario Ejecutivo de Fonplata.

Con este motivo, expreso a usted las seguridades de mi más distinguida consideración.

jcc/
Anexo: Lo citado

*Edgar Pinto Tapia*
DIRECTOR GENERAL DE ASUNTOS BILATERALES
Min. Relaciones Exteriores y Culto
POR INSTRUCCIONES
DEL SEÑOR VICE MINISTRO
DE POLITICA EXTERIOR

JUZGADO PRIMERO DEL TRABAJO Y SEGURIDAD SOCIAL

SANTA CRUZ – BOLIVIA

JUEZ: Dr. SEVERO HURTADO RIBERA

SECRETARIA: Dra. ROXANA ENCINAS CASTEDO

EXHORTO SUPLICATORIO

MANDADO A LIBRAR POR EL Dr. SEVERO HURTADO RIBERA, JUEZ PRIMERO DE PARTIDO DE TRABAJO Y SEGURIDAD SOCIAL DE LA CAPITAL, PIDIENDO A LA CANCILLERIA DE LA REPUBLICA DE BOLIVIA PARA QUE POR LA OFICINA CORRESPONDIENTE, PROCEDA A CITACION Y NOTIFICACION A WALTER VILLALBA SALDIVAR, EN SU CALIDAD DE SECRETARIO EJECUTIVO DE FONPLATA, CON LOS ACTUADOS QUE A CONTINUACION SE TRANSCRIBEN, QUE CONTIENE LA DEMANDA LABORAL DE COBRO DE BENEFICIOS SOCIALES INTERPUESTA POR OSCAR DAVID CORTEZ UZEDA CONTRA EL SECRETARIO EJECUTIVO DE FONPLATA, WALTER VILLALBA SALDIVAR, CUMPLIDO QUE SEA SE DEVUELVA EN ORIGINALES DEBIDAMENTE DILIGENCIADOS.-

&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&

DEMANDA CURSANTE A FS. 122 a 125.-

SEÑOR JUEZ DE TURNO DE TRABAJO Y SEGURIDAD SOCIAL

DEMANDA COBRO DE BENEFICIOS SOCIALES

OTROSIES.-

OSCAR DAVID CORTEZ UZEDA con C.I. Nº 2075 Cbba., mayor de edad, casado, domiciliado en calle Bolívar Nº 2075 de esta ciudad, ante Vs. Rs. respetuosamente digo:

Por el contrato de fecha 14 de Julio de 1.995, el Directorio Ejecutivo de FONPLATA por R.D. Nº 614/95 dispone mi contratación para desempeñar el cargo de TESORERO (Jefe de

Sector y en la Categoría Funcionario Internacional" (Fs. 2), fijando las disposiciones de "Política Internacional de la entidad los plazos de los contratos y periodos de prueba de los funcionarios internacionales que se designa en FONPLATA y que están sujetos a los siguientes términos (FS/41):

a) El periodo de prueba será de un año.
b) Cumplido el periodo de prueba se celebrará en su caso el contrato por un término de dos años.
c) Vencido el término de dos años, el contrato podrá ser prorrogado de común acuerdo entre FONPLATA y el funcionario por dos periodos de dos años cada uno.

En este sentido son 7 años de contrato, esto es, 1 año de prueba y 3 periodos de 2 años cada uno. Ahora bien, de acuerdo a las Cartas Prorrogas de Contratos de fechas 18 de Abril de 1.997 (Fs. 4 a 5) y 18 de Noviembre de 1.998 (Fs. 6 a 7) el Directorio Ejecutivo de FONPLATA dispuso la prorroga de mi contratación en el mismo cargo y bajo la misma categoría, esto es, por dos (2) periodos más, quedando pendiente un otro periodo de dos años de prorroga de Contrato.

