RECIBIDO A Hrs. _16:14_ del día _07_
Mes _Enero_ de _2003_
CONSTE. _adj 8 fs_

Giessi Antelo Salas
AUXILIAR
1ro. DE PARTIDO DEL TRABAJO SEGURIDAD SOCIAL
CORTE SUPERIOR DEL DISTRITO
SANTA CRUZ - BOLIVIA

# MELGAREJO AFFIDAVIT – EXHIBIT D

[Seal: SECOND COURT ON LABOR AND SOCIAL SECURITY MATTERS]
[Seal: *Manuel Cortéz Moscoso* – CLERK – ATTORNEY – SECOND COURT ON LABOR AND SOCIAL SECURITY MATTERS – SANTA CRUZ – BOLIVIA]
[In handwriting: 197]

on March 15, 2003

HAVING REVIEWED: The complaint on pages 122 to 125, the remaining background of the proceedings and the preceding pleading; and

That on this complaint filed against FONPLATA, pursuant to the provisions of Section 4 of Supreme Decree 08270, dated February 21, 1968, a Letter Rogatory is issued through the Ministry of Foreign and Religious Affairs of the Republic of Bolivia, to inform FONPLATA about the contents of the complaint filed against it.

That said letter rogatory is not served, since FONPLATA, through a letter entered in the record on pages 114-115, returns it invoking its right to immunity agreed between BOLIVIA and FONPLATA by the Agreement Establishing the Headquarters of the Agency executed on August 30, 1977, ratified by the Republic through Supreme Decree 15134 dated November 24, 1977.

That by means of the ruling on page 156 and the Order on page 161, in compliance with Sections 72, 73 of the CODE OF LABOR PROCEDURE (*CÓDIGO PROCESAL DEL TRABAJO* - CPT), it is ordered that the Agency be served at its reported domicile and that the Office of the Attorney General be served through the District Attorney.

CONSIDERING: That FONPLATA, also in a letter dated January 3, 2003 to the Ministry of Foreign and Religious Affairs, has invoked its immunity pursuant to the Agreement Establishing the Headquarters [of FONPLATA] as well as the agreement on the immunities, exemptions and privileges of the countries belonging to the Río de la Plata Basin, specially of the Republic of Bolivia, ratified by Law 1587 dated August 12, 1994.

CONSIDERING: That it is true that the International Financial Agency to which the Republic of Bolivia is a party, enjoys the immunity and jurisdiction provided on such legal provisions; nevertheless, it is also true that section FOURTEEN of the AGREEMENT ESTABLISHING THE HEADQUARTERS, states, with respect to the labor and social security system, that administrative personnel hired by the FUND shall be protected by social security and labor laws in force in the Republic of Bolivia.

That in these labor proceedings, the provisions of Supreme Decree 8270 dated February 21, 1968 and of Sections 72, 73 of the CPT have been complied with in respect to the service of notices to Defendant through the General Foreign Office of the Republic, to the Office of the Attorney General and the defendant having been subpoenaed without answering within the period set forth by law.

CONSIDERING: That Plaintiff, in the pleadings on pages 152-154, 156, 159-160, 162 and in this pleading, requests that, in view of Defendant's default, these proceedings be commenced.

THEREFORE: Abiding by the aforementioned Agreement Establishing the Headquarters, except for Section 24 thereof, in accordance with Section 141 of the Code of Labor Procedure, the defendant agency FONPLATA being in default, these proceedings are hereby commenced and

the trial period shall be of 10 days for both parties to offer evidence, the items to be proved being the following:

1. Labor relation
2. Time of service
3. Kind of employment contract
4. Extension of employment right, as per relevant contract.
5. Social security rights and other items that may be relevant.

It is ordered that notice hereof be given to the parties as required by Section 141 of the CPT, and that domicile be established at the Court's premises for all future purposes.

IT IS ORDERED THAT THIS BE RECORDED AND THAT NOTICE HEREOF BE GIVEN.


