SCANNED

Eric Lindquist (EL 4305)
V. David Rivkin (VR 6734)
FOX HORAN & CAMERINI LLP
825 Third Avenue
New York, New York 10022
(212) 480-4800

Attorneys for Plaintiff
Oscar David Cortez Uzeda

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
OSCAR DAVID CORTEZ UZEDA,           :
                                     :
                    Plaintiff,       :
                                     :
        V.                           :      **COMPLAINT**
                                     :
                                     :      Case No. 07 Civ. 7965
FONDO FINANCIERO PARA EL DESAROLLO   :
DE LA CUENCA DEL PLATA               :      (NRB) (AJP)
A/K/A FONPLATA,                      :
                                     :
                    Defendant.       :
                                     :
------------------------------------------------------------x

Plaintiff, Dr. Oscar David Cortez Uzeda ("Dr. Cortez"), by his undersigned attorneys, alleges upon actual knowledge as to himself and his actions, and otherwise upon information and belief, as follows:

**NATURE OF ACTION**

1.      This action is brought by Dr. Cortez to recognize and enforce a money judgment rendered against defendant Fondo Financiery Para el Desarollo de la Cuenca del Plata ("FONPLATA") in the Republic of Bolivia, representing sums due Dr. Cortez by order of the

Second Trial Court on Labor Matters and Social Security in Santa Cruz de la Sierra, Bolivia.

2.      2.      A cause of action to enforce the Bolivian judgment pursuant to Article 53 of the New York Civil Practice Law and Rules for recognition of a foreign country money judgments exists in favor of the plaintiff and against the defendant in the amount of $ 315,959.04 plus interest thereon calculated at the rate of nine percent (9%) per annum, from May 2, 2007, upon the ground that this action is based on final, conclusive and enforceable judgment against the defendant FONPLATA in the Republic of Bolivia and that there is no defense thereto.

## PROCEDURAL and JURISDICTIONAL FACTS

3.      On or about August 10, 2007, Dr. Cortez filed a pre-summons *ex parte* application seeking an Order of Attachment in the Supreme Court of the State of New York, County of New York. Dr. Cortez's application was assigned Index No. 07/110974.

4.      On or about August 20, 2007, the State Court granted an Order of Attachment against the property of the FONPLATA.

5.      On or about August 23, the Sheriff of New York County duly levied upon the accounts of FONPLATA at a bank in New York.

6.      On or about September 4, 2007, Dr. Cortez filed a motion, by order to show cause, seeking to confirm the order of attachment in the State Court. The State Court set a hearing to confirm the order of attachment for September 13, 2007.

7.      Prior the scheduled hearing, on September 11, 2007, defendant filed a Notice of Removal with the United States District Court for the Southern District of New York, thereby removing the action to this Court, and staying the State Court proceedings before a hearing confirming the attachment had taken place.

8. Prior to the removal of this case from State Court, Dr. Cortez had not interposed a pleading of any kind on his underlying cause of action to enforce the foreign money judgment.

9. Dr. Cortez now interposes this Complaint as required by this Court's procedure, and with the consent of FONPLATA.

## THE PARTIES

FONPLATA

10. Defendant FONPLATA is a development fund created for the purpose of promoting development of the Plata Basin. Defendant FONPLATA grants loans, bonds, and guarantees to private entities at the request of the member countries in order to finance development projects in the Plata Basin.

11. At all times relevant to this action, FONPLATA maintained its administrative headquarters in Bolivia and according to the convention that created FONPLATA, FONPLATA's administrative employees may avail themselves of all existing labor and social laws in the Republic of Bolivia.

The Plaintiff

12. The plaintiff, Dr. Oscar David Cortez Uzeda, is a citizen of Bolivia and resides at Jorori Street No. 2075 Santa Cruz – Bolivia.

Facts

13. On 14 July 1995, Dr. Cortez and FONPLATA entered into an employment contract pursuant to which FONPLATA hired Dr. Cortez as its Treasurer at FONPLATA's administrative headquarters in Bolivia. According to the terms of the employment contract, Dr.

Cortez was to serve as treasurer – an administrative position – through July 2002.