Sin embargo, en la 98ª Reunión del Directorio Ejecutivo y en virtud de haber considerado supuestamente la Rotatividad de los cargos desde las Jefaturas de Areas y otros, entre ellos la Tesoreria en el punto 7.2.1.; el Directorio Ejecutivo ilegalmente decide NO prorrogar el plazo de mi contrato de trabajo (Vease fs. 17); fundamentando erróneamente su posición en una supuesta rotatividad de cargos, cuando condiciona textualmente "El inicio del proceso de convocatoria y selección para el cargo de Tesorero estará sujeto a las deliberaciones del Directorio Ejecutivo con relación a la rotatividad de los cargos", que fuera expresamente rechazada por el Ministro de Hacienda, Gobernador de Bolivia ante FONPLATA (máxima autoridad en el Organismo), que fijo su posición en comunicaciones (Vease fs. 18 a 23) a sus pares los Ministro-Gobernadores de Brasil,

Argentina, Uruguay y Paraguay, además instruyendo mediante NOTA
al Director por Bolivia expresamente dos puntos:

"PRIMERO.- La posición del País de NO aceptar la rotación de cargos, y

SEGUNDO.- Basado en la EXCELENTE evaluación contenida del compatriota Dr. Oscar D. Cortez Uzeda lo que da lugar a un pronunciamiento expreso de mantener en su cargo de Tesorero al Dr. Cortez.

Pese a la EXCELENTE evaluación de mi trabajo desempeñado en las gestiones 1996, 1998 y 2.000 efectuada por parte del Jefe de Area (Vease fs. 9 a 19) y la expresa posición nuestro País de mantenerme en el cargo, el Directorio Ejecutivo Itinerante NO permitió la finalización del último periodo del contrato por los dos últimos años, quebrantando así unilateralmente el mismo, mediante CITE SE-250/2000 (Vease fs. 71) sin absolutamente ninguna causa justificada de orden administrativo, Laboral, juridica o de cualquier índole, constituyendo consecuentemente ésto un **RETIRO FORZOSO**, violando los artículos 156 y 157 de la Constitución Política del Estado, artículo 2 de la Ley General del Trabajo; pese a que el Convenio de Sede entre la República de Bolivia y el Fondo Financiero para el Desarrollo de la Cuenca del Plata "FONPLATA" (Vease fs. 119 a 128) en su ARTICULO DECIMO CUARTO establece que en estos casos es de aplicación la Ley Boliviana, cuando textualmente dice:

"El régimen laboral y de beneficios sociales aplicable al personal del FONDO podrá ser establecido por el FONDO en el sentido de que sus disposiciones no sean menos ventajosas que las vigentes en Bolivia. En todo caso, el **personal administrativo contratado por el FONDO se encontrará amparado por las leyes sociales y laborales vigentes en la República de Bolivia**".

Ante este acto ilegal y arbitrario no tuve otra alternativa que interponer un recurso de Amparo Constitucional (Vease fs. 73 a 75), pidiendo se respeten las normas procesales, toda vez que con esa determinación inconstitucional

implícitamente se ha conculcado las garantías constitucionales previstas en el Régimen Social de la Constitución Política del Estado, concretamente, los artículos 156 y 157 que determinan "EL TRABAJO ES UN DEBER Y UN DERECHO, Y CONSTITUYE LA BASE DEL ORDEN SOCIAL y ECONOMICO", ADEMAS "GOZAN DE LA PROTECCION DEL ESTADO"; Recurso Constitucional que fue procesado y resuelto en primera instancia por la Sala Social y Administrativa de la Respetable Corte Superior del Distrito declarándolo PROCEDENTE (Vease fs. 79 a 80) y disponiendo "la nulidad de toda actuación de la autoridad recurrida, debiendo procederse en la forma que corresponde", vale decir, que para retirarme de esa forma necesariamente debían notificarme personalmente, sujetándose al Estatuto del Tribunal Administrativo, conforme lo dispone el artículo 19 del citado cuerpo legal. Esta Sentencia Constitucional fue APROBADA por el Tribunal Constitucional mediante Sentencia NO 1125/01-R de fecha 19 de Octubre del 2.001 (Vease fs. 91 a 96), documentos que merecen entera fe probatoria por expresa determinación del artículo 1.296 del Código Civil.