[Illegible Signature]
[Seal: *Severo Hurtado Ribera* – FIRST JUDGE ON LABOR AND SOCIAL SECURITY MATTERS]
Before me
[Illegible Signature]
[Seal: *Ma. Roxana Encinas Castedo* – CLERK OF THE FIRST CIRCUMSCRIPTION COURT ON LABOR AND SOCIAL SECURITY MATTERS IN AND FOR THE CAPITAL CITY]
Recorded on Book No. 01/03.
[Illegible Signature]
[Seal: *Glessy Antelo Salas* – COURT ASSISTANT – FIRST CIRCUMSCRIPTION ON LABOR AND SOCIAL SECURITY MATTERS – SUPERIOR DISTRICT COURT – SANTA CRUZ – BOLIVIA]

# AFFIDAVIT OF TRANSLATOR

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

I, FERNANDO PLANCHART, being duly sworn, depose and state:

1. That I reside at 101 West 78th Street, New York, NY 10024;

2. That I am proficient in translation of the Spanish language into the English language; and

3. That I certify that, to the best of my knowledge, the attached translation is accurate.

                                                                FERNANDO PLANCHART

Sworn to before me this 9th day of August, 2007

NOTARY PUBLIC

KATERINA I. GRAJALES
Notary Public, State Of New York
No. 01GR5010801
Qualified in N.Y. County
Commission Expires 4/5/20 11

Manuel Cortez Moscoso
SECRETARIO - ABOGADO
JUZGADO 2do. DE TRABAJO Y S.S.
SANTA CRUZ - BOLIVIA

, á 15 de marzo del 2003

VISTOS: La demanda de fs. 122 a 125, los demás antecedentes del proceso, el memorial que antecede; y,

Que la presente demanda contra FONPLATA, dando cumplimiento a lo preceptuado en el Art. 4 del D.S. 08270 de 21 de febrero de 1.968, se libra Exhorto Suplicatorio a través del Ministerio de Relaciones Exteriores y Culto de la República de Bolivia, para que se le haga conocer lo que se tiene demandado en su contra.

Que dicho exhorto no es diligenciado por cuanto FONPLATA mediante carta cursante en fs. 114-115 de obrados, devuelve invocando su derecho a inmunidad que mediante Convenio Sede del Organismo, entre BOLIVIA Y FONPLATA suscriben en fecha 30 de agosto de 1.977, ratificado por la República, mediante el D.S. 15.134 de 24 de noviembre de 1.977.

Que mediante la providencia de fs. 156 y Auto de fs. 161 dando aplicación a los Arts. 72,73 del CÓDIGO PROCESAL DEL TRABAJO, se ordena citar directamente al Organismo demandado en su domicilio señalado y al Ministerio Público a través del Fiscal del Distrito.

CONSIDERANDO: Que FONPLATA, nuevamente en carta de fecha 3 de enero del 2003 al Ministerio de Relaciones Exteriores y Culto invoca su inmunidad de Convenio Sede y el acuerdo de inmunidades, excenciones y privilegios de los paises miembros de la Cuenca del Plata y en especial por la República de Bolivia, ratificado en la Ley 1.587 de 12 de agosto de 1.994.

CONSIDERANDO: Que es cierto que el Organismo Financiero Internacional del cual la República de Bolivia forma parte, goza de inmunidad y fueros acordados en las referidas disposiciones legales, mas también es cierto que en el articulo DECIMO CUARTO del CONVENIO SEDE en lo referente al régimen laboral y de beneficios sociales, señala que el personal administrativo contratado por el FONDO, se encontrará amparado por las leyes sociales y laborales vigentes en la República de Bolivia.

Que en la presente acción laboral, se ha dado cumplimiento a lo preceptuado en el D.S. 8270 de 21 de febrero de 1.968 y Arts. 72,73 del CPT; en cuanto al conocimiento del demandado a través de la Cancillería General de la República, al Ministerio Público y citación mediante cédula, sin que la parte demandada conteste dentro del plazo establecido por ley.

CONSIDERANDO: Que la parte demandante en memoriales de fs. 152-154, 156, 159-160, 162 y este último memorial, insiste que en rebeldía de la parte demandada se trabe la relación procesal.