14.     Between July 1995 and July 2000, Dr. Cortez received positive evaluations from FONPLATA. For instance, in a April 27, 2000 memorandum, Vicente de Paulo Pereira de Carvalho, FONPLATA's President of Finance and Administration, complimented Dr. Cortez's experience, diligence, ability to work well under pressure, initiative, discipline and results.

15.     After being renewed on April 18, 1997 and November 18, 1999, the employment contract was to expire in July 2002. However, in July 2000, FONPLATA fired Dr. Cortez without cause and in breach of the July 1995 employment contract.

16.     On October 24, 2002, Dr. Cortez filed a claim against defendant in the Second Trial Court on Labor Matters and Social Security in Santa Cruz de la Sierra, Bolivia (the "Trial Court") for breach of contract (the "Claim").

17.     On November 13, 2002, Dr. Cortez duly notified FONPLATA of his Claim pursuant to a *Remisión de Exhorto* (a "Summons and Complaint") sent to defendant FONPLATA's Executive Secretary, Walter Villalba Saldivar, in the city of Santa Cruz, Bolivia, by the *Ministerio de Relaciones Exteriores y Culto* (the "Bolivian Ministry of Exterior Relations and Culture"), in accordance with Bolivian law.

18.     Despite having been properly notified of such proceeding, FONPLATA did not appear in the Trial Courts proceedings and on March 15, 2003, the Trial Court found FONPLATA in contempt.

19.     On August 16, 2003, the Trial Court found that plaintiff had proved his *prima facie* case against FONPLATA and that FONPLATA had been duly notified of the

4

proceeding. Accordingly, the Trial Court entered a default judgment (the "Judgment") against FONPLATA and awarded Dr. Cortez damages and attorney's fees in the total amount of $280,614.62.

20.     Subsequently, on May 2, 2007, the Clerk of the Trial Court certified that as of May, 2, 2007, the Judgment against FONPLATA totaled $315,691.44 plus Bs. 2,000 (the equivalent of $253.63 as of July 2, 2007), a fee to be paid by defendant to the Bolivian College of Attorneys Bar Association.

21.     Pursuant to Bolivian law, the Judgment is final, conclusive, and enforceable in Bolivia.

22.     FONPLATA has not made any payments in satisfaction of the Judgment against it.

## FIRST CAUSE OF ACTION
### (Enforcement of Foreign Money Judgment Pursuant to Article 53 of the New York CPLR)

23.     Dr. Cortez has a cause of action to enforce a foreign country money judgment.

24.     On August 16, 2003, Dr. Cortez was awarded a judgment against defendant, which now amounts to $315,691.44 plus interest, based on a claim of breach of contract that plaintiff brought before the Trail Court.

25.     The Trial Court had jurisdiction over FONPLATA pursuant to Article 14 "Convenio de Sede" Headquarters Agreement and had subject matter jurisdiction over the underlying claim pursuant to Bolivian law and Article 13 et seq.

5

26.     FONPLATA received proper notice of the proceedings against it in Bolivia. Nonetheless, defendant chose not to contest the proceeding, compelling the Trial Court to enter a default judgment against defendant.

27.     The judgment against FONPLATA, which to date has remained unsatisfied, is final, conclusive and enforceable in Bolivia. Moreover, no appeal is pending, and FONPLATA is no longer entitled to appeal such judgment.

28.     The Bolivian court system in which the Judgment was rendered provides impartial tribunals and procedures compatible with due process of law in the United States.

**WHEREFORE**, Plaintiff Dr. Cortez demands that judgment be entered in its favor and against FONPLATA enforcing the Bolivian money judgment against him in the amount of $315,691.44, plus statutory interest, plus the costs incurred by Dr. Cortez in connection with this action, including reasonable attorneys' fees, and for such other and further relief as this Court deems just and equitable.

Dated: October 12, 2007
   New York, New York

FOX HORAN & CAMERINI LLP

By: _____
   Eric Lindquist
   V. David Rivkin
   825 Third Avenue
   New York, New York, 10022
   (212) 480-4800
   Attorneys for Plaintiff Dr. Cortez

6