No obstante de haberse procedido a la notificación vía Cancillería mediante exhorto suplicatorio con los fallos Constitucionales, al Secretario Ejecutivo de FONPLATA, señor WALTER VILLALBA SALDIVAR (Vease fs. 104 a 110) que sustituyó en el cargo a Pedro Luiz Pinheiro Da Costa, así como a los continuos reclamo (Vease fs. 111 a 118) y la evaluación de desempeño profesional de los años 2000, 1998, 1997 y 1.996 en base a los cuales el GOBERNADOR POR BOLIVIA instruyó expresamente la prórroga por el último período del contrato (Vease fs. 22), el Ejecutivo de FONPLATA insiste y persiste en forma obsecada a mantenerme fuera de la institución sin ninguna



causa justificada, conculcándose el DEBIDO PROCESO, que por disposiciones nacionales y Convenios Internacionales debe respetarse, violentando mis garantías constitucionales previstas en los Arts. 156 y 157 del Régimen Social de la Constitución Política del Estado, por cuanto tampoco me canceló la totalidad mis beneficios sociales que alcanzan la suma de $us. 285.777,51 (DOSCIENTOS OCHENTA Y CINCO MIL SETECIENTOS SETENTA Y SIETE 51/100 DOLARES AMERICANOS), conforme se evidencia por el finiquito adjunto que expresamente dice sujeto a revisión y aprobado por el Ministerio del Trabajo y Seguridad Social. Siendo totalmente ostensible que el anterior y el actual Secretario Ejecutivo de FONPLATA se negaron a dar cumplimiento a los fallos CONSTITUCIONALES así como desconocer los informes realizados en mi favor, siendo el GOBERNADOR POR BOLIVIA, Lic. Ronald Maclean Abaroa, en su calidad de Ministro de Hacienda, ante el Organismo y ordena Gobernadores en forma unilateral mediante CITE:SE-250/2002, me comunican la cesación de mi relación laboral con el Organismo (FONPLATA), sin empero, cumplir con el Estatuto del Tribunal Administrativo de FONPLATA, CONSTITUYENDO ESTO UN RETIRO FORZOSO, toda vez que en su artículo 19 señala que la Secretaría Ejecutiva debió disponer mi notificación personal, para cumplir con el mencionado artículo 19 que textualmente dice: "Los recursos de apelación ante el Tribunal deberán interponerse so pena de caducidad, dentro de los 30 días corridos y siguientes a la NOTIFICACION PERSONAL AL RECURRENTE". Al rechazar mi petitorio curiosamente tampoco quieren cancelarme los beneficios sociales que por ley me corresponde, pese a la existencia de una SENTENCIA CONSTITUCIONAL, siendo por lo tanto esa determinación totalmente inconstitucional e ilegal, al extremo de cometer el delito de

DESOBEDIENCA A RESOLUCIONES EN PROCESO DE HABEAS CORPUS Y AMPARO CONSTITUCIONAL previsto en el artículo 179 Bis del Código Penal, que en resguardo de mis derechos haré valer por la vía que corresponde.-------------------------------------------------

Al haberse hecho caso omiso al Amparo Constitucional resuelto por el Tribunal Constitucional, así como a los constantes reclamos realizados tanto vía cancillería como directamente mediante cartas, al no obtener una respuesta favorable, guardando la presente demanda las previsiones de los artículos 117 a 120 del Código Procesal del Trabajo, me veo obligado a demandar el COBRO DE MIS BENEFICIOS SOCIALES en la suma de $us 285.777,51 (DOSCIENTOS OCHENTA Y CINCO MIL SETECIENTOS SETENTA Y SIETE 51/100 DOLARES AMERICANOS), dirigiendo la acción en contra del personero legal actual del Fondo Financiero para el Desarrollo de la Cuenca del Plata - FONPLATA, señor WALTER VILLALBA SALDIVAR, al haber sido removido de sus funciones el anterior, señor Pedro Luiz Pinheiro Da Costa, amparado en los artículos 4, 6, 10, 12, 13, 44, 48 y 57 de la Ley General del Trabajo, arts. 156 y 157 de la Constitución Política del Estado, artículo DECIMO CUARTO del Convenio de Sede entre el Gobierno de la República de Bolivia y el Fondo Financiero para el Desarrollo de la Cuenca del Plata "FONPLATA", pidiendo a su autoridad se sirva admitir la demanda e imprimirle el trámite de Ley hasta el estado de dictar Sentencia, declarando PROBADA mi demanda y en consecuencia ordenar su pago en la forma que tengo presentada la liquidación en el término de tercero día, más gastos y costas del juicio.