**POR TANTO:** Respetando la inmunidad de Convenio Sede citado, con la excepción del Art. 24 del mismo, dando cumplimiento al Art. 141 del Código Procesal del Trabajo, en rebeldía del organismo demandado FONPLATA, se traba la relación procesal y se abre un término probatorio común a las partes de 10 días, para que ofrezcan sus pruebas, señalando como puntos de hecho a demostrar lo siguiente:

1. Relación laboral.
2. Tiempo de servicio.
3. Modalidad de contrato.
4. Derecho a prórroga funcionaria, según contrato.
5. Derechos sociales y otros conceptos que pudieran corresponder.

Notifíquese a las partes con el presente auto en la forma prescrita en el Art. 141 del citado CPT; disponiendo que en lo posterior se fijara domicilio en los Estrados Judiciales de este Juzgado.

REGÍSTRESE Y NOTIFÍQUESE.

Dr. Severo Hurtado Ribera
JUEZ PRIMERO DE TRABAJO Y S.S.
SANTA CRUZ - BOLIVIA

Ma. Roxana Encinas Castedo
SECRETARIA
DEL JUZGADO DE PARTIDO 1° DE
TRABAJO Y SEGURIDAD SOCIAL
DE LA CAPITAL

Reg. en el libro
N° 01/03

Glessi
AUXILIAR
DE PARTIDO DEL TRABAJO SEGURIDAD SOCIAL
CORTE SUPERIOR DEL DISTRITO
SANTA CRUZ - BOLIVIA

# MELGAREJO AFFIDAVIT – EXHIBIT E

| LERK<br>nd Court on Labor<br>Matters & Social<br>ecurity<br>anta Cruz, Bolivia | Tax Stamp:<br>Valued at Bs. 2 | Signature & Seal:<br>Dr. Manuel Cortéz Moscoso<br>CLERK-ATTORNEY-AL-LAW<br>2nd Trial Court on Labor Matters & Social<br>Security<br>Santa Cruz, Bolivia | Tax Stamp<br>Valued at Bs. 2<br>Overstamped with round stamp:<br>CLERK<br>2nd Trial Court on Labor Matters & Social<br>Security<br>Santa Cruz Bolivia |
|---|---|---|---|

**SENTENCE**

PRONOUNCED BY DR. NELLY ROSARIO SÁNCHEZ JUSIANIANO, JUDGE, SECOND TRIAL COURT ON LABOR MATTERS AND SOCIAL SECURITY, WITHIN THE SOCIAL PROCEEDINGS FOR PAYMENT OF SOCIAL BENEFITS PURSUED BY OSCAR DAVID CORTEZ UZEDA VERSUS THE *FONDO FINANCIERO PARA EL DESARROLLO DE LA CUENCA DEL PLATA* (FONPLATA) [FINANCIAL FUND FOR DEVELOPING THE FIVER PLATE BASIN]

**INASMUCH AS**: The File on the Matter and

**CONSIDERING**: That the citizen, OSCAR DAVID CORTEZ UZEDA, files the claim appearing in pgs. 122 to 125 for payment of social benefits versus Mr. WALTER VILLALBA SALDIVAR, the current legal representative of the FONDO FINANCIERO PARA EL DESARROLLO DE LA CUENCA DEL PLATA (**FONPLATA**) pleading that he was hired by the FONPLATA Executive Board of Directors as Head of Treasury by Means of Contract RD. N° 614/95 dated July 14, 1995, with the category of International Officer. In said contract were set forth the entity's provisions on International Policy, the probationary period and term of said contract, stating his duties with the contract and ONE YEAR probationary period. Having completed said period and fulfilling the demands of the Institution's policies for personnel, it was established that another contract would be signed for a term of two years. Having completed the term of said contract, it could be extended for TWO PERIODS OF TWO YEARS BY MUTUAL AGREEMENT between FONPLATA and the Employee. In spite of the precise instructions by the Governor in Bolivia for FONPLATA to maintain a Bolivian employee in the position of Treasurer due to his excellent performance appraisals during the financial years of 1996, 1998, and 2000 during the 98th meeting of the FONPLATA Board of Directors and upon... ...