OTROSI 1o.- El Fondo Financiero para el Desarrollo de la Cuenca del Plata FONPLATA y su personero legal, señor WALTER VILLALBA SALDIVAR, Secretario Ejecutivo de FONPLATA, tiene su

domicilio en las Oficinas de FONPLATA ubicadas en la Av. Irala No. 573.-

OTROSI 2o.- Teniendo en consideración que el Secretario Ejecutivo de FONPLATA, señor Walter Villalba Saldivar, es un funcionario a quien Bolivia de cortesía dio rango de Diplomático, solicito a su autoridad que la notificación a su persona se la haga vía Cancillería y sea mediante exhorto suplicatorio, con inserción de los recaudos pertinentes, en especial de la cédula citatoria, siendo su domicilio en la Av. Irala No 573.-----

OTROSI 3o.- Tratándose que la institución demandada es un Organismo Internacional, pido a su autoridad se sirva dar intervención al Ministerio Público y Cancillería.-

OTROSI 4o.- Acompaño debidamente reconstituida la documentación en fs. 121

OTROSI 5o.- Solicito a su autoridad se sirva ordenar se proceda al desglose y entrega del Convenio de Sede entre el Gobierno de la República de Bolivia y el Fondo Financiero para el Desarrollo de la Cuenca del Plata "FONPLATA", debiendo quedar en su lugar fotocopias debidamente legalizadas.-

OTROSI 6o.- Los honorarios profesionales se rigen por iguala firmadas entre partes.

OTROSI 7o.- Domicilio: Av. Monseñor Rivero No. 245, Tercer Piso, of. 3-A.

Justicia, etc... Santa Cruz, 9 de octubre de 2002.-----

Fdo. ilegible.- Oscar David Cortez Ojeda, Demandante.-----

Fdo. ilegible.- Rodolfo Delgadillo del Castillo, Abogado.-----

CARGO DE LA CORTE DE FS. 125.-

Presentado a horas 11:40 del día veinticuatro de octubre del año

2.002.- conste.- Adj. doc. a Fs. 121.-

Fdo. Ilegible.- Katherine Vaca Frias.- Auxiliar de la Sala Social y Administrativa.- Santa Cruz - Bolivia.-

Sorteo de Causas.- Corte Superior de Justicia, Sala Social y Administrativa.- Sorteado al Juzgado 1º de Trabajo y S.S.-

Dr. Johnny Vaca Diez V.D.- Vocal de Corte, Sala Social y Administrativa.- Corte Superior de Distrito.-

Dra. Danny Camacho Pereyra.- Secretaria de Camara de la Sala Social y Administrativa de la S.R. la Corte Superior de Distrito.-

% % % % % % % % % % % % % % % % % % % % % % % % % % % % % % % %

CARGO DEL JUZGADO DE FS. 125.-

Recibido a horas once y treinta del dia veinticinco de octubre del año 2.002.- ingreso a despacho en el dia.- Adj. Doc. en fs. 121.- Conste.-

Fdo. Ilegible.- Glessy Antelo Salas.- Auxiliar del Juzgado Primero de Trabajo y Seguridad Social.-

% % % % % % % % % % % % % % % % % % % % % % % % % % % % % % %

AUTO DE ADMISION DE DEMANDA DE Fs. 126.-

á 29 de octubre del 2.002

VISTOS: La documentación acompañada a la demanda; y,

CONSIDERANDO: Que de la revisión de dicha documentación y la demanda de fs. 112 a 125, se evidencia que la misma cumple con los requisitos establecidos en el art. 117 del Código Procesal del Trabajo.-