... Supposedly contemplating the rotation of the positions of department heads it decided to NOT EXTEND the term of his contract, not allowing him to conclude the final period of TWO YEARS, informing him of this resolution by means of the Memorandum SE-250/2000, constituting a forceful removal violating our norms and Article Fourteen of the Master Agreement between the Republic of Bolivia and the *Fondo Financiero para el Desarrollo de la Cuenca del Plata* wherein it establishes the labor practices and the social benefits applicable to the [FONPLATA] personnel could be established in the sense that its provisions would not be less advantageous that those currently applicable in Bolivia. In every case, the administrative personnel hired by the Fund would be protected by the applicable social and labor laws in the Republic of Bolivia. [The Plaintiff] exhausted all the administrative jurisdictional levels, to the extent of even filing a Summary Proceeding Guaranteeing Constitutional Rights against FONPLATA for infringing his Constitutional Guarantees instructing said Tribunal to concede the missing administrative recourse, with FONPLATA not having proceeded to pay heed to what was ordered. Consequently, understanding that [he] had exhausted all the administrative pleadings provided for by the FONPLATA Rules, he had to initiate the labor proceedings to acknowledge his rights which ascent to the sum of US$ 285,777.5 according to the Severance approved by the ministry of Labor, which with the arguments of fact and of law, [he] petitions that his claim be declared proven with the corresponding effects.

That by means of the writ, dated October 29, 2002 appearing on pgs 126, the claim filed by Oscar David Cortez Uzeda is admitted, within the limits of law, elapsing the time for forwarding the pleadings to the defending party, ordering that the defending organization be served notice by means of the general Office of Foreign Affairs and Worship of the Republic and the intervention of the Ministry of the Public [Office of the Attorney General] with the latter being served notice as per the notice appearing on pgs. 155 of the written records and the defending party be means of a Letters Rogatory of Summons through the General Office of Foreign Affairs and Worship of the Republic as per the notice appearing on pgs. 133 and 134, and the...

...citation in accordance with Article 76 of the Proceedings Code for Labor Matters as per the notice appearing on pgs 159, all with the aim of ensuring that the defending party become aware of the claim filed and exercise its constitutional rights in its defense, fulfilling the object of the notice for record of the official written communication from pgs. 144 to 145 and from pgs. 165 to 166 by which the defendant return the Letters Rogatory invoking immunity in which it is invested by virtue of the Master Agreement signed between FONPLATA and the Republic of Bolivia.

That since FONPLATA did not appear to assume its defense within the term granted by Law, by means of the writ dated March 15, 2003 appearing on pgs. 197 and rear, in applying what is set forth in Article 141 for the Proceedings Code for Labor Matters, the defending organization was declared in contempt of court, and the procedural relationship between the litigants was initiated, subjecting the lawsuit to trial in the term of ten (10) days common to the parties, setting forth the as points of fact to be proven, the labor relationship, the duration of services rendered, the modality of the contract, the rights of extension as per the contract, the social rights, and other concepts corresponding thereto, the writ by which the parties were served notice for the record appearing on pgs. 198 of the written records.

**CONSIDERING**: that having transpired the term of proof, the acting party offered and produced the following evidence:

Of the Charge: the written records on pgs. 1 to 121 and pgs. 199 to 239.

Of the witnesses on pgs. 247 to 248 and rear

**CONSIDERING**: that after reviewing the antecedents, as well as the analysis and requirements of the evidence provided in the proceedings, and with the criteria established in Article 158 of the Proceedings Code for Labor Matters, for the facts and circumstances, the following conclusions have been reached:

Proven facts:...