POR TANTO: En lo pudiere haber lugar a derecho, se admite la presente demanda de OSCAR DAVID CORTEZ UZEDA contra EL FONDO FINANCIERO PARA EL DESARROLLO DE LA CUENCA DEL PLATA - FONPLATA, en la persona de su actual Secretario Ejecutivo para Bolivia señor Walter Villalba Saldivar, se sirva responder bajo los

139

apercibimientos de ley.-------------------------------------

Al Otrosi 1º.- Por señalado el domicilio del Secretario Ejecutivo de FONPLATA, Walter Villalba Saldivar, Av. Irala Nº 573.-------------------------------------

Otrosi 2º.- Dése cumplimiento al art. 4º del D.S. 08270 del 21 de febrero de 1.968 y cítese al demandado Vía Cancilleria General de la República y sea mediante Exhorto Suplicatorio, en el domicilio señalado la Av. Irala Nº 573.-------------

Otrosi 3º.- Tratándose de un Organismo Internacional, hágase conocer dicha demanda a la Cancilleria General de la República y Ministerio Público.-------------------------------------

Otrosi 4º.- Se tiene presente.-------------------------------------

Otrosi 5º.- Por secretaría desglósese, dejando fotocopias legalizadas en su lugar.-------------------------------------

Otrosi 7º.- Se tiene presente.-------------------------------------

Otrosi 8º.- Por señalado el domicilio procesal, av. Monseñor Rivero No. 215 de esta ciudad.-------------------------------------

REGISTRESE Y NOTIFIQUESE.

Fdo. Ilegible. Dr. Severo Hurtado Ribera. Juez Primero del Trabajo y Seguridad Social, Santa Cruz – Bolivia.---------

Ante Mi. Fdo. Ilegible. Ma. Roxana Encinas Castedo. Secretaria del Juzgado de Partido Primero del Trabajo y Seguridad Social de la Capital.

Reg. en el libro Nº 02/02.

Fdo. Ilegible.- Glessy Antelo Salas, Auxiliar 1º de Partido del Trabajo y Seguridad Social, Corte Superior del Distrito Santa Cruz – Bolivia.-------------------------------------

&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&

ES TODO CUANTO SE PUEDE SABER PARA LOS FINES CONSIGUIENTES.

Santa Cruz de la Sierra, 31 de Octubre de 2.002.



**Jurídico MELGAREJO & ASOCIADOS**

SEÑOR JUEZ PRIMERO DEL TRABAJO Y SEGURIDAD

Apersonamiento.-

OTROSI 1o.- Devuelve exhorto suplicatorio.-

OTROSIES.-

RODOLFO MELGAREJO DEL CASTILLO y KARINA ARTEAGA ROJAS en el proceso laboral seguido contra FONPLATA, ante Ud. respetuosamente decimos:

En mérito al Testimonio Nº 1572/2002 sobre poder especial y bastante otorgado ante Notario de Fe Pública de Primera Clase Nº 13 a cargo del Dr. David A. Paniagua Figueroa, nos permitimos apersonarnos, pidiendo se sirva tenernos como parte en el presente caso de autos y disponer se entiendan con nuestras personas ulteriores diligencias.

OTROSI 1o.- Habiendo sido diligenciada el Exhorto Suplicatorio librado por su autoridad, a través de la Cancillería de la República, nos permitimos devolver el mismo y pedimos se adjunte a obrados.

OTROSI 2o.- Toda vez que la institución demandada no obstante a su citación, no ha contestado dentro del plazo legal (5 días art. 124 C.P.T.), solicito a su autoridad se digne declararla rebelde y contumaz, sea conforme a lo previsto en el articulo 141 de la norma adjetiva laboral.

OTROSI 3o.- Una vez su autoridad declare rebelde y contumaz a la institución demandada, pido se tenga como domicilio procesal de FONPLATA la Secretaría del Juzgado, previa las formalidades de ley.-

Justicia, etc..

Santa Cruz, 7 de enero de 2003

y Apoderado

Rodolfo Melgarejo del Castillo
Av. Monseñor Rivero # 245 Edif. Monseñor Rivero Piso # 3 Of. 3-A Fonos: 369177 334701; Fax 339970 Santa Cruz - Bolivia
Reg. Corte 473 - Col. Abog. 327