...1. That, indeed a labor relationship existed between Oscar David Cortez Uzeda and the Fondo de Desarrollo Financiero de la Cuenca del Plata – FONPLATA, from 15/07[**JUL 15**]/1995 to July 15, 2000, designated by the FONPLATA Executive Board of Directors by means of Resolution No 614/95 and contract letter ADM/COM-007/95 on pgs. 2 to 3 as INTERNATIONAL OFFICER in the position of Head of Treasury, communicating to [the plaintiff] that he was hired for the term of one year as per the provisions of the FONPLATA Staffing Policy, specifying the duties he would undertake, the place of work, his monthly remuneration, and the Social Benefits he would receive, namely, health insurance, accident insurance, family allowance, savings fund, set up expenses and return, as well as other compensations in accordance with that was provided for in the Staffing Policy.

2. That, once he had completed the probation period, his contract would be EXTENDED FOR TWO YEARS, as per memo ADM/COM-007/95 from April 18, 1997 with the same conditions of the first contract with the variation that once the two-year term had expired, the contract could be extended by mutual agreement FOR TWO **CONSECUTIVE** PERIODS OF two years (pgs. 4).

3. The employment agreement was extended once again for TWO YEARS until July 2000 by means of memo ADM/COM-008/98 with the same conditions as the former, an improved salary, and varying paragraphs f) and g) (pgs. 6 &7), adding that once a new staffing policy came into force, the contract would be rescinded, having to sign a new contract for the time remaining to complete seven years, which is the maximum contractual term, and should be FONPLATA's activities cease, the contractual period would expire with full rights.

4. That the contract was not extended for the law two-year period according to memo SE-250/2000 dated July 14, 2000, with [the plaintiff] completing FIVE YEARS of service.

5. The modality of the employment contract was a FIXED TERM CONTRACT whose total limit of tenure ascends to the term of 7 years, according to the FONPLATA Staffing Policy, a photocopy of which appears on pgs 1, wherein the conditions are established: the DURATION OF THE CONTRACT AND THE PROBATIONARY PERIOD are as following: "a) the probationary period shall be for one year. b) Once the probationary period has been completed, a contract, which in your case, shall be for a term of two years. c) Once the two-year term has expired, the contract could be extended by mutual agreement between FONPLATA and the employee for two periods of two years each.

6. That the plaintiff exhausted the administrative please with the organization to which he was rendering services pursuing a review of the measures, event to the point of filing an Appeal Pleading Constitutional Rights so as to exhaust that route, without any favorable results.

7. With regards to the Right to Extend Employment, it can be established that the aforementioned Staffing Policy and contract letters signed by the parties, principally that contract could be extended by mutual agreement between FONPLATA and the employee, for TWO CONSECUTIVE PERIODS of two years. The extension was granted for the first period (pgs. 6 to 7) but for the second period, hence the motive for the litigation.

8. That, in Article 14, of the Master Agreement, regarding Immunities, Privileges and Exemptions, signed by the Government of Bolivia and FONPLATA, and ratified by Supreme Decree DS N° 15,134, dated November 24, 1977, appearing on pgs. (184 and 185) which stipulates, "The labor practices and social benefits applicable to [FONPLATA] personnel, could be established by FONPLATA in the sense that their provisions should not be less advantageous than those in effect in Bolivia…" With the plaintiff being able to find protection in the social labor laws of Bolivia. Consequently, we conclude that no member of the FONPLATA staff, whatever his/her…

...category or level, would be submitted to labor practices and social benefits less advantageous than those in the Republic of Bolivia."

9. That, the employment contract, as per the provisions of Article 6 of the General Labor Law, CONSTITUTES THAT LAW [GOVERNING] THE PARTIES, provided that it be legally constituted, since what gave rise to the labor relationship was the Contract Letter in which they submit themselves to the Staffing Policy established by FONPLATA, and which not being disadvantageous for the employee corresponds to its application as per the provisions of Article 3, para. g), j) and Article 9 of the Proceedings Code for Labor Matters, Article 24, 116-III=VI, 162 of the Political Constitution of the State (CPE), which because its force was not lessened by the employer as per the provisions of Articles 66 and 150 of the Proceedings Code for Labor Matters and confirmed by the Severance subject to review appearing on pgs. 224, prepared by the employer for having interrupted the fulfillment of the contract for a cause attributable to the employer, it is fitting that [the plaintiff] receive the benefits established in the FONPLATA Staffing Policy described in the contract letter on pgs. 2 to 3, as well as the extensions of the Contract Letter appearing on pgs. to 5 and on pgs. 6 to 7.

**THEREFORE**: The undersigned Judge for the 2nd Trial Court on Labor Matters and Social Security, without entering into any other considerations of a legal order, administering justice on behalf of the nation and by virtue of the jurisdictions of a legal order, administering justice on behalf of the nation and by virtue of the jurisdiction and competence she exercises by law, with the foundations expressed in the foregoing conclusions in accordance with the Opinion of the Prosecution appearing in the written records on pgs 294 to 295, ISSUES SENTENCE declaring PROVEN the claim filed by Oscar David Cortez Uzeda appearing on pgs. 122 to 125 **with costs**, for having proven the labor relationship between the parties, the time of services rendered at 5 years, the fixed term contract as per modality of the FONPLATA Staffing Policy, for being applicable to be constituted law for the parties and for being advantageous to the employee with regards to...

...Bolivian Law, for having demonstrated the right for extending the second period for two consecutive years, and by merit of which, as per the provisions of Articles 162 of the [Political Constitution of the State], Article 4 of the General Labor Law, and Article 202 of the Proceedings Code for Labor Matters, I hereby ORDER that the *Fondo Financiero para el Desarrollo de la Cuenca del Plata*, FONPLATA, represented by Mr. Walter Villalba Saldivar, pay on the third day in favor of the employee the amount equivalent to his Rights:

| | |
|---|---:|
| ACCRUED SALARIES | US$ 140,688.00 |
| RETURN OF CONTRIBUTIONS MADE TO THE SAVINGS FUND | US$ 166,685.85 |
| UN-USED ANNUAL LEAVE | US$ 23,736.76 |
| EDUCATIONAL ALLOWANCE | US$ 12,250.00 |
| HEALTH INSURANCE | US$ 9,000.00 |
| RETURN EXPENSES | US$ 2,000.00 |
| SEVERANCE | US$ 41,034.00 |
| **TOTAL** | **US$ 395,394.61** |
| Less the loan payment in the Savings Fund | US$ 55,371.01 |
| Received on account | US$ 59.408.98 |
| GRAND TOTAL | US$ 280,614.62 |

That is **TWO HUNDRED EITHY THOUSAND SIX HUNDRED FOURTEEN 62/100 AMERICAN DOLLARS**

This Sentence shall be recorded where necessary, is pronounced, sealed, and signed in this city of Santa Cruz de la Sierra [Bolivia] on this sixteenth day of August year Two Thousand Three.

RECORD AND FILE

> This area bears one
> (1)Tax Stamp:
> Valued at Bs. 2

This photocopy bears on Tax Stamp
Valued as Bs. 2
Overstamped with a round stamp:
CLERK
2nd Trial Court on Labor Matters &
Social Security
Santa Cruz, Bolivia

This area bears the signature & seal
belonging to: Dr. Manuel Cortéz Moscoso
CLERK-ATTORNEY-AT-LAW
2nd Trial Court on Labor Matters &
Social Security
Santa Cruz, Bolivia

## As at May 24, 2006

**INASMUCH AS:** the foregoing legal brief presented by RODOLFO MELGAREJO DEL CASTILLO, as the Legal Representative for OSCAR DAVID CORTEZ UZEDA, in which he requests that the professional fees be calculated within the Labor Proceedings for Payment of Social Benefits pursued versus FONPLATA-

**CONSIDERING:** That, given the current status of the lawsuit, which concluded with a Fully Executed Sentence whereby the payment of the Social Benefits to the former employee was ordered in the sum of US$ 280,614.62, an amount on which there are provision to pay 10% of the whole as Professiona,k Fees for the effect of the quantity, plus 25% for acting as the legal representative, plus Bs. 2000 for social purpuses set by the current Fee Schedule of the College of Attorneys-at-Law [Bas Association]

**THEREFORE:** The undersigned Judge, making use of the faculties conferred by law in applying what is provided for as the Minimum Fee Schedule of the College of Attorneys-at-Law, and without entering into further considerations, Resolves:

**CALCULATION OF THE PROFESSIONAL FEES** as per the following schedule:

| | |
|---|---|
| 10% of the sentence, US$28,061.46 | US$28,061.46 |
| 25% of the US$28,061.46 as Legal Representative | US$ 7,015.36 |
| TOTAL | US$35,076.82 |
| Plus the Minimum Fee Schedule of the College of Attorneys-at-Law | Bs2,000.00 |

That is: **THIRTY FIVE THOUSAND SEVENTY-SIX 82/100 AMERICAN DOLLARS** plus **TWO THOUSAND 00/100 BOLIVIANOS**, with which the defending institution is admonished to comply with the payment of said amount, and it shall be a term of three days commencing with the legal notification thereof, under the provisions of law to in the case of default.

**REGISTER AND SERVE NOTICE**

| *(Illegibe signature)* | *(illegible signature)* | *(illegible signature)* |
|---|---|---|
| Kristy Rastan Romero | Dr. Nelly Sánchez Justiniano | Dr. Manuel Cortéz Moscoso |
| AID | JUDGE | CLERK-ATTORNEY-AT-LAW |
| 2nd Trial Court on Labor Matters & Social Security | 2nd Trial Court on Labor Matters & Social Security | 2nd Trial Court on Labor Matters & Social Security |
| Santa Cruz Boliva | Santa Cruz Bolivia | Santa Cruz, Bolivia |

## AFFIDAVIT OF TRANSLATOR

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

I, FERNANDO PLANCHART, being duly sworn, depose and state:

1. That I reside at 101 West 78th Street, New York, NY 10024;

2. That I am proficient in translation of the Spanish language into the English language; and

3. That I certify that, to the best of my knowledge, the attached translation is accurate.

*[signature]*

FERNANDO PLANCHART

Sworn to before me this 9th day of August, 2007

*[signature]*

NOTARY PUBLIC

KATERINA I. GRAJALES
Notary Public, State Of New York
No. 01GR5010801
Qualified in N.Y. County
Commission Expires 4/5/20 11



**SENTENCIA** DICTADA POR LA DRA. NELLY ROSARIO SANCHEZ JUSTINIANO, JUEZ SEGUNDO DE PARTIDO DEL TRABAJO Y SEGURIDAD SOCIAL, DENTRO DEL PROCESO SOCIAL POR COBRO DE BENEFICIOS SOCIALES SEGUIDO POR OSCAR DAVID CORTEZ UZEDA CONTRA EL FONDO FINANCIERO PARA EL DESARROLLO DE LA CUENCA DEL PLATA FONPLATA.-

**VISTOS:** El Expediente de la materia, y;

**CONSIDERANDO:** Que, el ciudadano OSCAR DAVID CORTEZ UZEDA interpone demanda cursante de fs. 122 a 125 por cobro de beneficios sociales contra el señor WALTER VILLALBA SALDIVAR personero legal actual del FONDO FINANCIERO PARA EL DESARROLLO DE LA CUENCA DEL PLATA FONPLATA argumentando que fue contratado por el Directorio Ejecutivo de FONPLATA como Jefe de Tesorería mediante contrato R.D. No.614/95 de fecha 14 de julio de 1.995 con la categoría de Funcionario Internacional, contrato en el cual se fijaban las disposiciones de Política Internacional de la entidad, el periodo de prueba y plazo del contrato, iniciando sus funciones con un contrato de UN AÑO como periodo de prueba, cumplido dicho periodo y de cumplir con las exigencias de la política del personal de la Institución se establece que se celebraría otro contrato por el término de dos años, una vez vencido el término dicho contrato podrá ser prorrogado por DOS PERIODOS DE DOS AÑOS DE COMUN ACUERDO entre FONPLATA y el Funcionario. A pesar de las instrucciones precisas del Gobernador por Bolivia en FONPLATA para mantener en el cargo de tesorero al funcionario boliviano por las evaluaciones excelentes de su trabajo de las gestiones 1996, 1998 y 2000 en la 98ª reunión del Directorio Ejecutivo de FONPLATA al

considerar supuestamente la rotatividad de los cargos de las jefaturas de áreas decide NO PRORROGAR el plazo de su contrato, no permitiendo la finalización del último periodo de DOS AÑOS haciéndole conocer dicha resolución mediante cite SE-250/2000, constituyéndose en un retiro forzoso violentando nuestras normas y el propio artículo décimo cuarto del convenio sede entre la República de Bolivia y el Fondo Financiero para el Desarrollo de la Cuenca del Plata que establece que el régimen laboral y de beneficios sociales aplicable al personal del Fondo podrá ser establecido en el sentido de que sus disposiciones no serán menos ventajosas que las vigentes en Bolivia; en todo caso el personal administrativo contratado por el Fondo se encontrará amparado por las Leyes sociales y laborales vigentes en la República de Bolivia. Agotó todas las instancias administrativas llegando incluso a plantear un Amparo Constitucional contra FONPLATA por conculcar sus garantías Constitucionales ordenando dicho Tribunal que le concedan los recursos administrativos faltantes, no habiendo FONPLATA procedido a dar curso a lo ordenado, por lo que se entienden agotadas las instancias administrativas previstas en la Normativa de FONPLATA por lo que tuvo que iniciar el proceso laboral para el reconocimiento de sus derechos que ascienden a la suma de $us. 285.777,51 de acuerdo al Finiquito aprobado por el Ministerio del Trabajo, por lo que con los argumentos de hecho y de derecho pide se declare probada su demanda con los efectos correspondientes.

Que, mediante auto de fecha 29 de octubre del año 2002 saliente a fs. 126 se Admite la demanda presentada por Oscar David Cortez Uzeda, en cuanto hubiere lugar en derecho, corriéndose traslado a la parte demandada, ordenándose la notificación al organismo demandado por intermedio de la Cancillería General de la República y la intervención del Ministerio Público, siendo notificado el Ministerio Público según diligencia cursante a fs. 155 de obrados y la parte demandante mediante exhorto suplicatorio vía Cancillería de la República según oficio cursante en fs. 133 y 134 . y



mediante cédula conforme lo dispone el artículo 76 del Código Procesal del Trabajo mediante diligencia saliente a fs. 158 todo con la finalidad de asegurarse que la parte demandada tome conocimiento de la demanda interpuesta y pueda ejercer su derecho constitucional a la defensa, cumpliendo con el objetivo de la notificación tal cual consta por el oficio de fs. 144 a 145 y de fs. 165 a 166 por el que el demandado devuelve el exhorto suplicatorio invocando la inmunidad de la que está investida en virtud del convenio sede suscrito entre FONPLATA y la República de Bolivia.

Que, al no comparecer FONPLATA a asumir defensa dentro del plazo otorgado por la Ley mediante auto de fecha 15 de marzo del año 2003 cursante a fs. 197 y vta., en aplicación a lo dispuesto artículo 141 del Código Procesal del Trabajo, se declara la REBELDIA del organismo demandado y se traba la relación procesal, sujetándose la causa a prueba a prueba por el término de 10 días comunes a las partes; señalándose como puntos de hecho a probar la relación laboral, tiempo de servicios, modalidad de contrato, derecho a prórroga funcionaria según contrato, derechos sociales y otros conceptos que pudieran corresponder, auto con el que fueron notificadas las partes, tal consta a fs. 198 de obrados.

CONSIDERANDO: Que, en el transcurso del término de prueba, la parte actora ofreció y produjo las siguientes Probanzas:

De Cargo:    La literal de fs. 01 a 121; fs. 199 a 239.

La testifical de fs. 247 a 248 y vta.

CONSIDERANDO: Que, de la revisión de los antecedentes, así como el análisis y compulsa de las pruebas aportadas el proceso, y con el criterio establecido en el art. 158 del Código Procesal del Trabajo, por los hechos y circunstancias, se llega a las siguientes conclusiones:

Hechos Probados: